STEVEN G. KALAR
Federal Public Defender
BRANDON M. LEBLANC
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Luke Brugnara

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LUKE BRUGNARA, )<br>)<br>Defendant. )<br>_____ ) | CASE NO. CR 14-306 VC<br>CASE NO. CR 08-222 WHA<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR CLARIFICATION AND VACATE PRELIMINARY HEARING** |

## INTRODUCTION

Defendant Luke Brugnara, by and through his counsel, Brandon LeBlanc, and the Office of the Federal Public Defender, submits this brief in response to the Government's motion to clarify detention order and vacate preliminary hearing. *See* Docket Entry No. 262.

## ORDERS OF DETENTION

On May 28, 2014, Mr. Brugnara was arrested in San Francisco, California in relation to a criminal complaint charging him with mail fraud, in violation of 18 U.S.C. § 1341. *See* CR 14-306, Docket Entry No. 11. Mr. Brugnara made his initial appearance before Magistrate Judge Jacqueline S. Corley on the same day. *See* CR 14-306, Docket Entry No. 5. A detention hearing was set for two days later, to be held on May 30, 2014. *Id.*

//

1    On the following day, May 29, 2014, the United States Probation Office, in light of the newly-filed mail fraud charge, filed a Form 12 charging Mr. Brugnara with violating his supervised release conditions in CR 08-222 WHA. *See* CR 08-222, Docket Entry No. 247.

    A detention hearing was held on May 30, 2014 and Judge Corley ordered Mr. Brugnara detained. *See* CR 08-222, Docket Entry No. 248. To that end, Judge Corley issued a written order detailing her detention order. CR 08-222, Docket Entry No. 250. In that order, Judge Corley explained that – as a defendant on supervised release who was charged by complaint with a new law violation in then matter MJ 14-70731 – Mr. Brugnara was ordered detained because he had failed to satisfy his burden of proving beyond clear and convincing evidence that he was neither a risk of flight nor a danger to the community. *Id.* Judge Corley's detention order did not explicitly address whether Mr. Brugnara was *also* being (or would have also been on the government's motion) ordered detained in MJ 14-70731 on either (or both) ground(s). *Id.*

    On June 5, 2014, a grand jury returned an indictment charging him with mail fraud in CR 14-306. *See* CR 14-306, Docket Entry No. 9. On or about that same day, Mr. Brugnara requested that the detention proceedings be reopened due to changed circumstances (namely, that two sureties, his mother and wife, had come forward after the May 30, 2014 detention hearing). A bail review hearing was set before the Magistrate Judge Nathanael M. Cousins and held on June 11, 2014. *See* CR 14-306, Docket Entry No. 10. At the conclusion of that hearing, Judge Cousins came to the identical conclusion as Judge Corley – that in light of the new indictment and notwithstanding that Mr. Brugnara proposed two newly-identified potential sureties – Mr. Brugnara had again "not met his burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community." *Id.*, Docket Entry No. 15. Judge Cousins expressly stated, by written order filed on June 13, 2014, that Mr. Brugnara's motion for release or bail was "denied in both cases"; both CR 08-222 and CR 14-306. *Id.*, Docket Entry No. 15, at 3.

//

**PRELIMINARY HEARING**

Apart from the above-mentioned proceedings, on June 3, 2014, four days *after* Judge Corley had ordered Mr. Brugnara detained and two days *before* he was indicted in CR 14-306, Mr. Brugnara appeared before District Judge William Alsup. *See* CR 08-222, Docket Entry No. 254. During the proceeding, Mr. Brugnara requested a preliminary hearing as to the Form 12 filed in CR 08-222 WHA. *Id.* District Judge Alsup referred Mr. Brugnara's request for a preliminary hearing back to the magistrate court. *Id.* That hearing has since been scheduled for 9:30 a.m. on June 16, 2014, before the Honorable Nathanael M. Cousins – which overlaps and conflicts with the supervised release revocation proceeding as to the Form 12 that will be held before Judge Alsup at the very same time.

On June 12, 2014, the government moved to vacate the preliminary hearing before Judge Cousins, arguing that Mr. Brugnara is not entitled to the preliminary hearing on the Form 12 if he has been ordered detained in both CR 08-222 and CR 14-306. *See* CR 08-222 WHA, Docket Entry No 262. Specifically, the government argues that "[i]f, however, [Mr. Brugnara] is also in custody due to the filing of new charges against him, he is not entitled to such a preliminary hearing." *Id.*, Docket Entry No. 262, at 3. Judge Cousins ordered the defense to file the instant response. *Id.*, Docket Entry No. 263.

**ARGUMENT**

Under Federal Rule of Criminal Procedure 32.1, if a defendant is held in custody "for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Fed. R. Crim. P. 32.1(b)(1)(A). A defendant may waive this preliminary hearing. *Id.* Mr. Brugnara has not – and specifically requested his hearing on June 3, 2014, prior to the second detention order being entered in his case. *See* CR 08-222, Docket Entry No. 254.

In any event, it appears that, in the Ninth Circuit, a defendant may not have a right to a preliminary hearing, if – prior the initiation of supervised release revocation proceedings – a

defendant is already in custody because of another prosecution.

On this point, the recent Ninth Circuit case of *United States v. Vasquez-Perez* is instructive. 742 F.3d 896, 899 (9th Cir. 2014). In that case, the defendant, a supervised releasee, was arrested and charged with illegal reentry, in violation of 8 U.S.C. § 1326. While he remained in custody, "the U.S. Probation Office filed a petition to revoke [the defendant's] supervised release, based on the [new] illegal entry charge[]." *Id.*, at 897. On appeal, the Ninth Circuit, in dicta, generally outlined Rule 32.1 and stated that Rule 32.1's initial appearance and preliminary hearing provisions do not "appl[y] to persons already in *custody* for a separate offense." *Id.*, at 899 (emphasis in original). Nor, according to the Ninth Circuit, are the due process concerns protected by the Rule 32.1 "implicated by a revocation proceeding that is initiated against a defendant who is already in custody on underlying criminal charges." *Id.* In sum, the *Vasquez-Perez* court reasoned that when a defendant is in custody for charges apart from the supervised release violation, Rule 32.1 does not apply and the defendant would therefore not have a right to a preliminary hearing under Rule Fed. R. Crim. P. 32.1(b)(1)(A). *Id.*

However, as applied here, Mr. Brugnara was originally arrested on May 28, 2014 in relation to the new mail fraud charge in 14-MJ-70731. *See* CR 14-306, Docket Entry No. 11. On that same day, he was ordered remanded to the custody of the United States Marshals pending a bail hearing on May 30, 2014. *See* CR 14-306, Docket Entry No. 5. The Form 12 in CR 08-222 followed on the next day. Mr. Brugnara was then ordered detained by Judge Corley on May 30, 2014 – and Judge Corley's detention order appears, on its face, to order Mr. Brugnara detained *primarily* on the ground that he had failed to meet his burden by clear and convincing evidence that he was neither a flight risk nor a danger to the community. In other words, at the time Mr. Brugnara requested his preliminary hearing, it appears that Mr. Brugnara was being held in custody – not for the new mail fraud charge – but principally for the supervised release violation alleged in the Form 12.

//

If that is so, then it is Mr. Brugnara's position that Rule 32.1 would apply and he would be entitled under Rule 32.1(b)(1)(A) to a preliminary hearing on the Form 12 – prior to the currently-scheduled revocation proceeding on June 16, 2014 before District Judge Alsup. This is reliant upon the plain language of Rule 32.1(a)(1) that a prompt preliminary hearing is required "[w]henver a person is held in custody *on the ground* that the person has violated a condition of probation or supervised release"). *See* Fed. R. Crim. P. 32.1(a)(1) (emphasis added); *see also Benavides v. Thaler*, 2012 WL 4718128 at *3-5 (S. D. Tex. Aug. 21, 2012).

On the other hand, if Judge Corley ordered Mr. Brugnara detained on both the new mail fraud charge *and* for the alleged supervised release violation alike, then Mr. Brugnara must concede, under Ninth Circuit precedent, it appears that he would not have a right under Rule 32.1 to the preliminary hearing currently scheduled on June 16, 2014. *See Vasquez-Perez*, 742 F.3d at 897-99.

Dated: June 13, 2014

                                        Respectfully submitted,

                                        STEVEN G. KALAR
                                        Federal Public Defender

                                        /S/

                                        BRANDON M. LEBLANC
                                        Assistant Federal Public Defender