UNITED STATES DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA

UNITED STATES
vs
LUKE BRUGNARA
  Defendant

Hon. William Alsup
WHA-2222

MOTION FOR RECONSIDERATION
REQUEST FOR REASONABLE
BAIL CONDITIONS

Luke Brugnara, Defendant, requests reconsideration of reasonable bail conditions pending trial of the current mail fraud charge and Form 12 hearing, which Brugnara maintains his innocence.

At the hearing for bail May 30, 2014, Judge Alsup was prepared to issue bail for Brugnara under the following conditions prior to taking a recess to affirm jurisdiction:

1.) Brugnara report to GEOCARE halfway house at 1111 Taylor Street, SF, and reside there until the trial.
2.) Brugnara can leave the halfway house only for the following purposes -
   a.) Attorney visits
   b.) Medical visits
   c.) Religious services
3.) Brugnara cannot possess a cell phone or computer.
4.) Brugnara cannot contact any witnesses (Plantiff's) in this case.
5.) Kay Brugnara to sign surety bond, secured, for $500,000.00

After a recess, the Court affirmed its jurisdiction and asked the US Attorney if he had any other issues. He stated that he was concerned about (a dated) psychology report from Cathy Barrett and also questioned an "incident" from the halfway house report, which was otherwise perfect. Mr. Babcock had stepped in for Mr. LeBlanc

as Brugnara's counsel during the recess and was unaware and unprepared to represent Brugnara in the bail motion, which was ruled to be defended/motioned by Mr. LeBlanc. As a result of Mr. Babcock not having any knowledge of the bail issues or psychologist (Babcock proferred to the Court he only met Brugnara for 2 minutes and has not reviewed the case), and because Mr. LeBlanc had stepped down as counsel, Brugnara tried to explain to the Court that the Barrett report, which the US Attorney was dictating from, had never been seen by Brugnara, but more importantly was superceeded by three (3) months of psychogy sessions with Ms. Barrett, which led her to modify her evaluation of Brugnara five weeks ago: that he "is no threat or danger to himself or others in the community". This conclusion and diagnosis was proffered as truth by Mr. LeBlanc to Judge Cousins two weeks ago, and Judge Alsup was not made aware of this proffer at the de Novo proceeding May 30th.

Additionally, the US Probation at the May 30 hearing stated that Brugnara stayed at GEOCARE Halfwayhouse from February 2012 thru May 2012 with zero (Ø) lates/tardy from appointments and only one "incident". US Probation also confirmed Brugnara was then placed on home confinement electronic monitoring from May 2012 thru August 2012 without any issues and was fully compliant/obedient to these restrictions for several monthsas's required.

Brugnara tried to address the Court to explain and clarify the superceeded psychoigist report and the halfway house "incident". (The halfway house "incident" was that Brugnara made a $167 payment by a company check and it was required to be a cashiers/certified check -- Brugnara corrected the payment immediately). but was stopped by the Court and admonished for interrupting and talking without permission. Mr. Babcock did not speak at all to clarify these issues with the Court as he was unprepared, as he previously inferred to the Court.

Since the May 30th hearing (as of Sat June 6th), Mr. Babcock has not answered any calls from Brugnara, nor visited him to discuss his case and the trial in a few weeks, or this motion. Brugnara's wife and his civil attorney have also called Mr. Babcock numerous times this week, to visit Brugnara to file this motion, without any reply or response. Accordingly, Brugnara intends on hiring Private Counsel, if the Court orders reasonable bail conditions, so Brugnara can interview attorneys and hire a compatable attorney to represent him in trial or resolution of this case (Brugnara has successfully hired private counsel in WHA 222 for 6 years when given the opportunity).

Luke Brugnara respectfully requests bail conditions proposed by Judge Alsup May 30th, prior to the recess, based upon the full compliance/obedience

of Brugnara when he was on post-conviction electronic home monitoring for nearly five months and compliance/obedience at the halfway house for 3+ months, as detailed in the prior motion, but also further clarified in the attached declaration as new evidence.

Brugnara also requests reconsideration based upon this Court taking Judicial Notice of the proffer made by Mr. LeBlanc to Judge Cousins regarding his discussion and diagnosis of Brugnara with Cathy Barrett, whereas Mr. LeBlanc proffered to Judge Cousins "that Luke Brugnara is no threat or danger to himself or others in the community according to psychologist Cathy Barrett after months of sessions, (as of five weeks ago)" as new evidence.

Luke Brugnara appologizes to this Court for interrupting after the recess of the bail proceedings. There was confusion and unpreparedness of counsel, but Brugnara will not speak at any further proceeding unless instructed by the Court with permission.

For these reasons and the attached declaration as new evidence, Brugnara requests Judge Alsup to grant bail under the highly restrictive conditions detailed May 30th.

*[signature]*
LUKE BRUGNARA