# United States District Court

FOR THE

FILED

**NORTHERN DISTRICT OF CALIFORNIA**

2014 JUL 17 P 2: 19

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

**CR 14 306**

LUKE D. BRUGNARA

**WHA**

DEFENDANT(S).

---

## INDICTMENT

VIOLATION:
Title 18, United States Code, Section 1341—Mail Fraud; Title 18, United States Code, Section 1343—Wire Fraud; Title 18, United States Code, Section 1623—False Declaration Before Court; Title 18, United States Code, Sections 982(a)(1)(c), and Title 28, United States Code, Section 2461(c)—Forfeiture Allegation

---

A true bill.

_Nancy J. Peterson_
Foreman

Filed in open court this  17th  day of

July 2014.

_Rose Maher_
Rose Maher
Clerk

NANDOR J. VADAS
U.S. MAGISTRATE JUDGE    Bail, $ _No process_

PER 18 U.S.C. 3170

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION ☑ INDICTMENT

CASE NO. _____

Matter Sealed: ☐ Juvenile ☐ Other than Juvenile
☐ Pre-Indictment Plea ☑ Superseding ☐ Defendant Added
☑ Indictment ☑ Charges/Counts Added
☐ Information

USA vs.
Defendant: Luke D. Brugnara

**CR 14 306**

Name of District Court, and/or Judge/Magistrate Location (City)
UNITED STATES DISTRICT COURT
DISTRICT OF
Northern California (SF)
Divisional Office

Address: _____

**WHA**

Name and Office of Person Furnishing Information on THIS FORM: Melinda Haag
☐ U.S. Atty ☐ Other U.S. Agency
Phone No. _____

☐ Interpreter Required    Dialect: _____

Name of Asst. U.S. Attorney (if assigned): Doug Sprague / Ben Kingsley

Birth Date: 10/18/1963    ☑ Male ☐ Female    ☐ Alien (if applicable)

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

Social Security Number _____

☐ person is awaiting trial in another Federal or State Court (give name of court)

### DEFENDANT

Issue: ☐ Warrant ☐ Summons

Location Status:
Arrest Date 5/28/2014 or Date Transferred to Federal Custody ____

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☑ Currently in Federal Custody
☐ Currently in State Custody
   ☐ Writ Required
☐ Currently on bond
☐ Fugitive

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Atty ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

SHOW DOCKET NO.
CR 14-0306 WHA

☑ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAG. JUDGE CASE NO.
3 14 70731 JSC

Defense Counsel (if any): Erik Babcock

☐ FPD ☑ CJA ☐ RET'D
☐ Appointed on Target Letter

Place of offense: San Francisco    County

☐ This report amends AO 257 previously submitted

## OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts 6

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| | SEE ATTACHED | | |
| | | | |
| | | | |
| | | | |

*United States v. Luke D. Brugnara, CR 14-0306 WHA*
*Superseding Indictment*
*Attachment to Penalty Sheet*

*Maximum Penalties (Each Count)*

| | |
|---|---|
| <u>Counts One through Three</u>: | Wire Fraud (18 U.S.C. § 1343) |
| Imprisonment: | 20 years |
| Fine: | $250,000 (or twice the value of the property involved in the offense, whichever is greater) |
| Supervised Release: | 3 years |
| Special Assessment: | $100 |
| Restitution: | To be determined by the Court |
| <u>Count Four</u>: | Mail Fraud (18 U.S.C. § 1341) |
| Imprisonment: | 20 years |
| Fine: | $250,000 (or twice the value of the property involved in the offense, whichever is greater) |
| Supervised Release: | 3 years |
| Special Assessment: | $100 |
| Restitution: | To be determined by the Court |
| <u>Counts Five and Six</u>: | False Declaration Before Court (18 U.S.C. § 1623) |
| Imprisonment: | 5 years |
| Fine: | $250,000 |
| Supervised Release: | 1 year |
| Special Assessment: | $100 |
| Restitution: | To be determined by the Court |

MELINDA HAAG (CABN 132612)
United States Attorney

FILED
2014 JUL 17 P 2: 19

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUKE D. BRUGNARA,<br><br>Defendant. | NO. CR 14-0306 WHA<br><br>VIOLATION: Title 18, United States Code, Section 1341—Mail Fraud; Title 18, United States Code, Section 1343—Wire Fraud; Title 18, United States Code, Section 1623—False Declaration Before Court; Title 18, United States Code, Sections 982(a)(1)(c), and Title 28, United States Code, Section 2461(c)— Forfeiture Allegation<br><br>SAN FRANCISCO VENUE |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### Introductory Allegations

1. Defendant, Luke D. BRUGNARA, was an individual who resided in San Francisco, California.

2. Victim 1 was an individual who resided in the State of New York. Victim 1 was an art dealer.

### The Scheme to Defraud

3. From approximately March 2014 through at least approximately May 2014, BRUGNARA devised and executed a material scheme to defraud Victim 1, and to obtain money and

SUPERSEDING INDICTMENT

1

property from Victim 1 by means of materially false and fraudulent pretenses, representations, and promises, and by omitting and concealing material facts. BRUGNARA executed his scheme by, among other things, agreeing to purchase, accepting delivery of, and maintaining possession of several pieces of art for which he had agreed to pay a total of approximately $11,000,000 based on the false representation that he intended to and would pay for that art, and then refusing to pay for the art or to return it.

Manner and Means of the Scheme

4. In furtherance of his scheme to defraud and to obtain property, BRUGNARA made many material misrepresentations and omitted and concealed many material facts, including but not limited to the following:

    a. BRUGNARA falsely stated he intended to and would pay for the art;

    b. BRUGNARA omitted that he had almost no income, no assets, and no means to pay for the art he had agreed to purchase, and he omitted that he had a substantially negative net worth;

    c. BRUGNARA falsely stated he wanted to buy the art to place in a museum he was building;

    d. When the art was delivered to BRUGNARA's residence in the presence of Victim 1, BRUGNARA falsely told Victim 1 that he was not expecting Victim 1, that he was too busy to inspect the art at that time, and that he would call Victim 1 later to arrange a time to inspect the art; and

    e. After taking possession of the art and refusing to pay for it, BRUGNARA falsely claimed Victim 1 had given the art to BRUGNARA as a gift.

5. In furtherance of his scheme, BRUGNARA refused to return any of the art, only some of which eventually was seized by law enforcement.

**COUNTS ONE THROUGH THREE**: (18 U.S.C. § 1343 – Wire Fraud)

6. Paragraphs 1 through 5 are realleged and incorporated herein by reference.

7. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendant,

LUKE D. BRUGNARA,

SUPERSEDING INDICTMENT

for the purpose of executing his material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts, did knowingly transmit and cause to be transmitted the following wire communications in interstate commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| 1 | March 23, 2014 | Email from BRUGNARA to Victim 1 stating BRUGNARA "… will buy all of the paintings and put them in my museum…" |
| 2 | March 24, 2014 | Email from BRUGNARA to Victim 1 stating BRUGNARA wants "…all the art pieces…including the etchings and the bronzes…" |
| 3 | March 25, 2014 | Email from BRUGNARA to Victim 1 stating "Thank you. I look forward to putting them in my museum." |

**COUNT FOUR**:    (18 U.S.C. § 1341 – Mail Fraud)

8. Paragraphs 1 through 5 are realleged and reincorporated herein by reference.

9. On or about April 5-7, 2014, in the Northern District of California and elsewhere, the defendant,

LUKE D. BRUGNARA,

for the purpose of executing his material scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts, did knowingly cause crates containing art to be sent and delivered by interstate carrier, in violation of Title 18, United States Code, Section 1341.

**COUNT FIVE**:    (18 U.S.C. § 1623 – False Declaration Before Court)

10. Paragraphs 1 through 5 are realleged and reincorporated herein by reference.

11. On or about June 17, 2014, in the Northern District of California, the defendant,

LUKE D. BRUGNARA,

while under oath in a proceeding before a court of the United States, did knowingly make a false material declaration, specifically falsely stating, on direct examination, as italicized below:

Q. Okay. So after you wrote [Victim 1] this e-mail, the discussion sort of transitioned into when

SUPERSEDING INDICTMENT

3

    she was going to ship the art pieces to Seacliff; is that correct?

A. No.

Q. Okay.

A. I took the e-mails that I got from her, and I sent them to the head of Sotheby's in New York, who's also the head of Bond Street and London, and I asked, you know, what's – you know, what's the value or – I don't have the specific email in front of me, but the essence of it was "How much would you sell these for, and what are they worth?" Just a simple valuation inquiry. *And I heard back that the de Koonings are not authentic, and they would not sell them as de Koonings, and the Degas – they would not sell the Degas because it's not authentic ....*

All in violation of Title 18, United States Code, Section 1623.

**COUNT SIX:**     (18 U.S.C. § 1623 – False Declaration Before Court)

12. Paragraphs 1 through 5 are realleged and reincorporated herein by reference.

13. On or about June 17, 2014, in the Northern District of California, the defendant,

LUKE D. BRUGNARA,

while under oath in a proceeding before a court of the United States, did knowingly make a false material declaration, specifically falsely stating, on direct examination, as italicized below:

Q. Okay. So after you wrote [Victim 1] this e-mail, the discussion sort of transitioned into when she was going to ship the art pieces to Seacliff; is that correct?

A. No.

Q. Okay.

A. I took the e-mails that I got from her, and I sent them to the head of Sotheby's in New York, who's also the head of Bond Street and London, and I asked, you know, what's – you know, what's the value or – I don't have the specific email in front of me, but the essence of it was "How much would you sell these for, and what are they worth?" Just a simple valuation inquiry. And I heard back that the de Koonings are not authentic, and they would not sell them as de Koonings, and the Degas – they would not sell the Degas because it's not authentic ... *So when I had that information, I phoned [Victim 1], and I told [Victim 1] that, you know, these de*

SUPERSEDING INDICTMENT      4

1 *Koonings are not authentic.*

2 All in violation of Title 18, United States Code, Section 1623.

3 **FORFEITURE ALLEGATION**: (18 U.S.C. § 982(a)(1)(c), and 28 U.S.C. § 2461(c))

4 14. Paragraphs 1 through 13 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

6 15. Upon a conviction of the offense alleged in Counts One through Four, the defendant,

LUKE D. BRUGNARA,

shall forfeit to the United States all property constituting and derived from proceeds traceable to that offense, including but not limited to a sum of money equal to the amount of proceeds obtained as a result of the offense.

16. If any of said property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18,

//
//
//
//
//
//
//
//
//

SUPERSEDING INDICTMENT

5

United States Code, Section 982(a)(1)(c), and Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: July 17, 2014                                          A TRUE BILL.

*Nancy J. Return* (signature)
FOREPERSON

MELINDA HAAG
United States Attorney

*J. Douglas Wilson* (signature)
J. DOUGLAS WILSON
Chief, Criminal Division

(Approved as to form: _____ )
AUSAs Sprague and Kingsley

SUPERSEDING INDICTMENT                    6