UNITED STATES DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA

**FILED**

✓ CR 14 - 306 WHA

CR 050222 WHA

Hon. William Alsup

UNITED STATES

vs

LUKE BRUGNARA
Defendant

JUL 21 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DECLARATION OF

LUKE BRUGNARA

I, Luke Brugnara, declare the following to be true:

1.) With the severely restricted phone privildges at the jail (15-20 usually minutes every other day), I called Erik Babcock five or six times from May 30th - June 6th to meet and confer with me on the bail motion and the new charge. Babcock refused to accept any of my calls from the jail, and I haven't seen or spoken to him.

2.) My wife Kay Brugnara told me she called Babcock ten times and left messages to meet me in jail to prepare a bail motion and discuss the new case ~~and~~ between May 30th and June 7th and Babcock ignored her calls.

3.) My civil attorney, and pro-tem Superior Court Judge Robert Kane, ~~told~~ told me he called Babcock numerous times between May 30th and June 7th to meet with me in the jail to prepare a bail motion and prepare for the trial in a few weeks and Babcock ignored Kane's calls.

4.) Judge Alsup ordered Babcock on June 7th to immediately contact me regarding the bail motion and

DECLARATION
#2

as of today, June 12, 2014, I still have had **NO** contact or visit from Babcock to discuss or confer on my motion, or for bail on my new charge, with the trial only weeks away; despite Judge Alsup's order.

5.) The bail motion for reconsideration and my trial for the new charge, which is a complex white collar matter set for trial in a few weeks, are seriously compromised and hurt by Babcock's refusal to meet with me. The two weeks of no communication from Babcock cannot be recovered.

6.) My right to a speedy trial with zealous, interested counsel has been compromised, hurt and seriously impeded by Babcock's refusal to meet with me for two weeks; with a trial in a few weeks.

7.) I request reasonable bail conditions so I can meet and confer with private counsel to hire a zealous, interested advocate to represent me in this white collar case. I cannot meet or interview private counsel from jail, or borrow the funds to pay from a jail cell, with severely limited phone access with only collect-call phone access. My right to a fair trial and a speedy trial is being compromised irreparably in this complex white collar case.

DECLARATION
 # 3.

8. I objected to the dismissal of Brandon LeBlanc as counsel two weeks ago because he is very familiar with the new charge and my case. I told the Court that I am not waiving attorney-client privilege and LeBlanc should remain as my counsel. Since LeBlanc was replaced by Babcock 2 weeks ago I have not seen or spoken to Babcock and this has compromised a fair defense to my case. LeBlanc spoke and met with me several times a week (for comparison) during his tenure as my attorney.

I declare under penalty the following to be true and correct.

LUKE BRUGNARA

(received from R. Kane)

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

LUKE D. BRUGNARA,

        Defendant.

No. CR 08-00222 WHA

NOTICE RE PHONE
MESSAGE FROM
ATTORNEY ROBERT KANE

On July 3, 2014, Attorney Robert Kane called the undersigned judge in regards to defendant Luke D. Brugnara and the instant action. In his phone message, Attorney Kane conveyed that defendant sought to have a reconsideration motion to be heard today concerning his bail issues, but that he had no way of submitting such a motion.

It is the undersigned judge's understanding that CJA Attorney Erik Babcock is now defendant's attorney for this prosecution, as is Attorney Brandon LeBlanc (*see* Dkt. No. 308). As such, Attorney Babcock and Attorney LeBlanc are requested to please contact defendant in regards to his latest efforts to submit a reconsideration motion. In the meantime, no further action will be taken on the request.

In addition, it has been the Court's impression that Attorney Kane is not counsel of record for defendant, either in the instant action or in the new criminal matter, No. CR 14-00306. However, in reviewing ECF for the instant action, it appears that in 2011, Attorney Kane filed a "Motion for Release/Bail Pending Appeal and Supporting Documents" (Dkt. No. 156). There should be no ambiguity as to whether Attorney Kane does or does not represent defendant as

United States District Court

For the Northern District of California

1  counsel of record.  Therefore, Attorney Kane shall file a statement with the Court, clarifying

2  whether he is or is not counsel of record in the instant matter and/or No. CR 14-00306.  This

3  statement is due by **NOON ON JULY 9, 2014**.  If Attorney Kane answers that he is counsel of

4  record, CJA counsel will be relieved from representing defendant.  If Attorney Kane answers

5  that he is not counsel of record, he should have no further communications with the Court.  In

6  the meantime, Attorney Babcock, having been recently appointed as CJA counsel for defendant

7  and having filed his notice of appearance in both this action and in No. CR 14-00306, will

8  continue to be considered proper counsel of record for defendant in both of his criminal actions.

9  If Attorney Kane is going to substitute in for Attorney Babcock, he should do so promptly so as

10  to preserve the trial date.

13  Dated: July 7, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

2