1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   UNITED STATES OF AMERICA,
                                               No. CR 14-00306 WHA
11              Plaintiff,
12      v.
13   LUKE D. BRUGNARA,                         **ORDER RE MOTION**
                                               **TO SUBSTITUTE COUNSEL**
14              Defendant.
15   _____/
16
        Last Friday, the undersigned judge received defendant Luke D. Brugnara's motion to
17
"immediately appoint new counsel to represent him in the instant action and new charge" (Dkt.
18
No. 52). Defendant declares that he has had no contact or visits from his CJA Attorney
19
Babcock, stating (Brugnara Decl. ¶¶ 5–6):
20
               The bail motion for reconsideration and my trial for the new
21             charge, which is a complex white collar matter set for trial in a
               few weeks, are seriously compromised and hurt by [Attorney]
22             Babcock's refusal to meet with me. The two weeks of no
               communication from [Attorney] Babcock cannot be recovered.
23
                        *              *              *
24
               My right to a speedy trial with zealous, interested counsel has
25             been compromised, hurt and seriously impeded by [Attorney]
               Babcock's refusal to meet with [him] for two weeks[,] with a
26             trial in a few weeks.
27   According to his declaration, defendant has called Attorney Erik Babcock "five or six times" and
28   Attorney Babcock reportedly "refused to accept any of [defendant's] calls from the jail."

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Defendant further declares that both his wife and his civil attorney Robert Kane have called

2    Attorney Babcock several times, with no responses from him to date.

3          This order construes defendant's present motion as one to substitute counsel.  When

4    reviewing a decision on such a motion, our court of appeals considers the following factors:

5    "(1) the timeliness of the motion; (2) the adequacy of the district court's inquiry; and (3) whether

6    the asserted conflict was so great as to result in a complete breakdown in communication and a

7    consequent inability to present a defense."  *United States v. Mendez-Sanchez*, 563 F.3d 935, 942

8    (9th Cir. 2009).  In light of these factors (and specifically, the district court's inquiry), counsel

9    for both sides will appear for a hearing at **9 AM ON JULY 23, 2014**.  Attorney Babcock will

10   please be prepared to address defendant's motion to substitute counsel, as well as defendant's

11   assertions that he has not had any communications with Attorney Babcock about this prosecution

12   or No. CR 08-00222.  In addition, both sides will please be ready to address Speedy Trial Act

13   issues, as discussed in the order filed in this prosecution today (Dkt. No. 51).

14

15          **IT IS SO ORDERED.**

16

17   Dated:  July 21, 2014.

18                                                    WILLIAM ALSUP
                                                      UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

2