ERIK BABCOCK (Cal. 172517)
LAW OFFICES OF ERIK BABCOCK
717 Washington St., 2d Floor
Oakland, CA 94607
(510) 452-8400 Tel
(510) 452-8405 Fax

Attorney for Defendant
LUKE BRUGNARA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Nos. CR 14-00306 WHA |
| | CR 08-00222 WHA |
| Plaintiff, | |
| v. | OPPOSITION TO UNITED STATES' MOTION REGARDING ATTORNEY-CLIENT PRIVILEGE AND ADVICE OF COUNSEL |
| LUKE BRUGNARA, | |
| | Date: September 3, 2014 |
| | Time: 11:00 a.m. |
| Defendant / | Dept: WHA |

The United States has filed a Motion Regarding Attorney-Client Privilege and Advice of Counsel. Docket Nos. 47 & 323. The Government first asks the Court to find that there has been a waiver of privilege with respect to "communications between [Mr. Brugnara] and any of his lawyers, that were made between the delivery of the artwork on April 7, 2014" and May 28, 2014 that concern "the defendant's possession and retention of the artwork." The Government then asks the Court to require the defendant to give notice of any intent to raise an advice of counsel defense at trial. Defendant opposes both of these requests for the reasons set forth below.

Brief Re Attorney-Client Privilege
United States v. Brugnara, No. CR 14-00306 WHA

A.  **The Defendant Has Not Waived All Communications With Any of His Attorneys Between April 7, 2014 and May 28, 2014 That Concern His Possession and Retention of the Artwork**

  1.  **The Government's Broad Assertions of Waiver By Voluntary Disclosure of Privileged Communications Are Not Supported by The Limited Privileged Communications Mr. Brugnara Made**

The government's broad claim of waiver is belied by the limited instances in which it cites statements by him disclosing the substance of any confidential communications.

First the government cites Mr. Brugnara's statements before Magistrate Judge Corley on May 30, 2014 in which he said that he contacted Brandon LeBlanc and Harris Taback and "he," apparently referring to Mr. Taback, said to "get a release signed."  The government then cites defendant's statement at the June 3, 2014 hearing in which he stated that Mssrs. LeBlanc and Taback "all said the same thing. . . . Get those boxes out of your garage."  As the Court knows, both Brandon LeBlanc and Harris Taback are attorneys who represented Mr. Brugnara in defending the two federal criminal cases against him.

These limited instances of arguable disclosures do not come close to supporting the government's broad assertion of waiver for all attorney on all communications from April 7 to May 28, 2014.  Even if the court were to find these were disclosures of confidential legal communications, any finding of a waiver would have to be limited to a finding that Mr.Brugnara waived his privilege with respect to whether (1) Mr. Taback said to get a release signed, and (2) whether either Msrrs. LeBlanc or Taback said to get the boxes out of this garage.

The government then cites Mr. Brugnara's testimony at the Form 12 hearing on June 17, 2014 as supporting a broad waiver of all attorney-client communications from April 7 to May 28, 2014 on his possession and retention of the boxes.  No such broad waiver occurred.  First, from the transcript it plainly appears that the first statement cited by the government (Gov Memo pp.

4-5) were what Mr. Brugnara instructed his counsel to do. He said the "approach" of saying the art was a "gift" was "posturing" and that his instructions to his attorney were to "take that position . . . get te crap out of my garage . . . [and] make sure you get a release." This was not legal advice from counsel; it was his instruction to is counsel as to how to proceed.

The government then claims that Mr. Brugnara's statement that "certain parties" told him not to open boxes, etc., "plainly referr[ed] to "statements made by his attorneys." In fact, Mr. Brugnara did not identify who made these statements, and the government did not inquire. Accordingly, there was no waiver of the attorney-client privilege because no privileged communications were disclosed. There is no basis other than conjecture to make a factual finding that these statements referred to a privileged communications, as opposed to conversations with a friend or family.

**B.      There Is No Legal Basis On Which To Find A Waiver Based On Mr. Brugnara Putting His Legal Advice In Dispute  Because This Is A Criminal Case and Mr. Brugnara Has Not Put His Legal Advice In Dispute Before A Jury**

The government cites several inapposite Ninth Circuit cases to support a broad claim that the attorney client privilege is waived when a party puts the legal advice received at issue in a dispute.

First, this is not a civil case, but rather, a criminal one. Unlike Chevron v. Pennzoil 974 F. 2d 1156 (9th Cir. 1992) one of the cases cited by the government, until this case goes to trial, Mr. Brugnara does not have to put any defenses on the table. Indeed, even at trial, he does not have to raise an affirmative legal "defense." The government bears the entire burden of proof in this case. Mr. Brugnara could, if he chooses, have counsel not even engage in a single cross examination, not put on a single witness, and not take the stand in his own behalf, and instead, simply rest after the government's case and argue the government had not met its singularly

stringent burden of proof.

Until this case goes to trial, in other words, Mr. Brugnara cannot put any advice he received at issue. Mr. Brugnara's testimony at the Form 12 hearing will not be presented to the jury unless the government seeks to introduce it. Mr. Brugnara's statements in magistrate court will not be presented to the jury unless and until the government seeks to admit them. The only "dispute" in a criminal case is before the jury, and this case has not reached that stage. Defendant concedes that if he were to testify at trial that he might put the legal advice he received at issue. Of if he were to call certain witnesses or present certain evidence at trial it might even be possible for him to put his legal advice at issue sufficiently to find a waiver even if he did not testify.

Just because the government's evidence may involve communications between Mr. Brugnara's counsel and Ms. Rose's counsel does not make any legal advice Mr. Brugnara received "in dispute." "[P]rivileged communications do not become discoverable simply because they are related to issues raised in the litigation." Southern Calif. Gas Co. v. Public Utilities Comm'n, 50 Cal. 3d 31, 784 P.2d 1373, 1381, 265 Cal. Rptr. 801 (Cal. 1990) (internal quotation omitted). When the sought-after evidence is "only 'one of several forms of indirect evidence' about an issue," the privilege has not been waived. Hamilton v. Lumsden (In re Geothermal Resources Int'l, Inc.), 93 F.3d 648, 653 (9th Cir. 1996) (per curiam) (quoting Rockwell Int'l Corp. v. Superior Court, 26 Cal. App. 4th 1255, 1268 (1994) (quoting Mitchell v. Superior Court, 37 Cal. 3d 591, 691 P.2d 642, 650, 208 Cal. Rptr. 886 (Cal. 1984))).

The government also cites United States v Amlani, 169 F.3d 1189 (9th Cir. 1999) and Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003)(en banc) in support of its implied waiver argument. Neither case is on point. Amlani was a case in which the defendant was convicted at

trial, and then argued in the Ninth Circuit that the government improperly caused him to change counsel before trial by disparaging counsel in front of the defendant.  The Ninth Circuit remanded to the district court to determine the reason the attorney had been terminated, and the district court properly found an implied waiver of attorney-client communications limited to the reasons for the termination.  In <u>Bittaker</u> the habeas petitioner raised an ineffective assistance of counsel claim, and the court properly found a limited implied waiver of communications relating to the claimed assistance.

Finally, if the court finds there has been an implied waiver of attorney client communications, the court should bear in mind the Ninth Circuit's admonition that the "court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose. Courts, including ours, that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question." <u>Bittaker</u>, 331 F.3d at 720 (citing <u>Kerr v. U.S. Dist. Court</u>, 426 U.S. 394 at 405, 48 L. Ed. 2d 725, 96 S. Ct. 2119(1976) (recognizing the need to ensure that the "balance between petitioners' claim[] of . . . privilege and plaintiffs' asserted need for the documents is correctly struck")

Moreover, before a finding of implied waiver is made, the "holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition."  <u>Bittaker</u>, 331 F.3d at 721.

**C.      There Is No Legal Basis To Require Notice of A Good Faith Defense**

Finally, the government asks to court to impose a "notice" requirement on the defendant of any intention to raise an advise of counsel defense.  The Federal Rules of Criminal Procedure

set forth the defenses for which a defendant must give advance notice to the government. Rule 12.1 requires notice of an alibi defense. Rule 12.2 requires notice of an insanity defense. Rule 12.3 requires notice of a public authority defense. There is no rule requiring notice of a good faith defense, or of a reliance on legal counsel defense. The government cites no cases for the authority that the court has the authority to impose such a notice requirement, when it is conspicuously absent from the Rules, because the court does not have the authority to impose such a notice requirement.

## CONCLUSION

Based on the foregoing, defendant asks the court to deny the government requested relief. If it grants any part of it, then any legal communications subpoenaed by the government should be reviewed in camera by the court to sort through all privileged communications and determine which, if any, come within the scope of the waiver found by the court.

DATED: August 26, 2014

                                            Respectfully,


                      By:    /S/Erik Babcock
                             ERIK BABCOCK
                             Attorney for Defendant BRUGNARA