LAW OFFICES OF ERIK G. BABCOCK
ERIK G. BABCOCK, No. 172517
717 Washington Street, 2nd Floor
Oakland, CA 94607
Tel: (510) 452-8400
Fax: (510) 452-8405

Attorney for Defendant
LUKE BRUGNARA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>LUKE BRUGNARA,<br><br>_____Defendant._____/ | Nos.   CR 08-0222 WHA<br>         CR 14-0306 WHA<br><br>**DEFENDANT'S MOTION TO RECUSE THE OFFICE OF THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>Date:  September 16, 2014<br>Time: 8:00 a.m. |

**TO:     MELINDA HAAG, UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO DOUG SPRAGUE, ASSISTANT U.S. ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA**

PLEASE TAKE NOTICE that on September 16, 2014 at 8:00 a.m., before the Honorable William Alsup, defendant Brugnara will and hereby does request an order recusing the entire office of the United States Attorney for the Northern District of California for prosecutorial misconduct which has been deleterious, intentional and ongoing against defendant Luke Brugnara and has deprived Brugnara's right to justice and liberty guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution  These egregious acts by the United States Attorney's Office have resulted in life threatening physical injury to Brugnara, mental injury to minor children, unjust detriment and deprivation of liberty, unlawful search and seizure, unlawful arrest, breaking and entering without a warrant, and obstruction of justice which has wasted this Court's valuable time.

///

///

///____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM IN SUPPORT OF MOTION

### I.

### STATEMENT OF FACTS

Below, in chronological order, are the intentional acts of gross prosecutorial misconduct by the Northern District of California Office of the United States Attorney directed and targeted against Luke Brugnara in this instant case: CR 08-0222 WHA:

1. In 2008, Assistant U.S. Attorney Bessette commited an act of felony extortion when she told Luke Brugnara, through his then-attorney, Harris Taback, that if Brugnara doesn't demolish a legally-compliant dam (a registered and  grandfathered pre-1914 dam with the State of California, built by United States Senator Henry Miller in the 1870's) that she would file criminal charges regarding other environmental claims.

2. In June, 2010, Assistant U.S. Attorney Bessette served the Bureau of Prisons with a document which falsely stated defendant had 22 classification points, resulting in him having a higher security classification and being designated to serve his sentence at FCI La Tuna in Anthony, Texas. Both this court and Judge Chesney had recommended that defendant be designated to serve his 30 month sentence in a camp facility.   When Brugnara arrived at FCI La Tuna, his case manager corrected the points, which resulted in defendant having only 6 points rather than 22.   The false designation resulted in defendant  receiving two (2) fractures to his skull from when he was attacked by three Nazi skinheads when he disregarded their instructions telling him not to play chess with an Africa-American inmate.

3. In April, 2013, Assistant U.S. Attorney Charles Parker lied to Magistrate Judge Beeler by stating that an Andy Warhol painting that had been appraised at $7.7 million was in defendant's living room.  This lie was advanced to this court to obtain a Writ of Execution on the Warhol and other paintings.  The warrant was executed on a school morning with defendant's four minor children still in the house whereas the children were raided in their bedrooms by agents brandishing automatic guns while getting dressed fro school.  The children were mentally scarred by this gross act of terror and subsequently moved from their house in San Francisco to a home in Marin County because of fear of future home incursions by federal officials.   The Warhol had <u>not</u> in fact been

1   appraised at $7.7 million; it was appraised at $1,000 by the auction house ordered by Judge Alsup

2   to conduct a valuation.  The United States Attorney, Charles Parker, a protégée of Doug Sprague,

3   thus committed three felonious acts of proffering false information/lies to federal judges to obtain

4   a warrant and Writ of Execution.  He also had false intentions on the warrant execution as Fish and

5   Wildlife agents were present during the raid, even though animals were not on the warrant, thus

6   affirming that the intent of the search was to search for animals when that had not been revealed to

7   the federal judge who issued the warrant.  Assistant U.S. Attorney Parker was later fired from the

8   United States Attorney's Office for these felonious acts against the Brugnara family.

9       4.   Assistant U.S. Attorney Doug Sprague withheld records from Old Republic Title

10  Company to mislead this court and prevent defendant from receiving bail.  Specifically, the U.S.

11  Attorney subpoenaed the title insurance policy and 2014 title report from Old Republic Title

12  Company, and the relevant loan records from the $1.7 Saxe loan encumbering the 224 Sea Cliff

13  residence.  Sprague informed this court that an old CMR loan, which had been paid off in 2008, was

14  still encumbering 224 Sea Cliff, when the records in the possession of the U.S. Attorney from Old

15  Republic reflected both loans had been paid off and insured by the title company.

16      5.   This conduct by Sprague also occurred in May and June, 2014 when he withheld the

17  most recent psychiatric report from Dr. Cathy Barrette, who stated that Mr. Brugnara was not a threat

18  to himself or to others, during the ongoing bail proceedings.  Sprague went one step further and

19  misled the court by using an old report from Dr. Barrette from before her sessions with defendant

20  Brugnara began.

21      6.   The gross misconduct of federal officials in this case continued into August, 2014

22  when two FBI agents to broke through locked and dead bolted gates (with 2x4 wood door jam) that

23  had been posted with a large DO NOT TRESPASS sign at 224 Sea Cliff Avenue, San Francisco.

24  The agents broke in just to try and interview defendant's wife and persuade her not to sign as a surety

25  for Mr. Brugnara.

26  ///

27  ///

28  ///

## II.

**DEFENDANT BRUGNARA HAS BEEN DEPRIVED OF HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION BY A PATTERN OF PROSECUTORIAL OVERREACHING AND MISCONDUCT, AND THIS COURT SHOULD DISQUALIFY THE ENTIRE U.S. ATTORNEY'S OFFICE FOR THE NORTHERN DISTRICT FROM PARTICIPATING IN THE INSTANT PROSECUTIONS**

This court has the authority to disqualify counsel in a criminal prosecution. "District judges have 'substantial latitude' in deciding whether counsel must be disqualified" in a criminal case. United States v. Frega, 179 F.3d 793, 799 (9th Cir. 1999) (quoting United States v. Stites, 56 F.3d 1020, 1024 (9th Cir. 1995)). Disqualification of a single prosecutor has been ordered in limited circumstances, such as when the prosecutor would be a witness at trial, see United States v. Prantil, 764 F.2d 548, 552-53 (9th Cir. 1985), or has an actual conflict of interests, see Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 809, 107 S. Ct. 2124, 95 L. Ed. 2d 740 (1987) (holding "that counsel for a party that is the beneficiary of a court order may not be appointed as prosecutor in a contempt action alleging a violation of that order"). Cf. United States v. Wencke, 604 F.2d 607, 611 (9th Cir. 1979) (per curiam)(no authority allows a court to disqualify a prosecutor because of civil litigation); United States v. Lorenzo, 995 F.2d 1448, 1452-53 (9th Cir. 1993)(disqualification of entire prosecution office not required simply because some members were victims and/or witnesses).

Defendant Brugnara believes and asserts that his due process right to liberty and justice, and that of his family, have been repeatedly and irreparably compromised by intentional acts of gross prosecutorial misconduct described herein. These acts are egregious and numerous against Luke Brugnara by the Northern District Office of the United States Attorney's Office. These are serious felonies that have resulted in grave bodily injury to Brugnara, mental anguish to minor children, deprivation of liberty and right to bail, obstruction of justice and right to a fair trial. This Court has a duty to protect the integrity of the Court, and the acts described demand and require immediate recusal and independent investigation and prosecution, if warranted. Because of the ongoing acts of prosecutorial misconduct, by several of the United States Attorneys, this office must be recused and fully investigated and prosecuted if deemed required.

**CONCLUSION**

For the reasons stated herein, the United States Attorney for the Northern District of California Office should be immediately recused from representing the plaintiff in these two cases..

DATED: September 5, 2014

Respectfully submitted,

By     /S/_____
ERIK G. BABCOCK

Attorney for Defendant
LUKE BRUGNARA

**_____DECLARATION OF LUKE BRUGNARA**

_____I, LUKE BRUGNARA, declare under penalty of perjury that the following

is true and correct:

1.  Harris Taback told me in 2008 that if I did not demolish my legally compliant

grand fathered dam, built in 1870 by United States Senator Henry Miller, that United States Attorney

Maureen Bessette will indict me on two Fish and Game charges unrelated to the dam;

2.  In June, 2010, United States Attorney Bissett faxed my 24 hour designation to La

Tuna Texas Disciplinary Prison, 24 hours after I filed a Notice of Appeal.  Judge Alsup and Judge

Chesney ordered that I go to Lompoc Camp;

3.  When I arrived at La Tuna, Texas Disciplinary Prison, I was told that United States

Attorney (Bissett) provided false information/incorrect information to BOP (that I was not self-

surrender; I was self surrender; that I had several pending charges - I had no pending charges; that

I had a pending threat on life case - I did not have a case pending charge) to put points to 22 instead

of 6.  The Unit Manager at LaTuna immediately corrected my points to 6 points but said it will take

six months to transfer me.  I was subsequently attacked by three Nazi skinheads for playing chess

with blacks and received two fractures to my skull from the assault.  I have constant headaches, daily

from these fractures, to this date;

4.  Charles Parker lied to Judge Alsup and Judge Beeler stating that I had a $7.7

million appraised Andy Warhol in the Sea Cliff house.  This was a lie proffered by United States

Attorney Parker, as later discovered by Judge Alsup.  My four minor children were terrorized by

three armed agents who stormed the family house on an illegal warrant orchestrated by Parker on a

school morning.  My children are scarred from this insane assault by the United States Attorney to

this date;

5.  United States Attorney Sprague subpoenaed Old Republic Title and Saxe

Mortgage for Luke Brugnara's records and seized through an illegally obtained warrant.  Luke

Brugnara's records which all clearly detail the deeds of trust encumbering 224 Sea Cliff Avenue.

The title insurance guaranteeing the existing debt, the appraisal affirming the value of $17 million,

the Federal 1003 application forms showing no assets and no income for Luke Brugnara personally, and Luke Brugnara's current psychiatrist report stating he is not a threat or danger to anyone. Sprague intentionally mislead this Court and withheld these documents to deny me by liberty;

6.   Kay Brugnara told me that two FBI broke through the front gate in August, 2014 without a warrant while she was talking to Bob Kane about matters regarding the loan on 224 Sea Cliff.  The agents were speaking or getting instructions/directions from United States Attorney Sprague as they committed this crime.

September 4, 2014                                     /S/Luke Brugnara_____
                                                     LUKE D. BRUGNARA