MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

W. DOUGLAS SPRAGUE (CABN 202121)
BENJAMIN KINGSLEY (NYBN 4758389)
Assistant United States Attorneys
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7128
    FAX: (415) 436-7234
    doug.sprague@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LUKE D. BRUGNARA,<br><br>    Defendant. | CASE NOS. CR 14-0306 WHA<br>                 CR 08-0222 WHA<br><br>UNITED STATES' SUPPLEMENTAL FILING RE DEFENDANT'S MOTION TO RECUSE THE UNITED STATES ATTORNEY'S OFFICE FOR THE NORTHERN DISTRICT OF CALIFORNIA<br><br>Honorable William Alsup |

    The United States files this limited supplemental filing to address two issues defendant raised only in his reply brief unsupported by declaration and to comment upon one issue raised during the September 16 evidentiary hearing.

    First, although not included in his motion, in his reply brief defendant claims that government counsel knowingly misrepresented in magistrate court that the missing fifth crate contained a painting instead of a sculpture. Defendant does not and cannot explain why the difference could matter, but he accuses the government of misconduct nonetheless. (Indeed, the painting is *less* valuable than the sculpture, further undermining defendant's conspiracy theory claim.) On May 28, 2014, defendant was

1

arrested and four of the five crates were recovered from his garage. The four recovered crates had different sets of labels on them, for example, one set from American Airlines and one from the shipping company. Each set of labels set forth a numbering scheme, such as "1 of 5," "2 of 5," and so forth. One of those sets of labels reflected that crates 2 through 5 had been recovered. The insurance company informed the government that crate 1 contained a large painting by George Luks. The government relied on that representation. Only when the different sets of labels were reconciled and the crates were opened, however, did the parties confirm that it was the Degas statue, not the Luks painting, that was missing. Although defendant already knew what was missing, this discrepancy was corrected in court proceedings by approximately early June. There was no attempt to mislead anyone, nor was there any prejudice to defendant.

Second, defendant alleges government counsel "induc[ed]" the IRS to file an invalid lien on defendant's home just before a bail hearing. Defendant has many outstanding financial obligations, including to the United States. Those obligations include an outstanding restitution order in excess of $1.9 million and unpaid taxes from many years. After defendant was arrested in this case, government counsel from several divisions in the United States Attorney's Office discussed these obligations and whether the United States' interests were protected. In addition, after defendant claimed his home was worth approximately $16 million *and* that he was listing it for sale, government counsel again discussed whether the United States' interests were protected in the event defendant received substantial proceeds from a sale of his residence; understandably, counsel for the United States wished to protect the interests of the United States in proceeds that defendant may receive and could use to satisfy his debts to the United States. Only later did the United States and this Court learn that defendant's residence was worth only $8-$9 million dollars, less than the amount defendant owes on that property. While these discussions likely resulted in the IRS filing a lien, there is no evidence the lien is "invalid" as defendant claims or that the lien was filed with any improper purpose; it was not. Finally, there was no prejudice to defendant; the day after the lien was filed, and after hearing argument on many related issues, the Court ruled defendant could be released to the halfway house.

Third, one issue raised during the evidentiary hearing on September 16 was whether the gate at 224 Sea Cliff Avenue had a functioning lock that secured a functioning deadbolt in place. Both FBI

agents independently testified that it did not; they testified that the only thing holding the gate closed was a piece of wood wedged between the gate's knob and the ground. Defendant's wife testified, by phone, that she believed the deadbolt was functioning, at least at some point. Her testimony was unpersuasive for at least two reasons. First, she was not clear about when she allegedly verified that the deadbolt functioned or what repairs allegedly had been done after May 28, 2014. She did not state the deadbolt functioned prior to the agents' visit in July when she willingly invited them into her home, spoke with them for an hour or more, and invited the agents to contact her again if they had questions. Nor did she state she verified the deadbolt functioned after that visit but prior to the mid-August visit. Second, her testimony was implausible. It defies common sense that there would be any purpose in using a piece of wood to hold a gate closed if that gate had a functioning deadbolt secured in place by a functioning lock. Even if the agents broke the gate in August—which the evidence establishes they did not—it would be no reason to recuse the United States Attorney's Office. The agents' testimony that they were not on the phone with government counsel or otherwise acting at such direction stands uncontradicted; even defendant's wife testified she had no recollection that the agents were communicating with anyone during the short visit in August. Finally, even if they were (and they were not), the remedy is not recusal.

For these reasons, and for those set forth in the United States' Response to Defendant's Motion to Recuse the United States Attorney's Office for the Northern District of California and elicited during the evidentiary hearing, defendant's motion should be denied.

DATED:       September 18, 2014                           Respectfully submitted,

                                                          MELINDA HAAG
                                                          United States Attorney


                                                          _____/s/_____
                                                          W. DOUGLAS SPRAGUE
                                                          BENJAMIN KINGSLEY
                                                          Assistant United States Attorneys