UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>     v.<br>LUKE BRUGNARA,<br>Defendant. | Case No. 08-CR-00222 WHA<br><br>Case No. 14-CR-00306 WHA<br><br>**ORDER REQUESTING FURTHER BRIEFING IN SUPPORT OF MOTION FOR MODIFICATION OF RELEASE CONDITIONS**<br><br>Re: Dkt. No. 134 |

Luke Brugnara moves again to modify the conditions of his pretrial release and seeks a hearing to present additional evidence that he is not a danger to the community. A detention hearing may be reopened before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). This standard is not a surprise, as it was applied to Brugnara's previous motion for reconsideration of detention. Dkt. No. 38, filed 6/27/2014.

Here, Brugnara, in a nine-page motion, does not seek to explain whether his proposed supplemental information was known to him at the time of the previous detention hearings. Brugnara himself has testified to his financial history. For example, during a detention hearing on June 11, 2014, Brugnara stated: "Nobody has ever, your Honor, in $2 billion of transactions spanning 22 years of two million square feet of commercial space has ever stated that I've engaged in fraud." Dkt. No. 44 at 35:9-12. The motion also does not explain the materiality of the "new" information. Finally, the motion ignores extensive prior evidence and arguments made by Brugnara that he is not a danger to the community. See Dkt. No. 8 (transcript of hearing before Magistrate Judge Corley, including statements made by Brugnara, 5/28/2014); Dkt. No. 7 (detention order by Magistrate Judge Corley); Dkt. No. 43 (transcript of 5/30/2014 hearing before Magistrate Judge Corley, including statements made by Brugnara); Dkt. No. 44 (transcript of 6/11/2014 detention hearing before Magistrate Judge Cousins, including statements made by Brugnara); Dkt. No. 12 (minutes of detention hearing 6/11/2014 before Magistrate Judge Cousins); Dkt. No. 15 (detention order, 6/13/2014); Dkt. No. 30 (Brugnara motion to revoke detention order); Dkt. No. 31 (Brugnara motion to reconsider detention order); Dkt. No. 37 (hearing on Brugnara's motion for reconsideration of detention, 6/27/2014); Dkt. No. 45 (7/9/2014 motion for reconsideration of detention); Dkt. No. 48 (7/17/2014 motion for reconsideration of detention); Dkt. No. 64 (transcript of 6/27/2014 detention hearing before Magistrate Judge Cousins); Dkt. Nos. 72 (partial and full transcript of 8/13/2014 hearing before Judge William H. Alsup, including statement by Brugnara); Dkt. No. 75 (minute entry for 8/14/2014 bail hearing before Judge Alsup, at which Mark Levinson and Kay Brugnara testified); Dkt. No. 92 (minute entry for 8/22/2014 bail hearing before Judge Alsup); Dkt. No. 101 (minute entry for 9/3/2014 bail hearing before Magistrate Judge Cousins); Dkt. No. 110 (Brugnara motion for hearing to refute economic danger); Dkt. No. 122 (minute entry for 9/12/2014 hearing, with witnesses, on government motion to stay Judge Alsup's order modifying release conditions).

If Brugnara wishes to modify his release conditions based on new information, then he must file a motion that at least satisfies the threshold requirements of 18 U.S.C. § 3142(f). If he wishes to have a detention hearing on September 24 at 11:00 a.m., his motion is due September 22 by 8:00 a.m. The government may respond by September 23 at 5:00 p.m. No reply will be permitted without further leave of Court.

IT IS SO ORDERED.

Date: September 20, 2014

Nathanael M. Cousins
United States Magistrate Judge