ERIK BABCOCK (Cal. 172517)
LAW OFFICES OF ERIK BABCOCK
717 Washington St., 2d Floor
Oakland, CA 94607
(510) 452-8400 Tel.
(510) 452-8405 Fax
erik@babcocklawoffice.com

JAMES R. STEVENS
WOLF, PENNELLA & STEVENS, LLP
James R. Stevens, SBN 286646
717 Washington St., 2d Floor
Oakland, CA 94607
(510) 451-4600 Tel
(510) 451-3002 Fax
james@wps-law.com

Attorneys for Defendant
LUKE BRUGNARA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LUKE BRUGNARA,<br><br>　　　　Defendant. | No. CR 14-00306 WHA<br>　　 CR 08-00222 WHA<br><br>**SUPPLEMENT TO MOTION FOR PRETRIAL RELEASE**<br><br>Hon. Magistrate Judge<br>Nathanael Cousins<br>Courtroom A, 15th Floor |

On November 12, 2014, the Court ordered the defendant, Luke Brugnara, through counsel, to explain why the court has jurisdiction to hear the motion for release filed on November 5, 2014 (Dkt. 189) and for undersigned counsel to explain his absence at the original hearing date set for that motion. Also included in this supplement is additional information supporting Mr. Brugnara's release.

\\

\\

1

**A. The Court Has Jurisdiction To Hear This Matter**

This Court should consider defendant's Motion for Pretrial Release, based on defendant's introduction of new information that is material to the issue of defendant's ongoing detention. The Bail Reform Act of 1984 provides that a pretrial detention decision may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C.A. § 3142(f).

The Prosecution points to a general rule that adjudicatory action related to an appeal is typically beyond the scope of a lower court's jurisdiction once appeal has been taken. Dkt. No. 191. This argument overlooks the well-established statutory exception covering a lower court's reassessment of its own decision concerning a defendant's pretrial status. 18 U.S.C.A. § 3142(f). This Court retains jurisdiction to reconsider and amend its own prior determination regarding defendant's pretrial detention or release. United States v. Chen, 820 F. Supp. 1205 (N.D. Cal. 1992) (granting motions for pretrial release where the case had been appealed to the Ninth Circuit, but where new

2

circumstances justified reconsideration); see also United States v. Queen, 847 F.2d 346, 350 (7th Cir. 1988) (holding that a court retains jurisdiction to take certain post-appeal actions in criminal cases, including reconsideration of conditions surrounding defendant's pretrial release status); United States v. Drefke, 707 F.2d 978, 984 (8th Cir.) (per curiam), cert. denied, 464 U.S. 942, 104 S.Ct. 359, 78 L.Ed.2d 321 (1983); United States v. Elkins, 683 F.2d 143, 145 (6th Cir.1982); United States v. Black, 543 F.2d 35, 37 (7th Cir.1976); United States v. Bowdach, 561 F.2d 1160, 1167 (5th Cir.1977). Because new facts may come to light which should bear on a determination of defendant's pretrial release, § 3142(f) authorizes the reopening of this Court's detention hearing and authorizes this Court to make such amendments to the decision as changes in circumstances may warrant.

If new evidence or argument pertaining to a defendant's pretrial release becomes available, "the parties should seek reconsideration by the magistrate judge before seeking district court review." United States v. Vasconcellos, 519 F. Supp. 2d 311, 314 (N.D.N.Y. 2007). Defendant has presented information that was not known or available to him at the time of his prior detention hearing, and that is material to and has a substantial bearing on whether he should remain detained. In view of the fact that the new information presented by Mr. Brugnara is not an

3

issue before the Ninth Circuit on appeal, and based on applicable case law and the dictates of § 3142(f), defendant's Motion for Pretrial Release is properly before this Court.

**B. The Court Should Also Consider New Evidence Pertaining to Rose Long's Credibility And The Weight of the Evidence Against Mr. Brugnara When Determining Whether Mr. Brugnara Should Be Released.**

18 U.S.C. 3242(g) (2) states that one of the factors in determining whether a defendant should be released pending trial is the weight of the evidence against the individual. 18 U.S.C.A. § 3142(f). Counsel has recently been informed that Rose Long, the only alleged victim in this case, was arrested last month on assault/bodily harm and disorderly conduct charges. Undersigned counsel is still gathering information about the alleged offenses, but the assault may be a crime of moral turpitude and is certainly relevant to Ms. Long's character and credibility. Ms. Long's arrest should diminish the weight of the evidence against Mr. Brugnara. As a result, Mr. Brugnara should be released on reasonable bail conditions.

Dated: November 14, 2014          Respectfully submitted:

                                          /s/
                                  James R. Stevens
                                  Attorney for Defendant
                                  LUKE BRUGNARA

\\
\\
\\

4

**DECLARATION OF COUNSEL**

I, James R. Stevens, declare:

1. I am an attorney duly admitted to practice before the courts of the United States of America;

2. I have been appointed by CJA for the purposes of assisting Erik Babcock in his representation of Mr. Brugnara;

**Declaration pertaining to the 11/12/14 court appearance**

3. I am informed and believe that on Tuesday, October 28, my paralegal, Jaime Dienst, called Magistrate Cousins' clerk requesting that Mr. Brugnara be added to calendar on November 5, 2014 for a motion for release. The clerk informed her that the first available date to hear that motion was November 12, 2014;

4. I had a previously set court appearance in the Fairfield branch of the Solano County Court set for 8:30 a.m. on November 12, 2014 and Mr. Babcock was scheduled to be in trial at that time. I believed, however, that I could make both appearances that morning. I could not move the hearing in Fairfield or have another attorney make the appearance for me because my client would have been negatively impacted as a result. Moreover, Mr. Brugnara insisted that his matter be heard as soon as possible and I wanted to honor that request and believed that I could;

5. On November 12, 2014, I appeared in Solano County Superior Court in In re Chowdhury v. Singh, case no. FFL134906.

5

I was present when the courtroom opened at 8:30 a.m., but there was considerable delay in the calling of cases because the courthouse lost power for roughly 30 to 45 minutes beginning at about 8:25 a.m. This delay resulted in my leaving Fairfield shortly after 10:00 a.m. Knowing that I would likely be late, I asked Ms. Dienst to call the Court and let the Court know that I was running late and was likely to be 15 or 20 minutes late. I am informed and believe that Ms. Dienst called the court several times and left a voice message. I am informed and believe that she received a call back from the Court's clerk, Lilli Harrell and was told that the Court knew that I was running late and that it was fine;

6. Unfortunately, I underestimated the San Francisco traffic, which was unusually heavy because of major construction occurring on 9th Street between Folsom and Market Streets, which resulted in traffic that was backed up all the way to the Civic Center exit from I-80. I did my best to get to court as quickly as possible and I arrived at the courtroom right as Magistrate Judge Cousins left the bench at approximately 11:30. I spoke with Assistant United States Attorney Ben Kingsley inside the courtroom and he told me I had just missed the judge and briefed me on what had occurred in court;

7. Ultimately, I apologize to the Court for arriving late for the court appearance and for underestimating how long it

6

would take me to arrive;

**Declaration pertaining to new information supporting Mr. Brugnara's Release**

8. I am informed by Erik Babcock and believe that the investigator for the defense has found evidence that indicates that Rose Long was arrested for assault/bodily harm and disorderly conduct in Tennessee. I am also informed and believe that she has an upcoming court date in that case in December.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Oakland, California on November 14, 2014.

Respectfully submitted,

/s/
James R. Stevens
Attorney for Defendant
LUKE BRUGNARA