MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

W. DOUGLAS SPRAGUE (CABN 202121)
BENJAMIN KINGSLEY (NYBN 4758389)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    doug.sprague@usdoj.gov
    benjamin.kingsley@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 14-0306 WHA |
| Plaintiff, | UNITED STATES' TRIAL MEMORANDUM AND PRETRIAL CONFERENCE STATEMENT |
| v. | |
| LUKE D. BRUGNARA, | Trial Date:    January 5, 2015 |
| Defendant. | Pretrial Date: December 10, 2014 |
| | Court:         Hon. William Alsup |

UNITED STATES' TRIAL MEMORANDUM
CR 14-0306 WHA

1

Pursuant to Criminal Local Rule 17.1-1(b), the United States respectfully submits the following Trial Memorandum.

## I. STATUS OF THE CASE

### A. Charges

On May 27, 2014, defendant was charged by complaint with mail fraud, in violation of 18 U.S.C. § 1341. Dkt. 1. On June 5, 2014, he was indicted on one count of mail fraud, alleging a scheme to defraud in connection with his art transaction with Rose Long. Dkt. 9.

On July 17, 2014, the grand jury returned a superseding indictment against defendant. Dkt. 50. The superseding indictment alleges the same scheme to defraud as the original. Counts One through Three charge defendant with causing wires in furtherance of that scheme, in violation of 18 U.S.C. § 1343. Count Four charges defendant with causing the same mailing as the original indictment, in furtherance of that scheme, in violation of 18 U.S.C. § 1341. Counts Five and Six charge false declarations to a court, in violation of 18 U.S.C. § 1623, arising from defendant's testimony on June 17, 2014 at his supervised release revocation hearing in CR 08-00222.

### B. Custody Status

Defendant is in custody. He has appealed his custody, and that appeal is pending before the Ninth Circuit. *See* No. 14-10483 (9th Cir.).

### C. Trial Status

Trial is set to begin on January 5, 2015, and a pretrial conference is set for December 10, 2014. The government estimates that its case-in-chief will require approximately five trial days to present.

## II. STATEMENT OF EVIDENCE

### A. Facts

The United States alleges that, beginning in approximately March 2014, defendant engaged in numerous communications with Rose Long regarding his purported intent to purchase valuable artwork. In sum, the government intends to prove that defendant promised to purchase approximately $11 million of artwork, which included pieces by Edgar Degas, Willem de Kooning, Joan Miró, Pablo Picasso, and George Luks. Defendant stated that he would place the art in his museum. Their communications indicated that he had five days to inspect the art and to make payment for it or to return it. Defendant,

however, had no income, assets, or other means to pay for the art that he had agreed to purchase, nor did he have a museum in which to put the art. On April 7, 2014, the art, packaged in five crates, was delivered from storage in New York to defendant's house in San Francisco.

Ms. Long traveled to San Francisco to be present for the delivery of the art and to participate in defendant's inspection of it. When she arrived, however, defendant stated that he was too busy to inspect the art and would later arrange for a time to inspect it. After taking possession of the art, defendant refused to make payment for it, refused to return it, and claimed that it was a gift. On May 28, 2014, the FBI searched defendant's residence and recovered four crates of the art. The fifth crate, which contained a Degas sculpture for which defendant had agreed to pay approximately $3 million, was not recovered and remains missing.

The government will demonstrate that defendant sent or caused to be sent various wire communications and mailings in furtherance of his scheme to defraud. The superseding indictment specifies three emails that defendant sent to Ms. Long in furtherance of the scheme, as well as the mailing of the artwork through an interstate carrier from New York to San Francisco.

On June 17, 2014, defendant testified at his supervised release revocation proceedings. Among his many statements during his testimony, defendant declared that he emailed Sotheby's on April 3, 2014, to inquire into the value of the artwork, that he "heard back" from Sotheby's that the de Koonings and the Degas were not authentic, and that he called Ms. Long to inform her of these facts. The government intends to introduce evidence that defendant never "heard back" from anyone at Sotheby's that weekend, nor was he told by anyone at Sotheby's that any of the artwork was not authentic. The government also intends to introduce evidence that he never conveyed that information to Ms. Long.

B. Defendant's Statements

The government intends to use, in its case-in-chief, numerous prior statements made by defendant. These include, but are not limited to, oral and written statements defendant made to Rose Long leading up to and after the delivery of the artwork on April 7, 2014; statements obtained via a search of defendant's email account; statements he made to the United States Probation Office or others regarding his income, assets, or ability to pay restitution or for artwork; and statements he made to the witness whose testimony was preserved by a Rule 15 deposition. Additionally, the government intends

UNITED STATES' TRIAL MEMORANDUM
CR 14-0306 WHA

to use, in its case-in-chief, statements that defendant made in written filings on the record and in oral statements, both sworn and unsworn, made on the record during various hearings in this matter, including but not limited to his testimony at his revocation hearing on June 17, 2014 and June 18, 2014. Furthermore, the government intends to introduce, in its case-in-chief, statements, oral and written, made by defendant's attorney, Robert Kane, to attorneys for Rose Long and Walter Maibaum as part of the negotiations over the return of the artwork.

These various statements are not hearsay. Many will be introduced not for the truth of the matter asserted but for the fact that defendant made the statements. To the extent they are introduced for the truth of the matter asserted, they are covered by Federal Rule of Evidence 801(d) as statements by a party opponent, in his individual capacity, *see* Fed. R. Evid. 801(d)(2)(A), or by an authorized agent of defendant acting within the scope of his relationship, *see* Fed. R. Evid. 802(d)(2)(C)–(D).

Defendant's statements at various court hearings will be introduced via copies of the official court transcripts of the hearings in question pursuant to Fed. R. Evid. 902(1) and 902(4). The statements that the government intends to introduce in its case-in-chief are identified in the United States' Preliminary Exhibit List.

**III.    JENCKS, BRADY AND GIGLIO DISCLOSURE (Crim. L. R. 17.1-1(b)(1–3)).**

At or before the pretrial conference, the United States will seek an order authorizing it to provide a copy of transcripts of grand jury testimony of witnesses it intends to call at trial. The government has provided to defendant copies of all currently available reports of law enforcement authorities in its possession. If any new reports are obtained, they will be provided to the defense. The United States believes that it has supplied all materials that may be relevant as *Brady* material, if any, and recognizes its obligation to continue to provide any such materials within its possession, custody, or control. The government also understands its continuing duty to comply with Rule 16 and will do so.

As of this date, the United States is not aware of any exculpatory material or impeachment information concerning the witnesses expected to testify in its case-in-chief that would be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), that has not already been provided or disclosed to the defense.

Despite repeated requests for it, the United States has received neither reciprocal discovery from defendant pursuant to Federal Rule of Criminal Procedure 16(b) nor witness statements from defendant pursuant to Federal Rule of Criminal Procedure 26.2. The United States requests that defendant be directed to comply with Rule 26.2 as appropriate. The United States has also not received any expert disclosures from defendant.

**IV.     STIPULATIONS AND NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11) (Crim. L.R. 17.1-1(b)(4)).**

At present, the parties have not agreed on any stipulated facts. The United States proposes that the parties enter into stipulations regarding any evidentiary matters that are not in dispute in an effort to eliminate the need to call multiple foundation witnesses. The United States proposes that the parties reach stipulations with respect to the following matters:

(1)     The phone records obtained from AT&T with respect to the accounts of defendant and Katherine Brugnara are true and correct copies of the records related to each of the respective accounts. All of these records are admissible as business records of the respective business entity under Federal Rule of Evidence 803(6).

(2)     The bank records (including records of checks written and checks deposited) obtained from Wells Fargo and Bank of America with respect to the accounts of defendant and any of defendant's business entities, including any of the "Brugnara Properties" or "Brugnara Corporation," are true and correct copies of the bank records of those individuals and entities. All of these records are admissible as business records of either Bank of America or Wells Fargo under Federal Rule of Evidence 803(6).

(3)     The email records provided by AOL with respect to the account of defendant are true and correct copies of the records related to that account, and the e-mails and associated attachments were sent and received by the accounts indicated in each email. These records are admissible as business records of the respective business entity under Federal Rule of Evidence 803(6).

(4)     The official transcripts of the various court hearings conducted in Case Nos. 08-cr-00222-WHA and 14-cr-00306-WHA are true and correct copies of the public records regarding those court hearings. All of these records are admissible as public records of the District Court under Federal Rule of Evidence 803(8).

(5)     The emails which serve as the basis for Counts One, Two, and Three (wire fraud) traveled in interstate commerce and through the Northern District of California.

(6)     The shipment of artwork from New York to San Francisco traveled on American Airlines, an interstate carrier, through interstate commerce.

(7)     The financial statements defendant submitted to United States Probation in January 2013 and April 2014 are authentic documents created and signed by defendant.

The United States may propose additional stipulations prior to trial in order to streamline the

UNITED STATES' TRIAL MEMORANDUM
CR 14-0306 WHA

presentation of this case. The United States requests that the defense notify government counsel prior to the pretrial conference if it will agree to any or all of the proposed stipulations, or if it has other suggestions with respect to stipulated facts. The agreed-upon stipulations will thereafter be reduced to writing, signed by the parties, filed with the Court, and published to the jury at the appropriate time during the course of the trial.

Even if defendant does not stipulate to the admissibility of the business records or public records, they are admissible as self-authenticating records under Federal Rule of Evidence 902(1) (sealed and signed copies of public records), 902(4) (certified copies of public records), or 902(11) (business records). The United States hereby provides notice of its intent, if no stipulation is reached, to introduce the records described above as self-authenticating pursuant to those and other appropriate Federal Rules of Evidence.

## V. NEED FOR INTERPRETERS (Crim. L.R. 17.1-1(b)(5))

The testimony of one witness has already been preserved pursuant to Federal Rule of Criminal Procedure 15, and her testimony required the use of an interpreter. The government expects that she will be unavailable for trial and that the admissible portions of her video deposition will be played to the jury instead. The government does not anticipate requiring interpreters for the remaining witnesses it intends on calling at trial.

## VI. DISMISSAL OF COUNTS AND ELIMINATION OF CERTAIN ISSUES (Crim. L.R. 17.1-1(b)(6).

The United States does not anticipate dismissing any counts. Other than the parties' stipulation to foundational evidentiary issues, the United States is not aware of any issues that can be eliminated prior to trial.

## VII. JOINDER/SEVERANCE ISSUES (Crim. L.R. 17.1-1(b)(7)).

There are no joinder or severance issues.

## VIII. INFORMANTS/PRIOR CONVICTIONS (Crim. L.R. 17-1(b)(8)).

The United States will not rely on any "informants." None of the government's witnesses is known to have prior convictions, and the government will inform the defense if it learns of any. Witness Rose Long has a pending criminal case that is the subject of the government's motion *in limine* Number

UNITED STATES' TRIAL MEMORANDUM
CR 14-0306 WHA

6

1  6, Dkt. 202.

2  The government has separately filed a response to defendant's motion *in limine* regarding
3  defendant's prior convictions that sets forth defendant's prior convictions and discusses their
4  admissibility.

5  **IX.   WITNESS LIST (Crim. L.R. 17.1-1(b)(9)).**

6  The United States is filing its proposed witness list separately.

7  **X.    EXHIBIT LIST (Crim. L.R. 17.1-1(b)(10)).**

8  The United States is filing its proposed exhibit list separately.

9  **XI.   OBJECTIONS TO EXHIBITS OR TESTIMONY (Crim. L.R. 17.1-1(b)(11)).**

10  Defendant has not informed the government of its intent to use any particular exhibits or
11  testimony at trial.  On July 16, 2014 and November 26, 2014, the government filed six motions *in limine*
12  regarding expected testimony or exhibits on the part of defendant.  Defendant has not yet responded to
13  these motions, and the government requests resolution of those motions at the pretrial conference.

14  **XII.  LEGAL ISSUES LIKELY TO ARISE AT TRIAL (Crim. L.R. 17.1-1(b)(12)).**

15  To the extent anticipated by the government, these are addressed in the motions *in limine* filed on
16  July 16, 2014 and November 26, 2014, and the government's response to defendant's motions *in limine*,
17  filed concurrently with this memorandum.

18  **XIII. PROPOSED VOIR DIRE (Crim. L.R. 17.1-1(b)(14)).**

19  The United States is filing its proposed jury voir dire separately.

20  **XIV.  PROPOSED JURY INSTRUCTIONS (Crim. L.R. 17.1-1(b)(14)).**

21  The United States is filing its proposed jury instructions separately.

22

23  DATED: December 3, 2014                          Respectfully submitted,

24                                                  MELINDA HAAG
                                                    United States Attorney
25

26                                                  _____/s/_____
27                                                  W. DOUGLAS SPRAGUE
                                                    BENJAMIN KINGSLEY
28                                                  Assistant United States Attorneys

UNITED STATES' TRIAL MEMORANDUM
CR 14-0306 WHA

7