IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUKE D. BRUGNARA,

    Defendant.

No. CR 14-00306 WHA

**TENTATIVE ORDER RE MOTIONS IN LIMINE**

On November 26, 2014, both parties submitted their pre-trial motions in limine. Defendant submitted four motions and the government submitted six motions. On December 3, 2014, the parties submitted their oppositions to the other side's motions. This tentative order rules on each motion in limine subject to oral argument at the final pretrial conference. A final (and perhaps revised) order will issue after the conference.

### DEFENDANT'S MOTIONS IN LIMINE

**1.** **DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF MR BRUGNARA'S PRIOR CONVICTIONS.**

Defendant moves to exclude any evidence of Mr. Brugnara's prior convictions. The government states that it does not intend to introduce any evidence of Mr. Brugnara's prior

convictions in its case-in-chief. If defendant testifies, however, the government intends to introduce evidence of Mr. Brugnara's prior convictions relating to his character for truthfulness for impeachment purposes. These include 2010 convictions for filing false tax returns, under 26 U.S.C. 7206(1), and making false statements, under 18 U.S.C. 1001.

FRE 609(a)(2) states that for the purpose of attacking the credibility of a testifying defendant, evidence of a conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness admitting — a dishonest act or false statement." Mr. Brugnara's convictions for filing false tax returns and making false statements go to his character for truthfulness. Thus, if Mr. Brugnara testifies, the government may introduce these convictions as impeachment evidence.

The government also notes that defendant was convicted in 2010 for a violation of the Endangered Species Act, under 16 U.S.C. 1538(a)(1)(G), 1540(b)(1). The government states in its opposition, however, that it only intends to introduce defendant's convictions for false statements and false tax returns if defendant testifies.

Defendant's first motion in limine is thus **GRANTED IN PART AND DENIED IN PART**. The government cannot introduce evidence of Mr. Brugnara's prior convictions during its case-in-chief. If Mr. Brugnara testifies, however, the government may impeach him by introducing evidence of his convictions for filing false tax returns and making false statements.

**2. DEFENDANT'S MOTION TO EXCLUDE "OTHER ACTS" EVIDENCE UNDER RULE 404(B)**

FRE 404(b) provides that evidence of a "crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." The rule goes on to state that introduction of "other acts" evidence is allowed for other purposes, such as proving motive, opportunity, or intent, if the government provides reasonable notice to the defense. The government asserts that it does not intend to introduce any Rule 404(b) evidence in its case-in-chief. The government states, however, that it intends to introduce financial statements defendant submitted to United States

2

Probation. The government claims these financial statements are independently relevant for the purpose of proving the counts in this case, and not for use as character evidence.

Because the government states that it does not intend to introduce any Rule 404(b) character evidence, and the financial statements are independently relevant, defendant's motion to exclude "other acts" evidence is **DENIED**.

### 3. DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF DEFENDANT'S STATUS ON SUPERVISED RELEASE.

Defendant moves to exclude any evidence showing that defendant was on supervised release during the time of the alleged criminal conduct. The government states that it intends to introduce financial statements that defendant submitted to his probation officer. These documents allegedly show that defendant had no income and virtually no assets (and thus was in no position to lead victims to believe that he could purchase $17 million in art). The government has offered, however, to remove any reference to defendant's supervised release status if defendant stipulates that he wrote and submitted these documents.

If defendant stipulates that he wrote and submitted these financial statements, then the government may introduce only the April 2014 financial statement in redacted form, omitting any reference to defendant's supervised release status. If defendant refuses to stipulate, however, the April 2014 financial statement will be allowed in evidence, possibly without any redactions. The other financial statements will not be allowed into evidence. Defendant's motion is thus **DENIED**.

### 4. DEFENDANT'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF ROSE LONG AND WALTER MAIBAUM.

On August 28, 2014, the government sent defense counsel a letter indicating its intent to ask Rose Long and Walter Maibaum expert questions at trial. Ms. Long and Mr. Maibaum are mainly fact witnesses in this case, but the government seeks to head off a procedural objection when their fact testimony veers off into opinion testimony, such as the market value of the items

3

of art under discussion. The government's four-page letter detailed Mr. Long and Mr. Maibaum's expert qualifications, bases for their testimony, and a summary of their expected testimony. The government expects these two witnesses to testify regarding the authenticity and value of the art in question in this case.

Defendant moves to exclude their expert testimony under Rule 16(a)(1)(G). Defendant claims the government's letter is inadequate because it is not signed by either expert and the description of the witnesses' qualifications is too general.

The government's letter summarizing the witnesses' opinions, bases, and qualifications meets the requirements set forth in Rule 16. The four-page, single-spaced letter provides adequate detail regarding Ms. Long and Mr. Maibaum's potential expert testimony. Further, Rule 16 does not state any requirement that the report must be signed by the expert witness. Defendant's motion is thus **DENIED**.

Significantly, however, if the government plans to prove what was actually in the crates and how many crates there actually were, that will require fact testimony with first-hand knowledge and/or chain-of-custody records that qualify as admissible records of regularly conducted activity. Ms. Long, as the Court remembers it, did not look inside the crates and has no first-hand knowledge of the contents. She may possibly be allowed to testify to the value of a particular statue in the art marketplace but she cannot "opine" as an "expert" as to what factually was really in the crates. All counsel should keep this distinction in mind.

# THE GOVERNMENT'S MOTIONS IN LIMINE

**1. THE GOVERNMENT'S MOTION TO PRECLUDE ANY REFERENCE TO POTENTIAL PUNISHMENT.**

The government moves to prohibit the defense from making any reference to the potential punishment defendant may suffer if he is convicted. Defendant does not oppose this motion and it is thus **GRANTED**.

**2. THE GOVERNMENT'S MOTION TO PRECLUDE THE DEFENSE FROM ELICITING TESTIMONY AND MAKING STATEMENTS REGARDING THE EXISTENCE OF A CONTRACT BETWEEN ROSE LONG AND THE DEFENDANT.**

The government moves to preclude any evidence regarding the existence of a contract between defendant and Ms. Long. The government states that the existence of a contract between defendant and Ms. Long is irrelevant to the government's fraud case. Further, the government contends that the legal question of whether a contract exists is likely to confuse the jury.

The defense claims that it should be allowed to question Ms. Long about her understanding of the arrangement with defendant. The potential existence of a contract in this situation is relevant to Ms. Long's credibility and also to defendant's state of mind and intent. It is also potentially relevant to possible defenses the defendant may wish to assert.

The government's motion is thus **DENIED**. If, however, certain evidence or testimony would be more prejudicial than probative, it will be excluded under FRE 403. At this time, however, the undersigned judge will not exclude all general evidence relating to a potential contract between defendant and Ms. Long.

5

### 3. THE GOVERNMENT'S MOTION TO EXCLUDE EVIDENCE REGARDING THE VICTIM'S CHARACTER OR ALLEGED PRIOR MISCONDUCT.

The government moves to exclude references or facts relating to the victims' prior misconduct. The government is particularly worried about the defense introducing evidence relating to unsubstantiated allegations on the internet, any websites the witnesses may have maintained, or prior names which the witnesses may have used. The defense responds that it does not intend to offer any anonymous internet evidence regarding the victims' past dealings.

Third-party websites or chat room type slurs against either victim, including news websites, are rank hearsay and will not be allowed in evidence without further order of the Court.

Beyond this, however, the broad motion cannot be granted. For example, if a victim maintained a website, then statements from that website could be used for impeachment. Anything else will have to be pre-cleared with the judge.

### 4. THE GOVERNMENT'S MOTION TO EXCLUDE EVIDENCE REGARDING THE VALUE OR AUTHENTICITY OF THE ART AT ISSUE.

The government moves to exclude any evidence relating to the value or authenticity of the art at issue in this case. The government claims that the value and authenticity of the art are irrelevant to the elements of the crimes the government is trying to prove. The government argues that what is relevant is that defendant's alleged false statements or omissions occurred and caused the victims to be deprived of the artwork. The government also claims that the appraisal and authentication of artwork is a very subjective process that is prone to confuse the jury.

The government seeks to show that defendant was broke (see above) but that is only relevant if the art was worth millions. If it were worth only a few hundred dollars, then even a broke defendant could have scrounged around for the money.

Also, the value goes to the credibility of the government's victim witnesses. If they were trying themselves to defraud the accused in the very same deal, then that conduct would shed light on their credibility as witnesses.

6

The value and authenticity of the art is an important part of the *res gestae* of this case. Thus, the government's motion is **DENIED**, subject to specific items and questions under Rule 403.

### 5. THE GOVERNMENT'S MOTION TO PRECLUDE THE DEFENSE FROM MAKING A "BLAME THE VICTIM" ARGUMENT.

The government moves to preclude the defense from arguing that the victims were negligent or careless in sending the artwork to defendant without any money deposit. The government also moves to preclude the defense from arguing that the victims wronged defendant in some way. The government believes the defense will introduce evidence showing that the victims tried to defraud defendant by selling him inauthentic art. The government claims that this evidence is irrelevant to the guilt or innocence of the defendant.

Again, evidence showing that the victims intended to defraud defendant in this case is relevant to the victims' credibility. Thus, the Court will not preclude all evidence defendant tries to introduce generally relating to a "blame the victim" theory. The defense will be given reasonable latitude to impeach the victims in this case. As stated above, any specific evidence the defense attempts to introduce will be subject to FRE 403. The government's motion is **DENIED**.

### 6. THE GOVERNMENT'S MOTION TO EXCLUDE FURTHER EVIDENCE REGARDING THE VICTIMS' ADDITIONAL ALLEGED OTHER MISCONDUCT.

The government moves to exclude evidence relating to Ms. Long's recent arrest for assault on a police officer. The government also moves to exclude evidence of a prior lawsuit involving Mr. Maibaum and an allegedly fake Picasso sculpture. The government claims this evidence cannot be introduced to impeach the victims because it is inadmissable character evidence under FRE 404 and should also be excluded under FRE 403.

The parties do not provide nearly enough detail about the victims' alleged recent misconduct. In Ms. Long's case, the government merely states that she was arrested for assault

7

on a police officer and that the allegations are unproven. More specifics are needed for the undersigned judge to determine whether this evidence is relevant to her credibility. In Mr. Maibaum's case, the government states that there was a lawsuit against him regarding a Picasso sculpture. What is the current status of the lawsuit? Was it dismissed? Was there a settlement? If so, how much was it for? These are the types of questions that need to be answered to determine if this evidence is relevant to Mr. Maibaum's credibility as a witness.

The government claims that evidence of this misconduct should be excluded. However, it does not provide enough detail regarding the alleged events for the undersigned judge to make that determination. For now, the government's motion is thus **DENIED**. Both sides must give the judge more information.

**IT IS SO ORDERED.**

Dated: December 5, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE