ERIK BABCOCK (Cal. 172517)
LAW OFFICES OF ERIK BABCOCK
717 Washington St., 2d Floor
Oakland, CA 94607
(510) 452-8400 Tel
(510) 452-8405 Fax

Attorney for Defendant
LUKE BRUGNARA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Nos.  CR 14-00306 WHA |
| --- | --- |
| Plaintiff, | CR 08-00222 WHA |
| | **MOTION TO WITHDRAW AS COUNSEL OF RECORD** |
| v. | |
| LUKE BRUGNARA, | Date: December 22, 2014 |
| | Time: 11:00 a.m. |
| Defendant           / | Dept: WHA |

**TO DOUG SPRAGUE, ASSISTANT U.S. ATTORNEY**:

PLEASE TAKE NOTICE that on December 22, 2014 at 11:00 a.m. or as soon thereafter as the matter may be heard, the undersigned counsel will and hereby does move the court for an order allowing him to withdraw as counsel of record.   This motion is made on the ground that there has been a significant breakdown in communication.  This motion is based on the attached memorandum and declaration, the prior pleadings filed and hearings held in this case, and on any ex parte under seal information provided to the court during the hearing on the motion.

///

Motion To Withdraw
<u>United States v. Brugnara</u>,
Nos. 14-cr-306, 08-cr-222

# MEMORANDUM IN SUPPORT OF MOTION

## I.

## THE COURT MUST ALLOW COUNSEL TO WITHDRAW AS THERE IS AN IRRECONCILABLE CONFLICT

Mr. Brugnara has a constitutional right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution. That includes the right to conflict-free counsel. See Garcia v. Bunnell, 33 F.3d 1193, 1195 (9th Cir. 1994). Although Mr. Brugnara is not entitled to a particular appointed lawyer, Morris v. Slappy, 461 U.S. 1, 3-4, 75 L. Ed. 2d 610, 103 S. Ct. 1610 (1983), if the relationship between lawyer and client completely collapses, the refusal to allow counsel to withdraw and to substitute new counsel violates his Sixth Amendment right to effective assistance of counsel, Moore, supra; Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir. 1970). This is true even if present counsel's representation is effective and competent. United States v. Musa, 220 F.3d 1096, 1102 (9th Cir. 2000) cert. denied, 531 U.S. 999 (2000)).

The court must determine whether there is a "extensive, irreconcilable conflict" between a defendant and his appointed counsel. United States v. Smith, 282 F.3d 758, 763 (9th Cir. 2002). This conflict must have led to "a significant breakdown in communication that substantially interfered with the attorney-client relationship." United States v. Adelzo-Gonzalez, 268 F.3d 772, 779 (9th Cir. 2001). For the reasons set forth in the attached declaration, as well as any information provided the court during an ex parte sealed hearing, the undersigned requets that he be allowed to withdraw.

DATED: December 18, 2014 _____/S/_____
ERIK BABCOCK
Attorney for Defendant

Motion To Withdraw
United States v. Brugnara,
Nos. 14-cr-306, 08-cr-222                                        Page 2 of 3

**DECLARATION IN SUPPORT OF MOTION**

I, ERIK BABCOCK, declare as follows:

1. This declaration is submitted in support of my motion to withdraw as counsel of record.

2. I am concerned that the proceedings on my my motion to continue the trial date, which the court granted a one week, but which was not anywhere near as much time as I was requesting, has led to a breakdown in my relationship with my client.

3. Accordingly, I ask the court to conduct an ex parte sealed hearing on the issue with me and my client.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 19th day of December, 2014 at Oakland, California.

                                                    /S/
                                        ERIK BABCOCK
                                        Attorney for Defendant