MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

W. DOUGLAS SPRAGUE (CABN 202121)
BENJAMIN KINGSLEY (NYBN 4758389)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    doug.sprague@usdoj.gov
    benjamin.kingsley@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 14-0306 WHA |
| | )               CR 08-0222 WHA |
|     Plaintiff, | ) |
| | ) |
|  v. | ) UNITED STATES' OBJECTIONS TO FURLOUGH |
| | ) PROCEDURES |
| LUKE D. BRUGNARA, | ) |
| | ) |
|     Defendant. | ) |

On Friday afternoon, December 19, the Court *sua sponte* filed its "Tentative Order Re Furlough Procedures for Defendant Luke Brugnara." (Dkt. 250.) On Monday, December 22, the Court handed the parties a revised, but still tentative, "Order Re Furlough Procedures for Defendant Luke Brugnara." The Court asked the parties to file comments regarding that document by the close of business that day.

First, the government reiterates its objection to any furlough procedure. As this Court and the magistrate courts have found repeatedly (rulings the Ninth Circuit has affirmed), defendant is not amenable to any kind of supervision, *see, e.g.,* Dkt. 141, 169, much less supervision by his attorney who could not supervise him during the last allowance this Court made (because this defendant simply is not

RESP. RE FURLOUGH;
CR 14-0306 WHA and CR 08-0222 WHA

1

supervisable). Defendant's prior violations of supervision are outlined in the government's prior filings on this issue. *See, e.g.*, Dkt. 117, 166. Even with the most stringent possible conditions, defendant will find a way to violate this Court's order, as he has done again and again in the past.

If the Court allows any furlough procedure, however, the government has the following comments on the proposals to date:

1. The order should expressly require Attorney Babcock to escort defendant from the USMS lock-up facility to the Attorney Lounge. (As written, there is arguably a gap between accepting custody of defendant and the "furlough sessions.")

2. The order should expressly limit what floors defendant may be on at any time. For example, it should list the lock-up floor (i.e., 20th floor in San Francisco) and the Attorney Lounge floor (18th floor in San Francisco) and expressly require that defendant is allowed only on the former floor with the USMS, the latter with counsel, and the elevator, with counsel, in between. It should set forth that defendant is never allowed, under any circumstances, below the 18th floor in San Francisco (and the equivalent floor in Oakland).

3. The order should state that defendant is allowed to meet with only the following persons: Erik Babcock, James Stevens, a paralegal or investigator working at Mr. Babcock's and Mr. Stevens's direction, a representative of the USMS, and a representative of Pretrial Services. The order should expressly state that defendant is not allowed to communicate with any other person for any reason.

4. The phrase "close with him" should be clarified. It should state "within sight of him and in the same room as him" (except for, as noted later in that sentence, waiting outside the restroom while defendant uses it).

5. The order should state as follows: Defendant may not possess or use any cellular phones, smart phones, computers, or computer tablets. Defendant may not use or possess any device that can access the internet, send/receive telephone calls, or send/receive text messages. [This was a condition of the Court's order when defendant was released to the halfway house, though defendant immediately and repeatedly violated it.]

6. The order should state as follows: Defendant shall not engage in or attempt to engage in any financial transactions either directly or indirectly through third parties (including but not limited to

his wife, other family members, or civil or criminal attorneys).  Defendant may not possess any credit cards, bank cards, or any other financial access devices.  He may not possess any checks or cash. [These, too, were conditions of defendant's prior release to the halfway house.]

7. Defendant should be fitted with a GPS device during each furlough session.

8. The sentence requiring "by reservation the previous day" should have the word "business" inserted between "previous" and "day."  In other words, it should be clear that visits may not be reserved by calling on a weekend or holiday.  If the USMS can arrange it on a weekend or holiday, the government withdraws this proposed revision.

9. The notification provisions should be bolstered.  As he has done in the past, defendant will look for every possible opportunity to exploit any gap in these provisions or any interpretation of directives.  It should not be placed upon his counsel to be the arbiter of whether certain conduct constituted a "violation," versus an attempted violation or a material violation or a hypertechnical one and so forth.  Defense counsel should be ordered to report any potential violation, whether seemingly material or not, and to report any potential violation first to the USMS and then to Allen Lew or Mr. Lew's designee at Pretrial Services.  Those parties, then, can determine whether informing the Court and the government is warranted.  Defense counsel should be ordered to err on the side of reporting even potential violations to the USMS and to Pretrial Services.  Notification "right away" should be notification "immediately."

10. The government does not understand the "through the glass" provision.  The conference rooms in the Attorney's Lounge at 450 Golden Gate Avenue do not have glass.

11. Defendant should be directed to have no contact, directly or indirectly, with any victims or witnesses in this case, whether he thinks they are "still" victims or witnesses or not.  [This was condition # 8 of the prior release conditions, which he also repeatedly violated.]

12. Today at the hearing, defense counsel asked if defendant could be left at Pretrial Services from time to time.  The government defers to Pretrial Services on that point, except for two things. First, defendant must be observed (in person, not relied upon by video) the entire time he is at Pretrial Services and cannot leave until his attorney returns; he cannot be left alone and anyone watching him must have a copy of any final order regarding the terms and conditions of any furlough session.  Second,

RESP. RE FURLOUGH;
CR 14-0306 WHA and CR 08-0222 WHA

1  the imposition on Pretrial Services, if any, should be limited to, for example, leaving defendant to be
2  observed there not more than twice in any one day for not more than 15 minutes at any one time.
3      Finally, if the Court is going to allow this furlough procedure in any form under any conditions
4  whatsoever, the Court should do so only after defendant has met one critical condition precedent: he
5  must file a motion to withdraw his "Ex Parte Application to Exonerate Bond and Reconvey Deed of
6  Trust." (Dkt. 234.) Especially in light of the repeated violations of pretrial release found by Magistrate
7  Cousins and this Court, the $500,000 bond should remain in place as an incentive for defendant to abide
8  by the terms and conditions ordered by this Court.
9  //
10 DATED: December 22, 2014                    /s/
                                               W. DOUGLAS SPRAGUE
11                                             BENJAMIN KINGSLEY
                                               Assistant United States Attorneys