1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   J. DOUGLAS WILSON (DCBN 412811)
3  Chief, Criminal Division

4  W. DOUGLAS SPRAGUE (CABN 202121)
   BENJAMIN KINGSLEY (NYBN 4758389)
5  Assistant United States Attorneys
            450 Golden Gate Avenue, Box 36055
6           San Francisco, California 94102-3495
            Telephone: (415) 436-7200
7           Fax: (415) 436-7234
            doug.sprague@usdoj.gov
8           benjamin.kingsley@usdoj.gov

9  Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 14-0306 WHA |
| | CR 08-0222 WHA |
| Plaintiff, | |
| | NOTICE REGARDING DEFENDANT'S MOTION |
| v. | TO EXONERATE BOND |
| | |
| LUKE D. BRUGNARA, | |
| | |
| Defendant. | |

On December 15, 2014, defendant moved to exonerate his release bond. Dkt. 234. The government responded by stating it would not oppose such exoneration if defendant's then-pending motion for release were denied by Judge Alsup, and stated that it would notify this Court when that determination was made. Dkt. 245.

On December 19, 2014, Judge Alsup denied defendant's motion for release. Dkt. 249. That same day, however, Judge Alsup also issued a tentative order regarding a proposed set of furlough procedures, under which defendant would be permitted to visit with his attorney in the Attorney's Lounge in the federal building between 9:00 a.m. and 3:00 p.m. to prepare for trial. Dkt. 250. Today, Judge Alsup provided to the parties a modified version of such furlough procedures, and he ordered the

parties to file responses on this further proposed order. Dkt. 253, 255.

As part of the government's response today, the government requested that defendant be required to withdraw his motion to revoke his bond in order to be furloughed. Dkt. 255 at 4. Thus, although defendant's most recent motion for release from custody has been denied, the government continues to oppose any revocation of the bond while it remains possible that defendant will be released from the custody of the United States Marshals Service under any conditions—whether on pretrial release, to the halfway house, or on furlough for six hours per day. The bond is justified given that, as this Court is well aware, defendant has repeatedly violated the terms of his pretrial release in this case. The government respectfully requests that this incentive for defendant to follow the terms and conditions set by the court remain in place.

DATED: December 22, 2014

/s/
W. DOUGLAS SPRAGUE
BENJAMIN KINGSLEY
Assistant United States Attorneys