IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LUKE D. BRUGNARA,

    Defendant.
                               /

No. CR 14-00306 WHA
No. CR 08-00222 WHA

**ORDER RE FURLOUGH PROCEDURES FOR DEFENDANT LUKE BRUGNARA**

    The Court and the Marshal have worked out a special furlough arrangement for defendant Luke D. Brugnara to meet with his CJA lawyers for trial preparation as follows:

    The United States Marshals Office will facilitate the following furlough procedure for defendant Brugnara, a current pre-trial detainee at Glenn Dyer jail. When defendant's lead lawyer, Erik Babcock, makes an appointment, by 4 P.M. the previous business day, the Marshals Service shall bring defendant to the Marshals lock-up facility in either Oakland (510-637-3666) or San Francisco (415-436-7660), as requested. The Marshals shall then release defendant, wearing clothing to be provided by defendant's family, to the temporary custody of defendant's lead lawyer Erik Babcock for the sole purpose of meeting with his counsel in the attorney's lounge in the same building. Attorney Babcock must physically escort defendant from the lock-up facility directly to the attorney's lounge when he accepts custody. During furlough sessions in the Oakland facility, the accused must remain in sight of and within the same room as Attorney Babcock at all times. During furlough sessions in the San Francisco facility, the accused must also remain within sight of Attorney Babcock, except when the accused is left with Allen Lew in pre-trial services for the sole purpose of allowing counsel to pick up lunch. At the pre-trial services office, defendant must be observed, in person, by Allen Lew or a member of

the pre-trial services department (designated by Mr. Lew), the entire time defendant's attorney is away. The person observing defendant must have a copy of this order regarding the terms and conditions of defendant's furlough sessions. This pre-trial services part is not allowed during sessions at the Oakland facility, meaning that Attorney Babcock must be with defendant at all times in Oakland.

Defendant may not leave the federal building and may only go from the lock-up facility to the attorney's lounge and back (plus rest facilities). This means that in Oakland, defendant may only be in the lock-up facility, the attorney's lounge on the fourth floor, and the elevator in between. In San Francisco, defendant may only be in the lock-up facility, the attorney's lounge on the 18th floor, and the elevator in between. During furlough sessions, defendant may only meet with and speak to Attorney Babcock, Attorney James Stevens, a paralegal or investigator working at Mr. Babcock and Mr. Stevens' direction, a representative of the Marshal, and a representative of pre-trial services. On furlough, defendant may not possess or use any cellular phones, smart phones, computers, laptops, or computer tablets. Defendant may not use or possess any device that can access the internet, send/receive telephone calls, and/or send/receive text messages. Defendant shall not engage in or attempt to engage in any financial transactions either directly or indirectly through third parties (including but not limited to his wife, other family members, or civil or criminal attorneys). Defendant may not possess any credit cards, bank cards, or any other financial access devices. He may not possess any checks or cash. Defendant shall have no contact, directly or indirectly, with any victims or witnesses in this case during the furlough sessions.

The defense may use the visits only to prepare for trial and *not* for the purposes of bringing further bail motions, motions to dismiss, or for the purpose of lining up alternative retained counsel, or obtaining financing to do so, or for meeting with his family, civil attorney, or anyone other than his trial counsel. Any such furlough-prohibited activities may, however, still be conducted via the normal visitation and telephone avenues available at Glenn Dyer. On furlough, Attorney Babcock must stay within sight and within the same room as defendant at all times (except as stated above), must wait outside any restroom while the accused uses it, and will

be responsible for making sure all furlough conditions are honored. When one lawyer uses the restroom, the accused must remain in the conference room with the other lawyer (or both the accused and counsel must use the facility at the same time). When defendant is present, no phone may be used. Defense counsel shall refrain from having any cell phones within reach of the defendant. One of the defense lawyers may bring the defendant lunch. Defense counsel shall take care to avoid bringing anything near defendant that might be used as a weapon. Defendant shall act in a civil manner and avoid tantrums and shouting.

When the meeting is over, Attorney Babcock shall escort defendant back to the Marshals lock-up facility no later than 3 P.M., where defendant will be immediately remanded back into the custody of the United States Marshal, searched, returned to jail clothing, and transported back to the Glenn Dyer jail. Documents destined for defendant's jail cell must still be processed via Inmate Services in the normal way.

The period of furlough can be from 9 A.M. to 3 P.M. on any business day by reservation the previous business day. If defendant violates any of these rules, or attempts to leave the courthouse, his lawyer, as an officer of the court, shall notify the Marshals immediately. Defendant's lawyers shall promptly report any potential violation of these conditions, whether material or not, to the Marshal's office. Counsel shall undertake these responsibilities at their own risk, being on notice of the accused's outbursts and tantrums. A CSO officer will observe these meetings from time to time. The FBI, pre-trial services, or other government agent may possibly do so as well to see that the conditions herein are being honored. They may also check phone records for the phones in the conference room.

Before defendant can take advantage of this procedure, he and his counsel must sign and date a copy of this order stating that they have read it, understand it, and will obey it. Then the Court will, after approving the signed subscriptions, issue an order activating this furlough procedure.

**IT IS SO ORDERED.**

Dated: December 23, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE