United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LUKE D. BRUGNARA,

    Defendant.

No. CR 14-00306 WHA
No. CR 08-00222 WHA

**ORDER RE LAS VEGAS DEAL AND MAGAZINE COVERS**

At yesterday's status conference, Attorney Erik Babcock made an unnoticed request to release or furlough defendant Brugnara from custody for the purpose of closing a pending deal in Las Vegas. Counsel and defendant (through another outburst) contended that the undersigned judge had earlier agreed to consider such a release.

It developed, however, that on the earlier occasion (September 11, 2014) the undersigned judge actually stated as follows (Dkt. No. 113):

> With respect to Attorney Babcock's pithy request for permitting defendant "to close his current transaction in Las Vegas to support his family and pay the $1.9 million restitution," Attorney Babcock is invited to explain the status of this Las Vegas transaction in detail, and to propose conditions for a telephone call by defendant to allow him to "close" this transaction (including provisions to protect the other side in this transaction from fraud). Attorney Babcock appears to represent that all that is needed is to "close" the Las Vegas transaction, implying that all of the details have been worked out, all paperwork has been done, and all that is needed now is a closing ceremony. The Court's recollection from the Form 12 proceeding is to the contrary, namely, that plans for a deal in Las Vegas were extremely preliminary, that not even a

> tentative deal ever emerged, and that there is nothing in Las Vegas to close. So before permission could possibly be granted to "close" any Las Vegas transaction, counsel must supply details of who is involved in the deal, what the deal is, and what remains to be done to close.

Yesterday, defendant Brugnara stated in open court that he had met the conditions of this order with a subsequent handwritten filing. The Court noted that it did not remember any such filing. Counsel and defendant were unable to supply any such filing at the hearing. Nevertheless, the Court has gone back after the hearing to determine whether any post-September 11 filings were overlooked. Attorney Babcock never provided such details in any subsequent motion. Defendant was never authorized to make such a motion. Putting that aside, the Court has again reviewed all of defendant's post-September 11 handwritten submissions and found nothing that would approach such a further submission.

The closest item found is from an October 23 handwritten motion by defendant that stated in part as follows (Dkt. No. 173 at 6):

> I took a piece of dirt in the desert of Nevada and built a shopping center with Walgreens, Ross Dress For Less, 7-11, Denny's, etc., that will pay millions of dollars in formal taxes on sales and employees for the next 100+ years. I create tax base revenue; I create the revenue base that drives this country.

This manifestly does not approach the specificity required by the Court's September 11 order. In fact, it does not describe any proposed deal on the verge of closing. If this is what defendant referred to, it was a non-starter.

Attorney Babcock is hereby ordered to submit a copy of the filing defendant referenced when defendant stated yesterday: "I gave a written motion, Your Honor. I filed a written motion in writing, to respond to [the Court's September 11 order] in detail, as you requested. And you never responded to it one way or another. You didn't deny it. You didn't approve it" (Tr. 27). Attorney Babcock shall submit a copy of this earlier filing that supposedly provided details of defendant's pending Las Vegas transaction by **JANUARY 12, 2015, AT NOON**.

On a different point, defendant stated at yesterday's hearing (Tr. 29):

> Do you believe Forbes Magazine? I was on the cover of Forbes. I was on the cover of Las Vegas Magazine. I was on the cover of San Francisco Magazine. I was on the cover of San Francisco Week. Does Forbes Magazine put you on the cover of Forbes if

2

> you're a flimflam? That's the biggest circulation in the whole world. I'm a very well-respected businessman, and I'm being made a fool of here because you won't let me hire my own attorneys.

The Court would like to read these articles where defendant was on the cover of these four magazines. Attorney Babcock shall submit these articles, or at least their issue dates, by **NOON ON JANUARY 12, 2015**. The undersigned judge has found a 2002 SF Weekly issue with defendant on the cover and has read the entire article. Attorney Babcock shall also please explain how this article places defendant in a favorable light and/or shows that he is a very well-respected businessman.

**IT IS SO ORDERED.**

Dated: January 7, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE