1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  ROBIN L. HARRIS (CABN 123364)
   BENJAMIN KINGSLEY (NYBN 4758389)
5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7200
       Fax: (415) 436-7234
8      robin.harris2@usdoj.gov
       benjamin.kingsley@usdoj.gov
9
   Attorneys for the United States
10
                           UNITED STATES DISTRICT COURT
11
                          NORTHERN DISTRICT OF CALIFORNIA
12
                                 SAN FRANCISCO DIVISION
13

14
   UNITED STATES OF AMERICA,              )  CASE NO. CR 14-0306 WHA
15                                         )
         Plaintiff,                        )
16                                         )
     v.                                    )  BRIEFING REGARDING DEFENDANT'S
17                                         )  OUTBURSTS AND PRESENCE DURING TRIAL
   LUKE D. BRUGNARA,                       )
18                                         )
         Defendant.                        )
19 _____)

20         The government submits this brief in response to the Court's request for briefing regarding

21 defendant's persistent courtroom outbursts should they occur during trial.  Tr. 1/16/2015 at 22–24.

22 Pursuant to Ninth Circuit precedent, the government respectfully requests that the Court warn defendant

23 of the consequences of his inability to comply with courtroom decorum and rules during trial, and if he

24 fails to comply, order him removed from the courtroom pursuant to the procedures proposed below.

25         Federal Rule of Criminal Procedure 43 governs defendant's presence during judicial

26 proceedings.  Under Rule 43(c)(1)(C), a defendant "initially present at trial . . . waives the right to be

27 present" if "the court warns the defendant that it will remove the defendant from the courtroom for

28 disruptive behavior, but the defendant persists in the conduct that justifies removal from the courtroom."

Once the defendant has disrupted the trial following a warning, and thus waived the right to be present, "the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence." Fed. R. Crim. P. 43(c)(2).

Rule 43(c)(1)(C) was adopted in response to the Supreme Court's decision in *Illinois v. Allen*, 397 U.S. 337 (1970). Rule 43 advisory committee's note (1974). *Allen* held that "there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant like Allen: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly." 397 U.S. at 343–44. The Court affirmed the removal of the defendant from the courtroom in that case, explaining that "a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Id.* at 343. However, "[o]nce lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." *Id.*

In applying *Allen*, the Ninth Circuit has emphasized that "the court does have a duty to warn a defendant of the consequences of his disruptive behavior before the court removes the defendant from the courtroom." *United States v. Gillenwater*, 717 F.3d 1070, 1082 (9th Cir. 2013); *see also Allen*, 397 U.S. at 350 (Brennan, J., concurring)  ("Of course, no action against an unruly defendant is permissible except after he has been fully and fairly informed that his conduct is wrong and intolerable, and warned of the possible consequences of continued misbehavior."); *Gray v. Moore*, 520 F.3d 616 (6th Cir. 2008) (granting habeas relief because the trial court did not warn defendant of the consequences of his behavior before removing him from the courtroom after an outburst). "Contumacious conduct" is a proper basis for removing a defendant from the courtroom even if it results in the loss of his right to testify at trial, so long as removal "is clearly necessary to assure the orderly conduct of the trial." *United States v. Ives*, 504 F.2d 935, 941–42 (9th Cir. 1974) *vacated*, 421 U.S. 944 (1975), *reinstated in relevant part*, 547 F.2d 1100 (9th Cir. 1976) ("It is even more evident that such conduct cannot be allowed when the defendant takes center stage on the witness stand.  He has no more liberty and freedom to testify in a

way degrading to the judicial system than he has to rob a bank or to assault a constable."). However, as with the general rule, a trial court must "adequately warn" a defendant that his disruptive conduct will lead to "the denial of his right to testify." *Gillenwater*, 717 F.3d at 1081.

There is no bright line rule as to what behavior is sufficient to support removal from court during trial. "[T]rial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case." *Allen*, 397 U.S. at 343; *see also Ives*, 504 F.2d at 942 ("Even though facial expressions, gestures and other nonverbal conduct are often tremendously significant, they cannot be transcribed by the court reporter. Therefore, great deference must be given to the decision of the trial judge."). In determining whether defendant's conduct justifies removing him from the courtroom for part of the trial, or, more drastically, forbidding him from testifying, trial courts "should distinguish between occasional incidents which cause only slight disruption and those calculated to thwart the entire proceedings." *Ives*, 504 F.2d at 942. They also "should consider, among other things, the gravity of the disruptions, the likelihood of continued disruption and the possibility of violence if the defendant takes the stand" and "[i]n considering the probability of continued disruption and violence, the judge should not be unmindful of misconduct of the defendant in prior court appearances." *Id.*

To this point, defendant's repeated outbursts and blatant disobedience of court orders to stop talking easily justify his removal from the courtroom during pre-trial proceedings. The government thus requests that, during future court appearances, the Court warn defendant promptly that he will be removed from the courtroom if his outbursts persist and then order him removed if he does. However, under Rule 43, defendant must be given a chance to comply with courtroom decorum during trial. Under this rule and the case law, the government respectfully requests the following procedures be used during trial:

First, the government requests that the Court warn defendant before and at the start of the trial that his persistently disruptive conduct will not be tolerated during trial. In so doing, the government requests that this Court make a finding on the record that defendant has persistently engaged in disruptive conduct by speaking out of turn, speaking when ordered to stop, testifying in a manner and about subjects in violation of court orders, yelling, and gesturing aggressively, and explain that such

conduct is the reason this Court is so warning defendant.

This Court should also clearly explain what conduct the Court will consider disruptive in the future. In the government's view, that includes defendant speaking out loud when not testifying (other than whispering to his attorney) or making loud noises, and making disruptive or intimidating gestures. It also could apply to defendant's testimony, should he choose to testify, if, for example, that testimony violates or ignores prior orders excluding certain matters or limiting his testimony in a certain way. The Court should also clearly explain the consequences of disruptions during trial—his removal from trial for a period of time, and an explanation to the jury that they should not speculate as to why defendant is not present in the courtroom. The Court should also explain that if his behavior results in his disruption of court during his testimony, he will have waived his right to testify.

Second, as soon as defendant engages in behavior that violates these instructions in the presence of the jury, the government requests that the Court order a recess, and, outside of the presence of the jury, instruct defendant that he is being removed from the courtroom because, by his conduct, he voluntarily waived his presence at trial. Pursuant to the cases, the Court should make findings regarding what conduct is disruptive and that defendant knew that his conduct, if disruptive, would result in his removal from the courtroom and yet still persisted in that conduct, and thus voluntarily and knowingly waived his right to be present during trial. Defendant should be removed from the courtroom until the next regularly scheduled break; at that point, he should be given the option to return if he promises to cease his disruptive conduct. Defendant need not be given a second opportunity to disrupt the trial before removal, so long as this Court finds he has disrupted pre-trial proceedings and been warned of the consequences of continued conduct. *See United States v. Munn*, 507 F.2d 563, 567 (10th Cir. 1974) (affirming removal of defendant when defendant had been violent and disruptive in pretrial proceedings, had been previously warned, and then disrupted jury selection just as it was about to begin).

Third, when out of the courtroom, the government requests that defendant be held in a cell with an audio feed of proceedings. Though not required by case law, such a procedure is looked upon favorably by the courts of appeals and will allow defendant to follow the trial. *See Munn*, 507 F.2d at 567–68. By disrupting trial, he will have waived any right to communicate with his attorney during the proceedings other than during normal breaks.

1  Fourth, the government requests that, upon any removal of defendant from the courtroom, the
2  Court instruct the jury as follows to minimize any unnecessary prejudice:
3      For reasons that do not concern you, defendant is not present for this stage of the trial. Do not
4      speculate why. This fact should not influence your verdicts, and you must base your verdicts
5      solely on the evidence against the defendant.
6  This instruction is modified from Ninth Circuit Model Criminal Jury Instruction 2.14 (Disposition of
7  Charge Against Codefendant). Though defendant's demeanor during trial is a relevant fact for the jury
8  to consider, any decision by the Court to remove defendant from the courtroom is not a relevant fact for
9  the jury to consider in determining defendant's guilt.

10      Respectfully submitted,

11      MELINDA HAAG
    United States Attorney
12

13  DATED: January 16, 2015      /s/
    ROBIN L. HARRIS
14      BENJAMIN KINGSLEY
    Assistant United States Attorneys

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Briefing Re: Defendant's Outbursts and Presence during Trial
CR 14-0306 WHA