ERIK BABCOCK (Cal. 172517)
LAW OFFICES OF ERIK BABCOCK
717 Washington St., 2d Floor
Oakland, CA 94607
(510) 452-8400 Tel.
(510) 452-8405 Fax
erik@babcocklawoffice.com

JAMES R. STEVENS
WOLF, PENNELLA & STEVENS, LLP
James R. Stevens, SBN 286646
717 Washington St., 2d Floor
Oakland, CA 94607
(510) 451-4600 Tel
(510) 451-3002 Fax
james@wps-law.com

Attorneys for Defendant
LUKE BRUGNARA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>LUKE BRUGNARA,<br><br>  Defendant. | No. CR 14-00306 WHA<br>     CR 08-00222 WHA<br><br>**MEMORANDUM REGARDING DEFENDANT'S BEHAVIOR AT TRIAL** |

This memorandum is in response to the Court's request for briefing on Luke Brugnara's potential behavior at trial. (Dkt. 306.)

Mr. Brugnara has the right under the Due Process Clause of the Constitution "to personal presence at all critical stages" of his prosecution. *Rushen v. Spain*, 464 U.S. 114, 117-18 (1983) (per curiam). "Courts must indulge every reasonable presumption

1

against the loss" of the defendant's constitutional right to be present during trial. *Illinois v. Allen*, 397 U.S. 337, 343 (1970).

If the Court finds Mr. Brugnara is being disruptive during trial, the jury should be excused and the Court should admonish Mr. Brugnara about his behavior outside of the presence of the jury. Mr. Brugnara should be given the opportunity to correct his behavior and remain in the courtroom. If the Court finds that Mr. Brugnara must be removed because he is being disruptive, the Court should allow Mr. Brugnara to agree to follow the courtroom rules at the next recess. If Mr. Brugnara agrees to abide by the rules and to refrain from behaving in a disruptive manner, the Court should allow Mr. Brugnara to personally attend trial once more.

The defense proposes the following jury instruction be given at the outset of trial: "The actions, spoken words, facial expressions, or any other behavior of any individual not currently testifying is not evidence in this case and you are not to consider it when deciding whether Mr. Brugnara has committed the offenses with which he is charged. This includes the behavior of Mr. Brugnara unless he is on the witness stand testifying."

In the event that the Court deems it necessary to remove Mr. Brugnara from the courtroom during trial, we propose the

following jury instruction: "For reasons that do not concern you, Mr. Brugnara will not be present for this stage of the trial. Do not speculate as to the reasons for his absence. Mr. Brugnara's absence is not evidence and may not be considered by you in determining whether the government has proven the offenses charged beyond a reasonable doubt. You must base your decision solely on the evidence presented at trial."

Respectfully submitted,

_____/s/_____
James R. Stevens
Erik Babcock
Attorneys for Defendant
LUKE BRUGNARA