IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LUKE D. BRUGNARA,<br><br>    Defendant.<br>_____ / | No. CR 14-00306 WHA<br><br>**ORDER DENYING MOTION TO DISMISS AND VACATING HEARING** |

Defense counsel move to dismiss the indictment, arguing that FBI Agent Jeremy Desor lied to and intentionally deceived grand jurors during the grand jury testimony. For the reasons stated below, the motion is **DENIED**. The hearing set for January 28 is **VACATED**.

The standard for dismissing an indictment based on alleged misrepresentations to the grand jury is very high. "[A] district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988). Moreover, "dismissal of the indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from substantial influence of such violations." *Id.* at 256 (internal citations omitted).

Defense counsel allege Agent Desor provided the following three false or misleading statements to the grand jury (Br. 2–3):

> (1) Agent Desor lied to the Grand Jury when he testified that Mr. Brugnara was the intended buyer of the art items and had no assets, or money, or the financial ability to purchase them, when Desor

> knew that Brugnara Properties was the intended buyer — not Mr. Brugnara personally — and Brugnara Properties had substantial assets and had completed over a billion dollars in transactions and did have the ability to make the purchase if the items were authentic.
>
> (2) The Grand Jury was intentionally deceived when the terms of the sale of the art items were described to them because they were told that Mr. Brugnara agreed to buy the items but not told that he had a minimum five day contingency period (and up to a year according to Maibaum) to evaluate and accept or reject the items delivered to 224 Sea Cliff, and that Mr. Brugnara's attorney, Bob Kane, contacted the claimant's attorney within this contingency period and informed him that Mr. Brugnara was not buying the items and the items should be picked up.
>
> (3) Agent Desor falsely testified to the Grand Jury on July 17, 2014, that Mr. Brugnara has a cell phone and only uses that cell phone to make and receive telephone calls. In fact, Mr. Brugnara owns no cell phone, and uses many different phones. This was known by the agent as Mr. Brugnara previously testified to this fact during his testimony at the Form 12 hearing.

These assertions are wholly unsupported. Defendant's three-page motion merely asserts these three alleged false or misleading statements, lays out the legal standard for dismissing indictments, and then in a completely conclusory manner avers that "if the Grand Jury had not been misled by the lies and intentional misrepresentations outlined above, then there is a substantial likelihood the Grand Jury would not have indicted Mr. Brugnara."

The motion provides no evidentiary support that Agent Desor lied. It provides no evidence, letters, communications, or testimony showing that it was Brugnara Properties, rather than Mr. Brugnara himself, that was the intended buyer of the art. It provides no evidence that Brugnara Properties had "substantial assets." It provides no evidence that his claimed five-day contingency period was actually a term of his agreement with the alleged victims in this case. It provides no evidence to support his allegation that he does not own a cell phone.

This comes nowhere close to meeting the high bar for dismissing indictments set forth in *Bank of Nova Scotia*. Nor does it meet our local rule requirement that "[m]otions presenting issues of fact shall be supported by affidavits or declarations" (Criminal Local Rule 47-2(b)). This requirement might be relaxed in a case where all of the evidence needed to challenge the indictment rested in the hands of the government (or third parties) but, here, these allegations by

the defense could have been — but were not — sworn to by the accused (or his spouse), a clear violation of our local rule.

The motion to dismiss the indictment is **DENIED**. The hearing set for January 28 is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 26, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE