ERIK BABCOCK (Cal. 172517)
LAW OFFICES OF ERIK BABCOCK
717 Washington St., 2d Floor
Oakland, CA 94607
(510) 452-8400 Tel.
(510) 452-8405 Fax
erik@babcocklawoffice.com

JAMES R. STEVENS
WOLF, PENNELLA & STEVENS, LLP
James R. Stevens, SBN 286646
717 Washington St., 2d Floor
Oakland, CA 94607
(510) 451-4600 Tel
(510) 451-3002 Fax
james@wps-law.com

Attorneys for Defendant
LUKE BRUGNARA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-00306 WHA |
| | CR 08-00222 WHA |
| Plaintiff, | |
| | **MOTION IN LIMINE TO EXCLUDE TESTIMONY** |
| v. | |
| | Date: 2/10/15 |
| LUKE BRUGNARA, | Time: 2:00 p.m. |
| | Courtroom: WHA |
| Defendant. | |

TO: UNITED STATES OF AMERICA, PLAINTIFF; MELINDA HAAG, UNITED STATES ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA; AND DOUG SPRAGUE & BENJAMIN KINGSLEY, ASSISTANT UNITED STATES ATTORNEYS:

**PLEASE TAKE NOTICE**, that on the above date and time or as soon as the matter can be heard defendant, Luke Brugnara, by and through his attorneys will and hereby does move this Court to enter the following order before trial starts: that Natalia Shlyapina's deposition testimony taken pursuant to Federal Rule

1

of Criminal Procedure 15 be excluded in its entirety based on a violation of the Jencks Act if the Court, after holding an evidentiary hearing, finds that notes of her statements to government agents existed before August 27, 2014 and that the government failed to disclose them to defense counsel before that date.  *See 18 U.S.C. section 3500*.

    Said motion will be based on this notice of motion, the pleadings and file in this action, the attached memorandum of points and authorities, and such evidence and argument as may be presented at hearing on the motion.

Dated: February 3, 2015       Respectfully Submitted,

                              By: _____/s/_____
                              JAMES STEVENS

                              By: _____/s/_____
                              ERIK BABCOCK

                              Attorneys for Defendant
                              LUKE BRUGRNA

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE

## I. THE COURT SHOULD DETERMINE IF IT SHOULD EXCLUDE NATALIA SHLYAPINA'S RULE 15 DEPOSITION BECAUSE THE GOVERNMENT FAILED TO PROVIDE PRIOR STATEMENTS TO GOVERNMENT AGENTS IN ITS POSSESSION AT THE TIME OF THE DEPOSITION IN VIOLATION OF 18 U.S.C. SECTION 3500

On August 27, 2014, Natalia Shlyapina was deposed pursuant to Federal Rule of Criminal Procedure 15. It is anticipated that the government will offer the transcript of her deposition as evidence at Mr. Brugnara's trial. Prior to that deposition, undersigned counsel requested any and all notes of the government's interviews of Ms. Shlyapina in order to review them prior to cross-examining her during her deposition as required by the Jencks Act. *See* Exhibit A, correspondence between Erik Babcock and Doug Sprague; *see also* 18 U.S.C. section 3500. The government failed to turn over notes of an interview that occurred on August 26, 2014. *See* Exhibit B, notes of interview of Natalia Shlyapina by Elizabeth Hadley. While the notes that were eventually turned over were drafted on September 4, 2014, they are four pages long and it is reasonable to assume that there were notes or a recording of this interview in existence on August 26, 2014, before Ms. Shlyapina's deposition. The government did turn over two short FBI reports of interviews totaling three pages, but they omit important details found in the FBI report that was not disclosed before August 27, 2014. *See* Exhibit C, notes of interviews of Natalia Shlyapina disclosed prior to August 27, 2014. The government disclosed to defense counsel the notes of her interview for the first time in late

3

November of 2014. The FBI agent who conducted the interview was at the deposition and defense counsel was never informed of the August 26, 2014 interview of Ms. Shlyapina prior to her deposition.

Rule 15 makes clear that "The government must provide to the defendant or the defendant's attorney, for use at the deposition, any statement of the deponent in the government's possession to which the defendant would be entitled at trial." Fed. Crim. Pro. Rule 15(e)(3). This rule is reaffirmed in the context of a witness's testimony during trial by the Jencks Act. 18 U.S.C. section 3500(b). When the government fails to turn over relevant statements, as it may have done here, the appropriate remedy action for the Court to take is to "strike from the record the testimony of the witness." 18 U.S.C. section 3500(d). If the Court has questions about statements taken and written by Special Agent Headley, the Court is required to call her as a witness. *Campbell v. United States*, 365 U.S. 85, 95 (1961).

In *Campbell*, a prosecution witness testified during cross-examination that the agent who had interviewed her was taking notes. *Id*. at 87. These notes were not turned over to the defense prior to cross-examination and the government denied they existed. *Id.* at 90 – 92. The Supreme Court held that the trial court should have called the interviewing agent as a witness in order to determine whether notes of the interview existed. *Id*. at 95. If the notes did exist, the trial court should have determined if they were relevant to the witness's testimony on direct or as impeachment evidence and if that was the case, the witness's testimony should have been stricken. *Id*. at 97 – 98.

4

In this case, the summary of the interview that occurred on August 26, 2014 is prima facie evidence that an interview occurred and that a statement or notes of statements were taken. The topics discussed are clearly relevant to the cross-examination of Ms. Shlyapina. This Court should call Special Agent Hadley as a witness to determine if there were notes of Ms. Shlyapina in existence before her deposition on August 27, 2014 that defense counsel did not receive. If that is the case, Ms. Shlyapina's deposition should be excluded from trial.

**DECLARATION OF COUNSEL**

I, Erik G. Babcock, declare:

1. I am an attorney duly admitted to practice before the courts of the United States of America;

2. I am attorney of record for Luke Brugnara in this case;

3. Natalia Shlyapina was deposed on August 27, 2014. On August 14, 2014 I requested in an email to AUSA Doug Sprague that I be provided "any 302s" of interviews with Ms. Shlyapina. In response to that request, I was provided two FBI 302s for interviews of Ms. Shlyapina that were held on July 17, 2014 and August 11, 2014;

4. The FBI then interviewed Ms. Shlyapina on August 26, 2014, the day before her deposition.

5. I was not provided with any notes, or a formal 302 of that interview, until November, 2014, when I received a 302 of the interview that indicates it was drafted on September 4, 2014

5

and entered October 1, 2014. The report was authored by Special Agent Elizabeth Hadley. Agent Hadley was present during the deposition of Ms. Shlyapina;

5. I cross-examined Ms. Shlyapina on August 27, 2014, but I do not have the ability to do so any further as her visa expired and she returned to Russia, where she is a citizen;

6. The 302 report of Ms. Shlyapina's interview on August 26, 2014 was first produced to me in a disc of discovery provided in November, shortly before Thanksgiving, long after Ms. Shlyapina's deposition concluded and she left the country. The statements she made during interview contain material information that I would have used to cross-examine Ms. Shlyapina had I been given the chance to see the 302, or notes of the interview, before the deposition. The statements she made during the interview reported in the last 302 was extensive, and not the same, as the statements made during her prior two interviews (in reports that were produced to me by the government. The last interview included more events and details not present in the reports I received before August 27, 2014;

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on February 3, 2015.

Respectfully submitted,

6

```
                                        /s/
                                        Erik G. Babcock
                                        Attorney for Defendant
                                        LUKE BRUGNARA
```