IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LUKE D. BRUGNARA,

    Defendant.

No. CR 14-00306 WHA

**ORDER RE INSINUATIONS OF DESIRE TO "GO PRO SE"**

    Defendant Luke Brugnara has insinuated into the record, via his outbursts in open court, the possibility that he wishes to represent himself and to dispense with a lawyer, even a free lawyer. However, in the past, these outbursts have proven to be insincere and he has never followed up with a genuine and unequivocal motion to represent himself.

    The purpose of this order is to make clear that if defendant Luke Brugnara genuinely wishes to represent himself at trial, he must do so by a fresh and proper written motion, presented through counsel. Then the motion will be heard. *See United States v. W.R. Grace*, 526 F.3d 499, 508 (9th Cir. 2008).

    Attorney Erik Babcock (and his successor counsel) are ordered to meet with defendant and to go over the pros and cons of self-representation. Defendant should be aware that self-representation will not necessarily lead to a quicker commencement of trial. The most that the Court can promise in this regard is that the trial will commence within the time limits of the Speedy Trial Act, taking exclusions into account. Defendant should also be aware that, if he represents himself, he will have to prepare for trial while in custody, given that he is not

1  amenable to supervision, among other reasons.  His self-representation will not be allowed as an
2  excuse for pretrial release.  Attorney Babcock should remind defendant of the difficulties
3  inmates encounter in tracking down witnesses and exhibits, complying with court rules, filing
4  motions and the like.  Any motion for self-representation must include a declaration that
5  defendant is aware of these concerns.

**IT IS SO ORDERED.**

Dated:  February 18, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE