**Pages 1 - 7**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Joseph C. Spero, Magistrate Judge

```
UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
VS.                              )     NO. 14-CR-0306 WHA
                                 )
LUKE BRUGNARA,                   )
                                 )
            Defendant.           )
_____)
```

                                                SAN FRANCISCO, CALIFORNIA
                                                THURSDAY, FEBRUARY 12, 2015

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING (FTR TIME: 9:30 - 9:38)**

**APPEARANCES:**

For Plaintiff:          United States Attorney's Office
                            Criminal Division
                            450 Golden Gate Ave, 11th Floor
                            San Francisco, CA 94102
                  BY:   **BENJAMIN KINGSLEY, ATTORNEY AT LAW**

For Defendant:         Law Offices of Erik Babcock
                            717 Washington St., 2d Floor
                            Oakland, CA 94607
                  BY:   **ERIK BABCOCK, ATTORNEY AT LAW**
                            **JAMES STEVENS, ATTORNEY AT LAW**

Transcribed:                   Carrie E. McKee-Parks
                                 Transcriber 510-637-9897
                                 McKee-Parks65@att.net

```
1    Thursday, February 12, 2015                          9:30 a.m.
2                         P R O C E E D I N G S
3                              ---oOo---
4         THE CLERK:  Calling case number CR 08-0222, USA v.
5    Luke D. Brugnara; and case number CR 14-306, USA v. Luke D.
6    Brugnara.
7         MR. BABCOCK:  Good morning, your Honor.
8         THE COURT:  Good morning.
9         MR. BABCOCK:  Erik Babcock and James Stevens on
10   behalf of Mr. Brugnara, who is in custody and about to be
11   brought out.
12        MR. KINGSLEY:  Morning, your Honor.  Ben Kingsley for
13   the United States.
14        THE COURT:  Mr. Kingsley.
15           (Whereupon there was a pause in the proceedings.)
16        MR. BABCOCK:  Mr. Brugnara is now present, your
17   Honor.
18        THE COURT:  Good morning, Mr. Brugnara.
19        THE DEFENDANT:  Good morning.
20        THE COURT:  Good morning.  You are here because I've
21   received a bench warrant from Judge Alsup.
22      Let me remind you that you have the right to remain silent.
23   You don't have to make any statements to any agent at the
24   United States Government.  If you have made statements in the
25   past, you don't have to make anymore statements.  If you start
```

1    to make a statement, you may stop at any time.  If you do make
2    a statement, it can be used against you.
3         You have the right to a lawyer at all stages of these
4    proceedings and a free counsel if you cannot afford a lawyer.
5         We're here because I've received an order signed by Judge
6    Alsup on February 5th charging that you violated the terms of
7    your -- of his furlough order and escaped from the Federal
8    building and were at the time of that order currently at large.
9    That order also revoked; the furlough; and remanded you into --
10   ordered to be in the custody.
11        So that's what brings us here today.
12             THE DEFENDANT:  Your Honor, I'd like to -- I
13   understand everything that you advised me and I'd like to speak
14   with your permission and address this issue because I was just
15   taken into custody and I'm very transparent.
16        The truth is the truth.  I left the --
17             THE COURT:  So before you do that --
18             MR. BABCOCK:  I would --
19             THE COURT:  Before you do that, let me say that I
20   advise you not to.
21             THE DEFENDANT:  I respect --
22             THE COURT:  It's not in your interest.  Your
23   statements can and will be used against you.
24             THE DEFENDANT:  I understand, your Honor.
25             THE COURT:  And I'm sure your counsel would echo

1   me --
2           THE DEFENDANT:  Yes, your Honor.
3           THE COURT:  -- in saying you should not speak.
4           THE DEFENDANT:  I understand your -- but it's
5   critical for what I'm going to ask this Court so -- because I'm
6   going to ask this Court for bail.  And I think this Court has
7   to understand the circumstances.
8       And for starters --
9           THE COURT:  Let me just ask your lawyer to put his
10  position on the record.
11          MR. BABCOCK:  I have spoken with my client before
12  Court, your Honor, briefly and he asked me to make a request
13  for bail.  I told him I was not going to make a request for
14  bail.  I do not feel I'm in a position to make that request.
15  And I advised him not to -- we advised him and I advised him
16  again not to talk about it in court at this point.
17          THE DEFENDANT:  And I respectfully do hear what this
18  Court says and Mr. Babcock.  Mr. Babcock hasn't been available
19  to meet with me.  That's been a big issue with his these
20  proceedings for the last seven months; eight months; ad nauseam
21  in Judge Alsup's court.
22          THE COURT:  Well -- so go ahead.  Make your bail
23  application over my recommendation and over your counsel.
24          THE DEFENDANT:  Bail application is that this case
25  has 40,000 pages of discovery.  There's a trial in two weeks.

1   And Judge Alsup has tried to coordinate a tenable situation
2   where I can review the material with counsel.  It's just
3   impossible to do in custody.
4       I have no history whatsoever of not complying with bail.
5   I've self-surrendered to La Tuna, Texas without any escort.  I
6   surrendered back from Texas to the halfway house on a
7   commercial aircraft with stopovers in international airports.
8       I have secured bond that can be posted of a million dollars
9   as was done in this Court post-conviction in the tax case.
10      And, you know, I'm a family man; married 25 years.  I have
11  four teenage children.  I haven't seen my children in eight and
12  a half months.  And in this particular case, I think that's the
13  biggest travesty.  I haven't seen my children in eight and a
14  half months.
15      And in this particular case, it's a claim -- a single
16  claimant who's making a claim about art that my attorney can
17  proffer to the Court that he's determined through the major
18  three auction houses to determine that they're worth a thousand
19  dollars; not $11 million.
20      Again, we can believe the claimant, who has no credibility
21  or the three largest auction houses in the world; Sotheby's,
22  Christie's, and Bonner's (phonetic).  It's staged (phonetic)
23  for less than a thousand dollars.
24      So I've been held for eight and a half months off a sole
25  claimant; haven't seen my children.  I'm willing to post a

1   million dollars secured bond and comply with any restrictions
2   that you set forth.
3       Regarding this issue with the marshals, I phoned Judge
4   Alsup's clerk the day before I was taken in and left a very
5   detailed message with Dawn, his -- to forward to Judge Alsup
6   saying that I absolutely intend on being at the trial; that I'm
7   convalescing.
8       I have physically lost 100 pounds sitting in the cell for
9   eight months.  I was taken in at Glen Dire at 272 pounds.  I
10  weighed 168 pounds.  The woman that convalesced me is a
11  registered nurse that I'm with at El Camino Hospital for four
12  days.  I was severely dehydrated.  My shoulder got dislocated
13  the morning that I left.
14      I notified Erik Babcock, my attorney.  I said my shoulder
15  got dislocated at Glen Dire by a guard named Duffy who ran
16  over; threw any arm back; and dislocated it.  The other guard
17  had to stop him.  He said hey, don't do that by Brugnara; guy
18  by the name of Ziller (phonetic.)
19      I went and got diagnosed by the nurse at Glen Dire.  My
20  shoulder was dislocated.  It was confirmed yesterday with the
21  marshals and it was severely sprained, but not broken.
22      But they gave me -- the point is when I left, I made it
23  clear to counsel I'm going to get emergency medical treatment.
24  I'm absolutely not absconding.  I respect this Court.  I
25  respect Judge Alsup.  And the -- I especially respect the

1   marshals.  I've had nothing but respect for every one of these
2   marshals in the last seven months.
3       So it was no disrespect and I told that to Judge Alsup on
4   the message.  I'm not trying to disrespect U.S. marshals, but I
5   needed medical treatment.  I lost 100 pounds.
6           THE COURT:  So could you wrap up?  I have a few other
7   people --
8           THE DEFENDANT:  So to -- so to wrap up, I wanted the
9   Court to understand that, but I requested bail with the secured
10  bond and any conditions you find reasonable because it's
11  impossible to prepare for this case with counsel meeting once
12  or twice a week with $30,000 and also the conditions.
13          THE COURT:  Okay.  Thank you, very much, sir.
14      I'll just note for the record that there are lawyers in
15  this courtroom who have clients who are in prison at this very
16  moment who, in order to prepare for a trial; some of which are
17  coming up in the summer; have to read -- go over a terabyte of
18  information.  So your argument about 40,000 pages, I think, is
19  not correct.
20      But in any event, the motion is denied.  Let's set a time
21  to appear before Judge Alsup.
22          THE CLERK:  I've been told to set it before Judge
23  Alsup this coming Tuesday the 17th at 2:00 p.m.
24          THE COURT:  Okay.  You'll be before Judge Alsup
25  Tuesday the 17th at 2:00 p.m.; Did you say?

```
 1              THE CLERK:  Correct.
 2              THE COURT:  At 2:00 p.m. for further proceedings.
 3              MR. BABCOCK:  I have told the prosecutor this.  We
 4   were talking about the 24th.  I have an -- an appearance in
 5   Sacramento, which I cannot change in short order.  I will try
 6   to get someone else to appear for me or maybe I can speak
 7   directly with Judge Alsup about making it earlier in the day.
 8              THE COURT:  That's the way to address it.  Yeah.
 9   Thank you.
10              MR. BABCOCK:  Thank you, your Honor.
11              MR. FRENTZEN:  Thank you, your Honor.
12              THE COURT:  Thank you.
13                 (Proceedings concluded at 9:38 p.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_____ DATE 2-26-15

Carrie McKee-Parks                         Date
McKee-Parks65@att.net
510-637-9897