```
                                                      Pages 1 - 18

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

               BEFORE THE HONORABLE WILLIAM H. ALSUP

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
  vs.                           ) No. CR 08-0222 WHA
                                ) No. CR 14-0306 WHA
LUKE D. BRUGNARA,               )
                                ) San Francisco, California
          Defendant.            ) Tuesday
                                ) February 17, 2015
_____) 11:30 a.m.


                     TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:          MELINDA HAAG
                        United States Attorney
                        450 Golden Gate Ave.
                        San Francisco, California  94102
                 BY:    BENJAMIN KINGSLEY, AUSA




For Defendant:          LAW OFFICES OF ERIK BABCOCK
                        717 Washington Street
                        Second Floor
                        Oakland, California 94607
                 BY:    ERIK BABCOCK, ESQ.
                        JAMES STEVENS, ESQ.



ALSO PRESENT:           JAIMIE ZHUANG, USPO






Reported By:   Debra L. Pas, CSR 11916, CRR, RMR, RPR
               Official Reporter - US District Court
               Computerized Transcription By Eclipse
```

**P R O C E E D I N G S**

**February 17, 2015**                                              **11:29 a.m.**

      (Defendant present, in custody.)

      **THE CLERK:** Criminal Number CR 08-222, United States versus Luke D. Brugnara and Criminal 14-306, United States versus Luke D. Brugnara.

  Counsel, please state your appearances.

      **MR. KINGSLEY:** Good morning, your Honor. Ben Kingsley for the United States.

      **THE COURT:** Welcome.

      **MR. BABCOCK:** Good morning, your Honor. Erik Babcock for Mr. Brugnara, along with James Stevens. Mr. Brugnara is in custody and not brought out yet.

      **PROBATION OFFICER:** Good morning, your Honor. Jaime Zhuang on behalf of U.S. Probation.

      **THE COURT:** Welcome to you, too.

      **MR. BABCOCK:** Mr. Brugnara is stepping out now.

      **THE COURT:** All right. We're all present. So here's where we are.

  On account of Mr. Brugnara absconding, we had to cancel the trial date and I want to get the case back on track now. At the last hearing you said -- the Government said you were going to supersede. Is that still your plan?

      **MR. KINGSLEY:** That's our intention, your Honor. We're investigating and we plan on superseding. I don't want

```
 1  to give a firm date yet.
 2           THE COURT:  Can you do that by next week?
 3           MR. KINGSLEY:  I don't think we can do that by next
 4  week, your Honor, but we will endeavor to do it as soon as
 5  possible.
 6      Ms. Harris is out of the country now.  There are some more
 7  things we want to wrap up and figure out what happened when Mr.
 8  Brugnara escaped --
 9           THE DEFENDANT:  Escaped.  Escaped --
10           THE COURT:  Mr. Brugnara, please to not speak.  You
11  have a lawyer.
12           THE DEFENDANT:  I would like to make a motion --
13           THE COURT:  No, you cannot.  Motion denied.  You be
14  quiet.  You'll get yourself in trouble.  I'm not going say
15  anything more.  You have a lawyer.  Your lawyer is going to do
16  the speaking for you.
17      Now, I've forgotten what you just said, so remind me.
18           MR. KINGSLEY:  There's a few things we're trying to
19  sort out as part of what happened with the escape.  I don't
20  want to go into more detail on that now, but our plan is to
21  wrap that up and our intention is to supersede the indictment
22  once we're done with that.  We're talking soon.
23           THE COURT:  Here is the thing.  If you supersede,
24  then Mr. Babcock has indicated he will have to make a motion to
25  withdraw.  Or even if you don't supersede, if you plan on using
```

```
 1   the absconding as evidence of consciousness of guilt, which
 2   would be the normal course of events, then Mr. Babcock will
 3   probably move to withdraw because he's a witness in the case.
 4        So either way, there is a potential problem and I -- we
 5   need to have that sorted out and, if need be, get another
 6   lawyer for Mr. Brugnara.
 7        So let me turn now to Mr. Babcock.  Do you know where that
 8   stands with the Federal Public Defender and what efforts they
 9   have made?
10            MR. BABCOCK:  I spoke with them the latest on Friday
11   afternoon, your Honor.  They do not have substitute counsel
12   lined up.  They are working on it in case it's needed, but it's
13   not a case where they can necessarily get someone overnight.
14       Mr. Kalar asked me to ask the Court for another week on
15   that, trying to get that done.
16            THE COURT:  I think that's very reasonable.  And I
17   would also like, if new counsel does come in, for you to stay
18   in for a long enough period of time to transfer the --
19            MR. BABCOCK:  Certainly.
20            THE COURT:  -- knowledge and information and
21   strategies and things that the new lawyer would want to know
22   about and to pick your brain about the case.
23            MR. BABCOCK:  Certainly.
24            THE COURT:  Was Mr. Stevens present whenever the --
25   I'll call it the alleged absconding took place?
```

1        **MR. BABCOCK:**  Mr. Stevens was not in the Federal
2   Building at the time, no.
3        **THE COURT:**  Is he a witness in any way?
4        **MR. STEVENS:**  No, I'm not.
5        **MR. BABCOCK:**  I don't believe so.
6        **THE COURT:**  All right.  So maybe Mr. Stevens, at
7   least, can stay in to assist the new lawyer who comes into the
8   case.
9        **MR. BABCOCK:**  That's a possibility, your Honor, yes.
10        **THE COURT:**  But, again, we're not quite at the point
11   where we need a new lawyer and part of that turns on the
12   government's intentions.
13       So you can see how this affects the timeline.
14        **MR. KINGSLEY:**  We understand that, your Honor.
15   Whether or not we supersede, I think Mr. Babcock would be a
16   witness for the reasons he stated, and I don't know --
17        **THE COURT:**  But only if you were to try to use the --
18   use the flight.
19        **MR. KINGSLEY:**  Which we -- we would do that -- our
20   intention is to do that even if we didn't supersede, but our
21   intention is to supersede.
22       We're just -- I think there's more information that we
23   want to gather with what happened and I don't want to rush that
24   investigation just to make -- so we can get Mr. Babcock out of
25   the case earlier, when at this point Mr. Babcock is a witness

```
 1  whether we supersede and when we supersede or not.  And it's
 2  going to take a new lawyer plenty of time to get up to speed on
 3  this --
 4          THE DEFENDANT:  Your Honor, I'm not waiving time.  I
 5  have a right to a speedy trial, even if I'm pro se.  And I'm
 6  not waiving one day of my speedy trial right with or without
 7  Mr. Babcock, even if I have to do it pro se.  I'm not waiving
 8  my right to a speedy trial.
 9      I didn't abscond.  I had a medical emergency.  I even
10  contacted your Honor the day before --
11          THE COURT:  Mr. Brugnara.
12          DEFENSE ATTORNEY:  No, no, no --
13          THE COURT:  Mr. Brugnara, you --
14          THE DEFENDANT:  Common sense, please.
15          THE COURT:  All of these things are going to be used
16  against you at trial, including emails you -- I mean, messages
17  you have sent to the Court.
18          THE DEFENDANT:  Yes.
19          THE COURT:  They will be played to the jury at
20  trial --
21          THE DEFENDANT:  I hope so.
22          THE COURT:  And -- maybe they will.  I don't know if
23  the Government wants -- you can't use them, but the Government
24  can use them.  You cannot have them admitted, but the
25  Government can have them admitted because they are direct
```

1  admissions by you.

2  **THE DEFENDANT:**  And I had my shoulder dislocated that
3  morning and it's on film.  So maybe you should pull up the film
4  and see my shoulder get popped out of its socket with me
5  screaming at 6:30 in the morning and understand that I needed
6  emergency medical treatment.  Okay?

7  So the fact of the matter is -- I know nobody cares that
8  I've gone from 272 pounds to 168 pounds.  I know this Court
9  doesn't really care.

10  But the fact of the matter is I'm dying.  And now it's
11  comes to the point, let's pop his shoulder out.  And the week
12  before, let's crack his wrist --

13  **THE COURT:**  Your trial will be a fair distance in the
14  future --

15  **THE DEFENDANT:**  I'm not waiving my right to a speedy
16  trial --

17  **THE COURT:**  You have a motion pending now.  It's not
18  running.

19  **THE DEFENDANT:**  Then we need to have an in camera
20  review to get Mr. Babcock out right now, because I'm not
21  waiving my right to a speedy trial  --

22  **THE COURT:**  I'm sorry, Mr. Brugnara.  You created
23  this situation by absconding.

24  **THE DEFENDANT:**  I didn't abscond.

25  **THE COURT:**  Yes, you did.  You absconded.

1    **THE DEFENDANT:**  I didn't abscond.

2    **THE COURT:**  You absconded.  As clear as a bell, you

3  absconded.

4    **THE DEFENDANT:**  No --

5    **THE COURT:**  Your lawyer is trying to tell you to shut

6  up and I am, too.  You're getting yourself in trouble.

7    **THE DEFENDANT:**  My lawyer green-lighted everything

8  that happened.  So if that's absconding, then you need to talk

9  to Mr. Babcock.

10       I'm not the attorney of record.  I didn't sign a record to

11  be a custodian for myself.  Mr. Babcock did.  And if he

12  green-lights it, then you need to talk to him.  Okay?  I'm

13  locked in chains.

14    **THE COURT:**  I do not believe that Mr. Babcock gave

15  you permission to --

16    **THE DEFENDANT:**  Let's hire -- let's get a lie

17  detector test in here.

18    **THE COURT:**  Please.  Mr. Brugnara, you're going to

19  have to shut up or the Marshals are going to remove you from

20  the courtroom.

21       I want to make some things clear.  Right now there is a

22  motion in limine pending for the exclusion of the girlfriend --

23  one of your girlfriends, the Russian.  You've got a motion

24  pending.  That tolls the Speedy Trial Act right there.

25       Now, let's talk -- when are you going to give me your

response to that?

**MR. KINGSLEY:** Well, it hadn't been in the front of our mind because I was planning on working on the superseding indictment first.

**THE COURT:** I'm going to give you til a week from this coming Friday to get your response to that on file.

**MR. KINGSLEY:** That works for us.

**THE COURT:** And Mr. Babcock or his replacement can have a week thereafter, and then we'll put it on calendar as soon as it's briefed and I can figure out when we can hear it.

**MR. KINGSLEY:** Your Honor, I believe Mr. Babcock also moved at our last appearance before you to withdraw. I'm not sure if that was contingent on anything at the time. I think that motion is also pending and also tolls the Speedy Trial clock. I'm not sure if that was your understanding.

**THE COURT:** Well, he did move and I said I didn't want to rule on that until it was clear that it was ripe for decision, so. But let's make sure.

Mr. Babcock, where does that motion stand?

**MR. BABCOCK:** Well, I made the motion because Ms. Harris said on the record that they intended to supersede and introduce evidence on that issue.

My sort of understanding -- I don't have a transcript, but I thought the Court sort of indicated if they did that, I would definitely be out of the case.

1          So I -- so I guess that motion is still pending, but the
2    bigger issue, your Honor --
3          **THE COURT:**  Yes.
4          **MR. BABCOCK:**  -- I know my client is anxious to get
5    to trial.  That's not entirely his -- under his control.
6          The bigger issue is figuring out whether me or someone
7    else is going to be representing him, and that's certainly a
8    basis for excluding time until that's sorted out and if there
9    is new counsel, figuring out how long they need and what their
10   calendar is to get this case reasonably ready for trial.
11         **THE COURT:**  Well, I would like for it to go to trial
12   as soon as both sides are ready.  Principally, the defense
13   side.  And I think it is highly likely that we need a new
14   lawyer in the case.
15         But until the Government supersedes, it's not 100 percent
16   clear to me that you would be a witness, though it is highly
17   likely that you would be and probably that's enough.
18         But I -- I do not want Mr. Brugnara accusing me again, as
19   he did with your prior lawyer, that I kicked the lawyer out of
20   the case, which is false.
21         **THE DEFENDANT:**  I disagree.
22         **THE COURT:**  That's your -- you're entitled to your
23   opinion.  You can express it to the Court of Appeals.
24         **THE DEFENDANT:**  Why would I have to go to the Court
25   of Appeals when I'm going to win the case?

```
 1              THE COURT:  Good for you.  But --
 2              THE DEFENDANT:  Do you know that the Degas is worth
 3   $1,000?  Mr. Babcock has the three emails from Sotheby's,
 4   Christie's and Bonhams?
 5         So I've already exceeded my time on the sentencing
 6   guideline --
 7              THE COURT:  Mr. Brugnara --
 8              THE DEFENDANT:  -- even if I lost the case, even if I
 9   lost the case, it's zero to three months.  I have been in for
10   nine months.  I haven't seen my children in mine months.
11              THE COURT:  Escape carries more.  Escape carries
12   quite a serious penalty.
13              MR. BABCOCK:  Well, according to Babcock, escape and
14   abscond is 15 months.  So I've already exceeded that, too.
15         So if I lose the abscond and I lose the trial, the Degas
16   is worth $1,000.  I've still already exceeded that, so --
17              THE COURT:  It's your own fault for absconding.
18              THE DEFENDANT:  And I didn't abscond.  I had my
19   shoulder dislocated and that's not disputed.  I was
20   assaulted --
21              THE COURT:  That's not an excuse.  That's not an
22   excuse.  You could be in worse shape than that and you cannot
23   abscond.
24              THE DEFENDANT:  I didn't abscond.
25              THE COURT:  That's not a defense.
```

1        **THE DEFENDANT:**  There was 15 Marshals that allowed me
2   to get the medical treatment.  How is that absconding?  That is
3   someone who runs away.  I didn't run away.  I went to see a
4   nurse and convalesce, and I told that to you on your message.
5   I didn't abscond.
6        I'm entitled --
7        **THE COURT:**  All these statements that you're making
8   are going to be played to the jury.
9        **THE DEFENDANT:**  I hope they are.
10       **THE COURT:**  And the jury will --
11       **THE DEFENDANT:**  I hope they are.
12       **THE COURT:**  And --
13       **THE DEFENDANT:**  I'm transparent.
14       **THE COURT:**  All right.  Okay.  Please.  You're going
15  to have to be quiet.
16     This case could be -- it could be October.  It could be
17  July.  It could be -- it depends on the new lawyer.  So we need
18  to have -- and you're going to be in jail until this case goes
19  to trial because you are not subject to any kind of -- you're
20  not amenable to supervision.  So --
21       **THE DEFENDANT:**  So if I win at trial, how do I get
22  back that year?
23       **THE COURT:**  You don't.
24       **THE DEFENDANT:**  Oh.
25       **THE COURT:**  That's the way the system works.  You

```
 1  don't get it back.
 2          THE DEFENDANT:  That's not very fair.
 3          THE COURT:  It is fair.
 4          THE DEFENDANT:  What about the fact that I didn't get
 5  a shower for four days?  And I have witnesses to that.  I still
 6  haven't been given a razor, and come in looking like a homeless
 7  person because they refuse to give me a razor for six days.
 8  And the fact that someone got shanked in my pod last night,
 9  which is on the record.  We even have a witness who is sitting
10  up there on the 20th floor that's --
11          THE COURT:  It's hard to believe anything that you
12  say any more.
13          THE DEFENDANT:  Well, okay.  I told Mr. Conroy to
14  bring him down as a witness.  His name is Byron.  He's from --
15          THE COURT:  You have a lawyer --
16          THE DEFENDANT:  The fact of the matter is --
17          THE COURT:  -- if the lawyer wants to make -- ask for
18  an evidentiary hearing --
19          THE DEFENDANT:  He won't do it.  I've already asked
20  to have Mr. Babcock withdraw -- he hasn't complied --
21          THE COURT:  If he wants to make a proper motion --
22          THE DEFENDANT:  He hasn't complied -- how about this?
23  He hasn't complied --
24          THE COURT:  I'm giving you a direct order to shut up
25  or you're going to be removed from the courtroom.
```

1     All right.  Let's try to bring this to a close.  I would
2  like to get the promptest possible trial date set.  We need to
3  have a lawyer in the case that I -- I think it's very likely
4  that Mr. Babcock is going to go out on account of him being a
5  witness.  And, secondly, that we need a new lawyer to come in
6  who is going to have to start from square one.
7     So --
8         **MR. BABCOCK:**  My suggestion, your Honor -- sorry to
9  interrupt.
10        **THE COURT:**  Yes, go ahead.
11        **MR. BABCOCK:**  I would suggest -- we don't necessarily
12 have to do the identification of counsel in this court though,
13 of course, we could.
14    I would suggest we put it out about a week, either in
15 magistrate's court or here, and see where the panel is with
16 respect to finding possible replacement counsel, and --
17        **THE COURT:**  What day does the magistrate judge -- can
18 they do it any day in front of the magistrate judge?
19        **MR. BABCOCK:**  They are there every morning, your
20 Honor, any day at 9:30.
21        **THE DEFENDANT:**  Am I entitled to hire my own counsel,
22 your Honor?
23        **THE COURT:**  No.
24        **THE DEFENDANT:**  I can't hire my own counsel?
25        **THE COURT:**  Yes.  You can go hire your own counsel.

1        **THE DEFENDANT:**  How?  How?

2        **THE COURT:**  Okay.  We have been through this so many
3   times.  You're in custody.  I'm not going to let you out so you
4   can go walk the streets and -- on the alleged purpose of trying
5   to hire counsel.

6        **THE DEFENDANT:**  I -- you --

7        **THE COURT:**  We did that once before.  You stabbed the
8   Court in the back.

9        **THE DEFENDANT:**  You never allowed me to contact
10  counsel, your Honor, if you remember.  I can only contact
11  Mr. Babcock on that -- the conditions --

12       **THE COURT:**  If you don't be quiet, the Marshals are
13  going to take you out of the room.  Thank you.

14       All right.  So you are saying that -- I'd like to have --
15  we'll just leave it at this.  I'm not going to set -- I'll set
16  another hearing in two weeks and by then I want the Government
17  to supersede.  If it's going to supersede, please do that.

18       Then I want you -- I gave you a date to respond to the
19  motion in limine regarding the Russian girlfriend --

20       **THE DEFENDANT:**  There is no girlfriend.  That's a
21  gratuitous comment.  That's disrespectful to my family, and
22  it's unsubstantiated, and I would like you to remove that
23  statement off the record.

24       **THE COURT:**  Motion denied.

25       And then we will have a hearing on that in due course

```
 1  after the briefing is done.
 2          MR. BABCOCK:  So March --
 3          THE COURT:  I think it's highly likely that we have
 4  to -- sorry, what?
 5          MR. BABCOCK:  I was just confirming the date.
 6  March 3rd before your Honor?  Two weeks?
 7          THE COURT:  All right.  2:00 p.m.
 8          MR. BABCOCK:  I suppose -- we don't actually need --
 9  we don't actually have to set a date in front of the
10  magistrate.  Once the panel communicates to me that they have
11  someone in mind that's prepared to accept the case, I can add
12  it to calendar downstairs.
13          THE COURT:  All right.  I want to say since, I guess,
14  my reputation is trying to move cases along, which is true, but
15  in these circumstances I want -- if the new defense counsel
16  wants what I would normally regard as luxurious time to get
17  ready, then I'm going to be very lenient in giving extensions.
18          THE DEFENDANT:  What if I go pro se, your Honor?
19          THE COURT:  No, no, no.
20          THE DEFENDANT:  Oh, I can't go pro se?
21          THE COURT:  All right.  The Marshals are going to --
22          THE DEFENDANT:  It's just a question, your Honor.
23          THE COURT:  -- remove Mr. Mr. Brugnara from the
24  courtroom.  He continues to make unwarranted outbursts.
25          THE DEFENDANT:  It's just a question, your Honor.  I
```

```
 1  don't have a right to go pro se in the interim?
 2          THE COURT:  Please remove the defendant from the
 3  courtroom.
 4          (Defendant removed from the courtroom.)
 5          THE COURT:  All right.  We have the next hearing
 6  date.  I want you to please let -- I don't want counsel turning
 7  down the case, which I've heard in the hallways that you're
 8  having trouble finding somebody to take this case.  I don't
 9  want them to turn down the case merely because they think
10  they'll have to go to trial in six weeks.
11          MR. BABCOCK:  I think that will help, your Honor, and
12  I will pass along the information.
13          THE COURT:  All right.  Anything else the lawyers
14  want to bring up?
15          MR. BABCOCK:  Sorry.  I missed the dates on the
16  Government's opposition and our reply.
17          THE COURT:  A week from this coming Friday and then
18  your response following Friday.
19          MR. KINGSLEY:  I think Mister --
20          THE COURT:  And then we'll set a hearing date at some
21  point.
22          MR. KINGSLEY:  I think Mr. Babcock also made a good
23  suggestion, which is that it would be appropriate to exclude
24  time, for you to order an exclusion for -- to give Mr. Brugnara
25  time to obtain counsel.
```

```
 1        I know you haven't formally let Mr. Babcock out of the
 2   case yet, but that process is ongoing.
 3            THE COURT:  Well, for that reason and, also, the
 4   pending motion, I am going to exclude time between now and the
 5   March 3rd.  Agreed?
 6            MR. KINGSLEY:  Agreed, your Honor.
 7            MR. BABCOCK:  Yes.
 8            THE COURT:  All right.  Please do a stipulated order.
 9            MR. KINGSLEY:  We will.
10            THE COURT:  Any other way I can help the lawyers
11   today?
12            MR. BABCOCK:  I guess not.
13            MR. KINGSLEY:  Nothing from us, your Honor.
14            THE COURT:  Thank you.
15            MR. KINGSLEY:  Thank you.
16            (Proceedings adjourned.)
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Tuesday, March 10, 2015