MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

ROBIN L. HARRIS (CABN 123364)
BENJAMIN KINGSLEY (NYBN 4758389)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    robin.harris2@usdoj.gov
    benjamin.kingsley@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 14-0306 WHA |
| Plaintiff, | |
| v. | UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE THE INDICTMENT |
| LUKE D. BRUGNARA, | |
| Defendant. | Hearing Date:  April 7, 2015<br>Court:  Hon. William Alsup |

    Defendant has, once again, moved to dismiss (or "set aside") the indictment in this case based on alleged misrepresentations to the grand jury by Federal Bureau of Investigation Special Agent Jeremy Desor. Dkt. 309. The motion should be denied, for three reasons.

    First, defense counsel filed this same motion against the prior Superseding Indictment. Dkt. 297. Since then, the pending Second Superseding Indictment was returned by a different grand jury than that which returned the initial Indictment and prior Superseding Indictment. The original motion, Dkt. 297, challenged testimony that was offered to a grand jury that is no longer empaneled and which did not return the pending Second Superseding Indictment. The existing charges are thus supported by new testimony, before a new grand jury. Defendant's motion attacks testimony that did not support the

1 pending indictment.

2 Second, this Court denied the previous motion because it "provide[d] no evidentiary support that
3 Agent Desor lied" and did not meet the local rule requiring that "'[m]otions presenting issues of fact
4 shall be supported by affidavits or declarations.'" Dkt. 313 (quoting Criminal Local Rule 47-2(b)).
5 Defendant has not improved on the previous motion. He has merely attached an affidavit stating that
6 "the statements and facts presented in the motion to set aside the indictment in this instant matter are
7 true and correct." Dkt. 364 at 2. Even if such a conclusory affidavit were sufficient to meet the
8 requirements of the local rule, there are no statements nor facts presented in body of defendant's
9 "Motion to Set Aside the Indictment," so the affidavit provides no evidentiary support for anything.
10 Nor, as this Court observed, were there specific facts or evidence proffered in Dkt. 297; instead, that
11 motion only averred "in a completely conclusory manner" that "'if the Grand Jury had not been misled
12 by the lies and intentional misrepresentations outlined above, then there is a substantial likelihood the
13 Grand Jury would not have indicted Mr. Brugnara.'" Dkt. 313 (quoting Dkt. 297). After two tries,
14 defendant has still provided no specific testimony or other evidence supporting the allegation that
15 Special Agent Desor provided false testimony about anything.

16 Third, for the reasons stated in the government's prior opposition, Dkt. 309 at 2–8, even if
17 defendant had actually filed a proper motion supported by actual evidence challenging relevant
18 testimony given to a grand jury that had returned the pending indictment, it should be denied on the
19 merits. Special Agent Desor's testimony was wholly truthful.

Respectfully submitted,

MELINDA HAAG
United States Attorney

DATED: April 3, 2015                    /s/
ROBIN L. HARRIS
BENJAMIN KINGSLEY
Assistant United States Attorneys

United States' Response to Defendant's Motion to Set Aside the Indictment;
CR 14-0306 WHA

2