# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES,
    Plantiff

v.

LUKE BRUGNARA,
    Defendant

Honorable William H. Alsup
Case: CR-14-00306 WHA
       CR-08-00222 WHA

- EMERGENCY EXPARTE MOTION FOR ORDER TO GLENN DYER JAIL REGARDING PRO-SE PHONE USE BY LUKE BRUGNARA

- EMERGENCY EXPARTE MOTION FOR ORDER TO U.S. ATTORNEYS TO RETURN ITEMS TAKEN FROM SEA CLIFF HOUSE


[~~FILED UNDER SEAL EX PARTE~~]  4/3/15

- EMERGENCY EXPARTE MOTION FOR ORDER EXPANDING SCOPE OF DUTIES OF JAMES STEVENS

- EMERGENCY EXPARTE MOTION FOR ORDER TO U.S. ATTORNEYS TO DELIVER ALL DISCOVERY DETAILED IN 8 PAGE "BATES" DISCOVERY INDEX

- DECLARATION OF LUKE BRUGNARA

Defendant, Luke Brugnara ("Luke"), makes these emergency exparte motions to resolve urgent

matters that are necessary for Luke to prepare for trial, scheduled in a few weeks. Luke requests that this Court issue four orders addressing the following:

1) PHONE - PRO SE - PROBLEMS AT GLENN DYER JAIL

   A.] Luke needs this Court to issue a written order allowing Luke TOLL FREE (non-collect calls) from the pro-se phone. None of the numbers approved by this Court in the prior ruling (including Dawn Toland) accept collect calls, so this this order is necessary.

   B.] Luke needs this Court to advise James Stevens that he may facilitate 3-way calls with Luke; either through him, or his secretary Jamie.

   C.] Luke needs a MINIMUM of 8-10 hours a week of prose phone access in this case; with over 50 witnesses and 40,000 pages of discovery and a trial in 3 weeks. The jail can accomodate this request only by Court Order.

   D.] Luke needs this Court to add: Bob Kane, 415-982-1510 and Kay Brugnara, 415-505-8869, to the pro-se approved phone numbers for legal research to prepare for the trial. (i.e., witnesses, documents, law, etc.)

2) US ATTORNEYS RETURN ITEMS TAKEN FROM SEACLIFF

   A.] Luke needs this Court to issue an Order to the U.S. Attorneys to return: Luke's phone, Luke's computer, and Luke's tax and business documents - taken May 28, 2014; AND Luke's Mountain lion taken April 2013.

all of these items were promised to be returned last October by mutual agreement between Doug Sprague and Erik Babcock, but they have not yet been returned. Brandon LeBlanc proffered to this Court in July 2014 that the mountain lion was not subject to prosecution based upon the law[1] and his conversation with the San Francisco District Attorney, and it was going to be returned to Luke forthwith, but it has not been returned. This Court must issue an order to the U.S. Attorneys to return these items, which they had a legal duty to return to Luke, or his assignee(s), months ago.

(3) EXPAND THE DUTIES OF JAMES STEVENS/TABOR

A.] Luke requests that this Court expand the duties of James Stevens and Tabor to include legal research, legal advice, jury selection and "standby counsel" status at trial. This is for the mutual benefit of all parties to ensure courtroom procedure/protocol/continuity and preserves judicial economy in conformance with 9th Circuit precedent for pro-se defendants who request this measure of assistance.

---

1. Luke's ownership of the mountain lion, as evidenced by undisputed testimony and declaration, predates the June 1990 California law prohibiting ownership, and is grandfathered status accordingly. The mountain lion was, and is, used for educational purposes.

④ U.S. ATTORNEYS TO DELIVER, AS REQUIRED UNDER FEDERAL RULES OF CRIMINAL PROCEDURE 16.1 AND FEDERAL RULES OF EVIDENCE, ALL DISCOVERY TO LUKE AS DETAILED IN 8 PAGE "BATES TO-FROM" DOCUMENT/INDEX

[A.] The Federal Rules of Criminal Procedure and Federal Rules of Evidence require the U.S. Attorneys to deliver to Luke all discovery in 14 days. This discovery must be in paper, not disc, as Luke is in jail at the request of the US Attorneys pending trial; in vehement opposition from Luke. Luke DOES NOT have the discovery detailed in the 8 page index. The US Attorneys are intentionally impedeing Luke's Constitutional Rights to due process and a fair trial by withholding discovery. If it is inconvenient for the US Attorneys to copy and deliver 40,000 pages to the jail, Luke can (and should) be released on reasonable bail conditions so Luke can review the discovery on indexed discs on his computer; like every other white collar non-violent defendant. Luke has now made 3 (three) requests/motions to this court for this order for the US Attorneys to produce discovery as required under the Federal Rules and Statutes in 14 days. Luke does not waive his right to discovery, nor defer that obligation to a third party. The US Attorneys must produce and deliver these documents and media discovery items immediately, as required. Trial is in 3 weeks and this breach is a serious appellate issue.

Respectfully submitted:

*[signature]*
LUKE BRUGNARA

4/3/15

DECLARATION OF LUKE BRUGNARA

I, Luke Brugnara, declare under penalty, that the above facts and statements herein are true and correct.

*[signature]*

4/3/15