UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, Plantiff | Hon. William Alsup CR-14-00306 WHA |
| v. | |
| LUKE BRUGNARA, Defendant | MOTION FOR COURT ORDER ISSUANCE OF RULE 17(a) AND 17(c) SUBPOENAS DECLARATION OF LUKE BRUGNARA |
| [THESE 7 PAGES NOT FILED UNDER SEAL] | |

Defendant Luke Brugnara, ("Luke"), received this Court's ORDER regarding the 17(a) and 17(c) subpoenas, filed with this Court last week, and herewith renews the motion with the necessary corrections requested. Luke, in this Court, requested "the final list of trial witnesses for the U.S. Attorneys" so Luke does not "duplicate subpoenas for witnesses already subpoenaed by the government", but was told by this Court not to "depend on the government to call its (listed) witnesses." The government provided a preliminary list of <u>35</u> witnesses it intends to call; several of those witnesses would be included on Luke's list, so for the purpose of this MOTION, Luke will expect those witnesses on the government's list to be subpoenaed.* Ms. Harris in her Response Regarding Rule 17 Requests makes certain assurances of subpoenad witnesses (i.e., Nick Barbato, Luke's attorneys [which is in contradiction to this Court's ruling regarding "no waiver of attorney client priviledge thus far"]), yet then

---

* This Court can remove off Lukes 17(a) and 17(c) request those witnesses already subpoenaed.

states that the government does not intend to call Mark Levison, who was on their witness list and provided Grand Jury testimony and 302 interviews. In sum, Ms. Harris is not being transparent about what witnesses she intends to call (out of her list of 35) and then complains to this Court that Luke is being unreasonable requesting a commensurate amount of witnesses for his defense. More troubling is Ms. Harris' statements that Luke wishes to extend this trial using subverlatives such as "vexatious" and "omnibus"; this grandstanding has no forum in this serious criminal matter whereas Luke is innocent and presumed innocent, yet has sat in a cement 9'x12' cell 24/7 with convicted murders for 10 months awaiting vindication, and/or release on bail pending vindication at trial, (or upon disposition of the indictment by this Court). Luke, in fact, has consistently and empassionately requested from this Court a speedy trial on these false charges from a sole claimant. This Court set a speedy trial date for LAST JULY but vacated that trial date and allowed effective counsel, Steven Kalar and Brandon LeBlanc, to withdraw as counsel, over the strenuous objection of Luke, for reasons that were not mandated and were previously known. Moreover, Kalar and LeBlanc's withdrawl was not necessary because this Court ruled "attorney-client priviledge was not yet waived". (not coincidently

Le Blanc had a scheduled 3 week training/convention in Georgia, paid for by Kalar, simultaneously at the scheduled trial date.). This Court then appointed Erik Babcock who testified, and provided declarations in December 2014, after HE delayed Luke's trial, (under vehement protest from Luke) 4 times; that he is, and was, INEFFECTIVE COUNSEL (under Strickland 2255) and needed to withdraw because of his inattentiveness to Lukes case and pending trial (Babcock only had ONE contact visit with Luke in 7 months while Luke sat in confinement in jail). Babcock also provided testimony and motioned this Court in December that he had "not yet sent out any subpoenas and needed time to get the subpoenas sent out". This Court AGAIN extended the trial and DID NOT remove Babcock as counsel to Luke's extreme prejudice and detriment. When Luke allegedly absconded a few weeks before the commencement of the trial in late February 2015[2], NOT SURPRISINGLY BABCOCK STILL HAD NOT YET SENT OUT EVEN ONE 17(a) or 17(c) SUBPOENA... IN SHORT, Luke has vehemently professed his innocence on this false claim from a sole claimant and has litterally begged this Court Ad Nauseum for EFFECTIVE COUNSEL and a SPEEDY TRIAL, which this Court denied Luke for ten months, until Luke has been reduced to pro-se status (Luke has ALWAY hired private counsel but cannot do so in this instant matter unless

---

2. with the "greelight" from counsel for medical emergency.

he is granted reasonable bail to borrow the necessary $500,000.⁰⁰ retainer from his lenders/bankers to hire effective private counsel, which this Court consistently and inexplicably refuses to grant, to Luke's extreme detriment and prejudice). Luke absolutely and unequivicolla**ly** MUST keep the April 27, 2015 trial date as he is in dire physical health (see 100+lb. weight loss - "wasting syndrome" diagnosis Dr. Brenda McCoy, MD; teeth breaking/decomposing) and has been in jail confinement 24/7 for 10+ months as an innocent, non-violent, pretrial white collar defendant; housed with convicted murders, gang members, armed robbers and drug dealers. Luke has been not allowed to visit or meet with his children (4 minor children at formative years, who are suffering emotionally and financially from this unjust pretrial confinement of their father) for 10+ months. This Court and the US Attorneys have orchestrated a trial venue whereas:

- LUKE HAS NO ACCESS TO LEGAL RESEARCH TO ARGUE/REFUTE MOTIONS FROM HARRIS -- NO ACCESS TO CASE PRECEDENT LEGAL RESEARCH (NO LAW LIBRARY) IN VIOLATION OF LUKE'S LEGAL RIGHTS TO DUE PROCESS (EVEN IN PRO SE STATUS).

- NO SLEEP. LUKE HASN'T SLEPT MORE THAN 1-2 HOURS A NIGHT IN 10 MONTHS IN JAIL DUE TO EXTREME NOISE FROM INMATES AND BLARING TV AT NIGHT (THE JAIL DOES NOT FOLLOW ITS OWN WRITTEN RULES TO TURN OFF T.V. AT 10 PM). (THE JAIL DOES NOT PUNISH UNRULY/NOISY INMATES).

- NO FOOD. LUKE HAS LOST 100+ LBS IN 10 MONTHS. HE IS FED A BALONEY SANDWICH AND GRUEL EVERY DAY/NITE.

- LIMITED SUBPOENAS.

- TORTUROUS TRANSPORT - LUKE IS TRANSPORTED, AND WOULD BE DURING THE TRIAL EVERYDAY FOR 3-4 WEEKS IN HEAVY CHAINS AND BAD LOCKS, HANDCUFFS CHAINED TO CHAINS, LEG IRONS AT 4AM TO 5PM. THIS IS BARBARIC AND PHYSICALLY UNTENNABLE AND PSYCHOLOGICALLY A HUGE IMPEDIMENT FOR A FAIR TRIAL IN A WHITE COLLAR CASE; WITH LUKE'S FEEBLE PHYSICAL CONDITION DUE TO WASTING SYNDROME.

- NO EFFECTIVE COUNSEL FOR TEN MONTHS. LUKE'S RIGHT TO EFFECTIVE COUNSEL[3], BY BABLOCK'S OWN TESTIMONY AND DECLARATION, WAS VIOLATED AND DENIED LUKE OF A SPEEDY TRIAL, DUE PROCESS, AND HIS CONSTITUTIONAL RIGHT TO EFFECTIVE COUNSEL. THIS DELAY OF 10 MONTHS HAS DESTROYED LUKE PHYSICALLY, AND HIS FAMILY FINANCIALLY, AND THIS COURT IGNORES AND REFUSES TO ACCEPT RESPONSIBILITY FOR THIS LONG DELAY TO LUKES EXTREME DETRIMENT DUE TO COUNSEL THIS COURT APPOINTED. (AND LUKE ASKED THIS COURT TO REMOVE COUNSEL FOR MONTHS ON EXPARTE MOTIONS).

- NO STANDBY COUNSEL, IN CONFLICT WITH THE DIRECTIVES OF THE 9TH CIRCUIT COURT TO THE EXTREME PREJUDICE OF LUKE AND NOT IN PRESERVATION OF JUDICIAL ECONOMY.

- NO PHONE ACCESS TO CALL DEFENSE WITNESSES. THIS DOES NOT BENEFIT THIS COURT TO DEPRIVE LUKE ACCESS TO HIS WITNESSES, AS LUKE WILL LIKELY <u>NOT</u> SUBPOENA WITNESSES WHO WILL MOVE TO QUASH; TO PRESERVE THE SCHEDULED TRIAL DATE.

- NO ACCESS TO EMAILS TO PRODUCE DEFENSE DISCOVERY

---

3. AFTER BABCOCKS WITHDRAWL THIS COURT SUGGESTED MR. GASIEAU WHO LIVES OVER 2+ HOURS AWAY IN SANTA ROSA AND LOGISTICALLY COULDN'T DO A 7:30 AM TRIAL COMMUTING 4 HRS+ (NO TRAFFIC) A DAY.

Case3:14-cr-00306-WHA  Document405  Filed04/06/15  Page6 of 7

6.

TO BE USED AS EVIDENCE AT TRIAL. THIS IS AN CLEAR VIOLATION OF LUKE'S RIGHTS TO DUE PROCESS.

- INCOMPLETE DISCOVERY / DISCOVERY WITHHELD BY US ATTORNEYS. THE US ATTORNEYS CONTINUE TO TAKE ADVANTAGE OF LUKES INEFFECTIVE COUNSEL, AND NOW PRO-SE STATUS, ~~BY~~ NOT PRODUCING ALL DISCOVERY IN 14 DAYS AS REQUIRED UNDER FEDERAL RULES OF CRIMINAL PROCEDURE 16.1. THIS IS A SERIOUS APPELLATE ISSUE.

- DEPRIVATION OF LIBERTY / FREEDOM AS AN INNOCENT MAN. LUKE IS INNOCENT. LUKE IS PRESUMED INNOCENT. THIS COURT, UNDER THE DIRECTIVES OF THE US ATTORNEYS, CONTINUES TO SEVERLY PUNISH LUKE THE SAME AS CONVICTED MURDERS. THIS IS INCREDULOUSLY SHOCKING AND UNFAIR.

THIS IS THE TRIAL VENUE THAT THIS COURT HAS SET AT THE DIRECTIVES OF THE US ATTORNEYS. THIS IS NOT A FAIR TRIAL VENUE AND IS A VENUE/FORUM TO HAVE THE BEST CHANCE TO CONVICT/TRY TO CONVICT AN INNOCENT MAN. A TRIAL IS SUPPOSED TO BE A "LEVEL PLAYING FIELD"; "FAIR AND EVEN"; "EQUITABLY FAIR" -- THIS VENUE FOR US V. LUKE BRUGNARA IS THE OPPOSITE. IT IS BLATANTLY UNFAIR. HAVE MS. HARRIS AND KINGSLEY GET CHAINED EVERY-DAY 4AM - 5PM DURING TRIAL; TRY TO SLEEP IN 24/7 NOISE WITH UNRULY MURDERS DURING TRIAL; FAST/STARVE ON BALOGNEY AND GRUEL DURING TRIAL; HAVE NO ACCESS TO A PHONE OR COMPUTER OR WITNESSES AT TRIAL; HAVE NO MEDICAL/DENTAL CARE DURING TRIAL;

3. GASTION COULD NOT DO THE 4/27 TRIAL DATE AND LUKE CANNOT ENDURE JAIL ANY LONGER.

HAVE NO (INCOMPLETE DISCOVERY DURING TRIAL; HAVE NO COUNSEL) "INEFFECTIVE" CO-COUNSEL; HAVE NO ACCESS TO A COMPUTOR OR WORKING PENS FOR TRIAL; HAVE NO "DOWN TIME/RELAXATION" TO BE WITH FAMILY DURING TRIAL --- LEVEL THE FIELD SO THIS IS A FAIR TRIAL JUDGE ALSUP. THIS IS NOT FAIR.

*[signature]*
4/4/15

DECLARATION OF LUKE BRUGNARA

I, Luke Brugnara, declare under penalty that the aforementioned statements, and following statements in the accompanying motion, are true and correct.

*[signature]*
4/4/15