MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

ROBIN L. HARRIS (CABN 123364)
BENJAMIN KINGSLEY (NYBN 4758389)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    robin.harris2@usdoj.gov
    benjamin.kingsley@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. CR 14-0306 WHA |
|     Plaintiff, ) | |
| v. ) | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF IN LIMINE RULINGS |
| LUKE D. BRUGNARA, ) | Trial Date:   April 27, 2015 |
|     Defendant. ) | Court:   Hon. William Alsup |

Defendant, Luke Brugnara, moves to reconsider five adverse rulings this Court issued orally at the pre-trial conference on April 22, 2015 and memorialized in a written order on April 23, 2015. Dkt 480. The government opposes Brugnara's motion for the following reasons. First, defendant has not complied with Civil Local Rule 7-9(a)-(c)—deemed applicable to this criminal case pursuant to Criminal L.R.2-1—which governs the filing of motions for reconsideration. Specifically, defendant did not receive permission from the Court to file a motion for reconsideration (*see* Civil L.R. 7-9(a)). Nor would the Court likely have granted such permission because defendant has not identified any new facts or law that occurred after the Court's April 23, 2015 order. *Id* at (b). Most significantly, defendant has violated Civil L.R. 7-9(c) which prohibits repetition of argument: "No motion for leave to file a motion

United States' Response to Defendant's Motion for Reconsideration
CR 14-0306 WHA

1

for reconsideration may repeat any oral or written argument made by the applying party…" Defendant's current motion is nothing more than a retread of all of the arguments he has made over and over again in innumerable written and oral motions to this Court.

Second, the Court's April 23, 2015 order was correct on the merits as set forth below and in the government's prior responses.

**A.  VOICEMAIL TO DAWN TOLAND**

This Court has ruled several times on this same issue, each time denying defendant's repeated entreaties to permit him to introduce his own self-serving statements without subjecting them to cross-examination. On April 14, 2015, the Court ruled, defendant's voicemail to Dawn Toland is inadmissible hearsay. April 14, 2015 Tr. at 4:15–4:19 ("The Court rules as follows. That is hearsay. It's not going to be admissible, unless somehow there is a switch in the way in which -- I can't say 'never,' because there could be circumstances under which even hearsay becomes admissible."). On April 23, 2015, the Court reiterated its ruling: "The Court has already ruled on the record that defendant cannot introduce this voicemail because it is self-serving hearsay." Dkt 480 at 15. Defendant offers no new arguments in this motion for reconsideration; his self-serving statements in the phone call are the precise definition of hearsay. He argues that his statements explain his state of mind. That is true, in a sense—but only because the voicemail is relaying his out-of-court, hearsay statements regarding his state of mind. If he wants to explain his state of mind to the jury, as he does on the voicemail, he must testify to do so, and be subject to cross-examination.

Defendant cites "USA v ABERGO, 1976" for the proposition that "telephonic messages are admissible as evidence." Dkt. 484 at 1. Defendant appears to be referencing *United States v. Albergo*, 539 F.2d 860, 863–64 (2d Cir. 1976), which discusses identification and authentication of the speaker on a recorded telephone call. *Id.* at 863–64 ("A telephone conversation is admissible in evidence if the identity of the speaker is satisfactorily established."). In that case, the government introduced the defendant's out-of-court statements through a recorded call. It has nothing to do with the hearsay rule.

Defendant also continues to misstate the law on an escape, again stating that *United States v. Bailey*, 444 U.S. 394 (1980), offers a defense for him to his escape charge if he can show a "medical emergency" and "mitigation." Dkt. 484. He has previously raised this legal argument. Dkt. 454 at 1.

United States' Response to Defendant's Motion for Reconsideration
CR 14-0306 WHA

1  He is wrong on the law, as "in order to be entitled to an instruction on duress or necessity as a defense to
2  the crime charged, an escapee must first offer *evidence justifying his continued absence from custody* as
3  well as his initial departure and that an indispensable element of such an offer is testimony of a *bona*
4  *fide effort to surrender or return to custody* as soon as the claimed duress or necessity had lost its
5  coercive force." *Id.* at 412–13.  Defendant can establish neither, though this Court need not rule on that
6  issue until after the close of evidence.  But, in any event, his argument based on the misconstruction of
7  *Bailey* goes to relevance, not hearsay.

8  **B.    DEFENDANT'S FELONY STATUS AFFECTED HIS CREDITWORTHINESS**

9  Defendant has repeatedly insisted that he could have borrowed money to pay for the five crates
10  of art despite having made sworn statements to the contrary in various court proceedings and financial
11  filings with his Probation Officers when he was seeking to avoid his restitution obligations.  The
12  government will not introduce the nature of his felonies unless defendant testifies.  However, defendant
13  has made his creditworthiness (or lack thereof) an issue in this trial and has made repeated statements
14  that his felon status affected his ability to borrow money.  The Court correctly ruled that the government
15  should be  provisionally "free to place evidence before the jury of [defendant's] felony convictions and
16  how those convictions would have tarnished his creditworthiness."  Defendant has presented no new
17  facts or law which, alone, is reason to deny his motion.  Moreover, on the merits, the Court ruled
18  correctly.  The April 23, 2015 order should remain unchanged.

19  **C.    DEFENDANT'S RELATIONSHIPS WITH MS. SHLYAPINA AND MS. RECORD**

20  The parties have repeatedly litigated this issue.  The defendant made both women with whom he
21  had affairs (Ms. Shylipinia and Ms. Record) witnesses in this case.  The Court properly ruled that both
22  relationships "are more probative than prejudicial," but that the sexual nature of defendant's affair with
23  Ms. Record could not be mentioned unless defendant suggests to the jury that he sought her comfort for
24  medical reasons when he absconded.  Nothing has changed in the days since this Court issued its order.
25  Accordingly, the Court's order should not be disturbed.

26  **D.    ROSE LONG'S ARREST**

27  With the police report of Sergeant Lambert in hand, this Court ruled that this incident is
28  inadmissible, even from inquiry on cross-examination.  Dkt. 224 at 7 ("Since this event was dropped and

United States' Response to Defendant's Motion for Reconsideration
CR 14-0306 WHA

1  no charges were filed, it would take an undue consumption of time and would prove almost nothing, so
2  the alleged prescription lie and assault on an officer story are barred from use or evidence."). Once *pro*
3  *se*, defendant pushed again for the admissibility of this incident—this time in the form of collateral,
4  extrinsic evidence of Rose Long's character for truthfulness. April 7, 2015 Tr. at 20:2–20:12.
5  Defendant explicitly stated that the purpose of the testimony would be to show "that she's a liar because
6  she lied filling a false prescription." *Id.* at 20:2–20:3. This Court refused to serve the subpoena, but
7  suggested that defendant should come with "better evidence that causes me to change my mind that
8  there's something Lambert could say, that would be admissible, then make a new application." *Id.* at
9  27:16–27:21. On April 23, 2015, the Court reiterated its ruling: "For these same reasons [the reasons set
10 forth in a prior order], defendant's motion to include evidence of Rose Long's recent arrest is denied."
11 Dkt 480, pg. 13.

12      The Court should stay firm to its clear and firm ruling that extrinsic evidence of prior acts of
13 untruthfulness is not admissible under Rule 608. The rule could not be any clearer despite defendant's
14 repeated efforts to convince the Court to find otherwise.

15 **E.    UNRELATED MAIBAUM CIVIL LAWSUITS**

16      Defendant has restated his same argument yet again on why he believes the Maibaum-Christie's
17 lawsuit relating to a sale of a bronze of over a decade ago should come into evidence. He has offered no
18 new cases nor facts justifying reconsidering that ruling. The Court's ruling on this issue under Rules
19 404 and 608 was plainly correct and should not be revisited. Dkt. 480 at 8–9.

Respectfully submitted,

MELINDA HAAG
United States Attorney

DATED: April 26, 2015                                   /s/
ROBIN L. HARRIS
BENJAMIN KINGSLEY
Assistant United States Attorneys

United States' Response to Defendant's Motion for Reconsideration
CR 14-0306 WHA

4