IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUKE D. BRUGNARA,

    Defendant.

    /

No. CR 14-00306 WHA

**OMNIBUS ORDER RE MOTIONS TO QUASH SUBPOENAS**

    On April 28, 2015, the Court heard motions to quash several subpoenas issued to six different recipients. The undersigned judge ruled on the record during the hearing and this order summarizes those rulings:

    **(1) SUBPOENAS TO GLENN DYER JAIL.**

    Two subpoenas were served on Glenn Dyer jail. The first was a subpoena to testify issued to Deputy Douglas Haynes. Defendant stated that Deputy Haynes would testify to defendant's current physical condition and how it has deteriorated over the past several months in custody. This does not appear relevant, but it is conceivable that it could become relevant later in the trial. For now, this subpoena will be **HELD IN ABEYANCE**. Deputy Haynes does not have to appear to testify, but he shall remain on standby until the trial is over, and he could be called to testify depending on how the case develops.

    The second subpoena to Glenn Dyer requested all call records and recordings of phone calls defendant made to his wife from custody since June of 2014. For the reasons stated on the record, this subpoena is overbroad, seeks inadmissible evidence, and is therefore **QUASHED**.

    **(2) SUBPOENA TO SI NEWHOUSE.**

    Defendant subpoenaed SI Newhouse, an elderly and frail man in New York, and seeks to introduce his testimony regarding a 2002 art deal with Walter Maibaum. Newhouse's testimony

would constitute extrinsic evidence of a witness's trait for honesty, which is inadmissible under the Federal Rules of Evidence. The subpoena issued to SI Newhouse is **QUASHED**.

### (3) SUBPOENA TO GARY TINTEROW.

Defendant subpoenaed Gary Tinterow and seeks to introduce his testimony regarding Valsuani Degas sculptures. At the hearing, defendant orally withdrew his subpoena request, and the subpoena is thus **QUASHED**.

### (4) SUBPOENA TO JOAN MICHELMAN.

Defendant subpoenaed Joan Michelman, who testified that she sold several items of expensive art to defendant between 2002 and 2006. Michelman stated that she would need to review her records in order to refresh her recollection regarding art sales to defendant. Michelman also testified that she had never heard of Rose Long and only knew Walter Maibaum by name. For now, this subpoena shall be **HELD IN ABEYANCE**. Michelman will check her records and email Courtroom Clerk Dawn Toland to inform her of what the records reveal. If the undersigned judge rules that Michelman must testify, it may be possible to arrange for video testimony, due to Michelman's health concerns and inability to travel.

### (5) SUBPOENA TO JACK SHAOUL.

Defendant subpoenaed Jack Shaoul and seeks to introduce his testimony regarding a previous art deal with Walter Maibaum. Shaoul's testimony would constitute extrinsic evidence of a witness's trait for honesty, which is inadmissible under the Federal Rules of Evidence. The subpoena issued to Jack Shaoul is **QUASHED**.

### (6) SUBPOENA TO PATRICIA FAILING.

Defendant subpoenaed Patricia Failing and seeks to introduce her testimony regarding Valsuani Degas sculptures. At the hearing, defendant acknowledged that Failing could not add any relevant testimony beyond what Walter Maibaum has already testified to regarding Valsuani Degas sculptures. The subpoena is therefore **QUASHED**.

**IT IS SO ORDERED.**

Dated: April 29, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE