IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LUKE D. BRUGNARA,

    Defendant.
                              /

No. CR 14-00306 WHA

**ORDER GRANTING MOTION TO AMEND COUNT FOUR OF THE SECOND SUPERSEDING INDICTMENT**

       Count four of the second superceding indictment (charging wire fraud), alleges that defendant Luke Brugnara's attorney sent an email stating that "Mr. Brugnara was not given a Hermitage Book" on April 15, 2015 (Dkt. No. 348 at 7). The government moves to amend the indictment so that it instead states that the email was sent on April 15, 2014.

       In *United States v. Neill*, 166 F.3d 943 (9th Cir. 1999), our court of appeals considered the issue of typographical errors in an indictment. In *Neill*, the indictment stated that the money stolen in the alleged bank robbery was in the custody, care, and control of Wells Fargo Bank, when the count actually charged a robbery of the Bank of Salem. Our court of appeals concluded that this error, not discovered until the jury had already began deliberating, was not prejudicial to the defendant and thus amendment of the indictment was proper. *Neill* held that "[a]mendment of the indictment to fix typographical errors is appropriate as long as the error did not mislead the defendant." *Id*. at 947.

       Here, there is no conceivable way in which the typographical error in the indictment, alleging that the email at issue was sent on April 15, 2015 rather than April 15, 2014 (the actual

date it was sent), prejudiced defendant.  *First*, the second superseding indictment was issued on March 12, 2015, a month before the email alleged in count four.  Defendant could not have reasonably believed that the indictment referred to an email that was going to be sent one month in the future.  *Second*, the email at issue was already litigated during the pretrial conference, as defendant explicitly moved to exclude it (Dkt. No. 417 at 3).  Thus, defendant knew exactly which email the indictment referred to, despite the typographical error, and could not have been prejudiced by the misstated date.

Defendant argues that the error should be considered material and not typographical, contending that "Count Four is based entirely on that statement and the date it was made is a necessary and material part of the allegation" (Dkt. No. 551 at 2).  This argument fails under our court of appeals' holding in *Neill*.  Based on defendant's insistence that the email at issue be excluded, he was clearly not mislead or prejudiced by the error.  The government's motion to amend count four of the second superseding indictment so that it reads that the email at issue was sent on "April 15, 2014" is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  May 6, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2