IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUKE D. BRUGNARA,<br><br>Defendant.<br>_____/ | No. CR 14-00306 WHA<br><br>**ORDER RE RECONSIDERATION OF ORDER DENYING INTRODUCTION OF DEFENDANT'S FORM 12 TESTIMONY** |

Defendant Luke Brugnara moves for reconsideration of the order denying his motion to introduce his own Form 12 testimony under the rule of completeness (Dkt. No. 558). Defendant's motion, however, offers no basis for reconsideration. It simply argues that the Court's previous was ruling was wrong and should be reconsidered.

Defendant also requests that two additional pages from the Form 12 transcript be received in evidence under the rule of completeness. The additional portions of the Form 12 transcript defendant seeks to include read as follows (Case No. 08–CR–00222, Dkt. No. 311 at 87–88):

> THE COURT: Look, here is the question. The — April 3rd was a Thursday. April 4th was a Friday. What was the date of that e-mail to Tobias?
>
> MR. SPRAGUE: April 3rd, Your Honor.
>
> THE COURT: All right. So then there's the 5th and the 6th over the weekend, and the 7th is a Monday when the artwork -- what date did it arrive? On the 7th or the 9th?
>
> MR. SPRAGUE: The 7th, Your Honor.

> THE COURT: All right. The 7th. So what Counsel is getting at is how come you waited – assuming you even did bring it up, how come you waited until the artwork was already in the air and in transit to raise an issue with Ms. Long about authenticity?
>
> THE WITNESS: What date do they claim that it was in transit in the air?
>
> THE COURT: I see some e-mails here where on March 20-something, you're saying, "Delivered to my house."
>
> THE WITNESS: Your Honor, if you've looked at the exhibit that was handed to you earlier today, she didn't even buy the art pieces that she claimed she owned for years. If you look at the exhibits that were presented during her testimony, there -- I believe there were at least 20 e-mails between her and I where she says, "Oh, I love these pieces. I've owned them for years. They're hanging in my apartment. I have in my bank vault" -- "these are my pieces. I love them." And then it came to this Court's attention that not only did she not own them, she doesn't even have possession of them. They were in Maibaum's gallery somewhere or it's in Cirkers --
>
> THE COURT: Maybe all that's true. I don't know if it's true.
>
> THE WITNESS: You do know it because her testimony and the evidence proves that it's true.
>
> THE COURT: And that is -- that is --
>
> THE WITNESS: How do you not know it's true?
>
> THE COURT: Whatever -- whatever came out in her cross-examination has -- has occurred, but you are being evasive. You will not answer a direct question.
>
> THE WITNESS: I just said I don't know. I said it's not of high importance to write a note down of when I talked to Rose Long for five minutes about the de Koonings and the Degases being fake. I don't even take notations -- they searched my house and ripped it up to shreds two or three times in the last year. I don't even take notations on hundred-million-dollar finances because I keep it in my head, and I know what I need to say because it's factual. I don't need to take notes. Okay. I'm not a note person. I don't walk around taking notes of my transactions.
>
> THE COURT: All right. Next question.

This order finds that it is not necessary or appropriate to add the additional passage of prior testimony defendant seeks to introduce under the rule of completeness. The above quoted passage came almost fifty pages in the transcript after the statements the government has already introduced. The proposed testimony simply attacks Rose Long, describes defendant's interactions with her, and complains about the FBI's search of his house. While the passage

2

does discuss defendant's interactions with Rose Long regarding the authenticity of the art at issue, it is not needed for the sake of completeness of the testimony the government has already introduced, regarding the alleged confirmation defendant received from Sotheby's confirming that the works were inauthentic.  Therefore, it is inadmissible hearsay.

Defendant's motion for reconsideration and to include the additional testimony from the Form 12 hearing is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 8, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE