IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,                    No. CR 14-00306 WHA

  v.

LUKE D. BRUGNARA,

       Defendant.

_____/

**COURT'S EXPECTED FINAL CHARGE TO THE JURY**

**AND VERDICT FORM**

Appended hereto are copies of the expected final charge to the jury and verdict form given to both sides following the charging conference on May 11, 2015.

**United States District Court**
For the Northern District of California

1                                                            1.

2          Members of the jury, it is now my duty to instruct you on the law that applies to this case.

3   A copy of these instructions will be available in the jury room for you to consult as necessary.

4   These instructions fall into several parts.  The first part will address guidelines for evaluating the

5   evidence, the burden of proof, and related matters.

6                                                            2.

7          It is your duty to find the facts from all the evidence in the case.  To those facts you must

8   apply the law as I give it to you.  You must follow the law in my instructions whether you agree

9   with the law or not.  You must not be influenced by any personal likes or dislikes, opinions,

10  prejudices or sympathy.  That means that you must decide the case fairly on the evidence and the

11  law.  You will recall that you took an oath promising to do so at the beginning of the case.

12                                                           3.

13         You must follow all of the instructions and not single out some and ignore others; they

14  are all equally important.  You must not read into these instructions or into anything the Court

15  may have said or done as suggesting what verdict you should return — that matter is entirely up

16  to you.

17                                                           4.

18         The defendant has knowingly and voluntarily elected to represent himself and to waive

19  the right to counsel, as is his constitutional right.  You should not hold this choice against him,

20  nor should you be influenced by any sympathy.  The issue always is whether the evidence

21  presented here in court proves the offenses charged beyond a reasonable doubt.

22                                                           5.

23         Richard Tamor and James Stevens are attorneys acting as a resource to answer

24  procedural questions for the defendant.  They are not, however, acting as trial counsel for the

25  defendant.

26                                                           6.

27         The charges against the defendant are set forth in the indictment.  The indictment is not

28  evidence.  A separate crime is charged against the defendant in each count.  You must decide

each count separately.  The defendant has pleaded not guilty to the charges.  He is presumed to be innocent and does not have to testify or present any evidence to prove his innocence.  The government has the burden of proving every element of the charges here beyond a reasonable doubt.  Anytime I say in these instructions that the government has the burden of proof, it means proof beyond a reasonable doubt.

7.

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

8.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required, however, that the government prove guilt beyond all possible doubt.  A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence or from a lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty as charged, it is your duty to find him not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty as charged, it is your duty to find him guilty.

9.

The evidence that you are to consider consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness — this includes the deposition testimony of Natalia Shlyapina;

2. The exhibits that have been received into evidence.

United States District Court

For the Northern District of California

United States District Court<br/>For the Northern District of California

10.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers — or by the defendant acting as his own lawyer — are not evidence. They are not witnesses. What they said in their opening statements, closing arguments, and at other times is not evidence. Your memory of the evidence controls over the way either side has conveyed it to you.

2.     In this case, the defendant is representing himself. Anything he has said in that role is subject to the same cautions I have stated for lawyers. His questions, arguments, statements, and objections are not evidence, just as questions, arguments, statements, and objections by the lawyers are not evidence.

3.     A statement or suggestion in a question to a witness is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it as evidence only in light of the answer by the witness. If an objection was sustained to the question, then you must disregard it and the answer entirely.

4.     Statements made in your presence by either side in response to a question or remark by the Court or the other side are not evidence.

5.     Objections to questions are not evidence.

6.     Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

7.     Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**11.**

When one side or the other in this trial has loaded a question with supposed facts not in evidence, I have sometimes told you to specifically disregard the statements included in the question. Most of the time, however, I have not interrupted to do so, instead expecting that you have and will follow my regular admonition to treat all statements and questions made by advocates in the courtroom as non-evidence and to treat as evidence only what is testified to under oath from the witness stand (and subject to cross examination) and all exhibits received in evidence. In other words, the mere fact that I omitted to strike a particular question or statement or omitted to tell you to disregard it does not mean that it may now be considered as evidence. To the contrary, to repeat, a cardinal rule is that only what witnesses say under oath and subject to cross examination and the exhibits are evidence. This admonition is very important and you must be careful in distinguishing between mere arguments and statements versus actual evidence.

**12.**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. Other evidence, however, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**13.**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

   1.  The opportunity and ability of the witness to see, hear, or know the things testified to;

*United States District Court*
For the Northern District of California

2.      The witness' memory;

3.      The witness' manner while testifying;

4.      The witness' interest in the outcome of the case and any bias or prejudice;

5.      Whether other evidence contradicted the witness' testimony;

6.      The reasonableness of the witness' testimony in light of all the evidence; and

7.      Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

14.

Some witnesses have given testimony in the form of opinions based on education or experience.  Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

15.

You are here only to determine whether the defendant is guilty or not guilty of the crimes charged in this case.  Your determination must be made only from the evidence received at the trial.

16.

You have heard about the defendant's prior convictions.  You may consider them only for purposes of evaluating the defendant's creditworthiness and ability to procure loans to finance the purchase of the artwork.  You may not consider the defendant's prior convictions as proof of a character trait or that during the events in questions he acted in accordance with that character trait.

United States District Court

For the Northern District of California

6

17.

You are free to deliberate over the counts in any order you think most effective.  You may possibly determine that certain counts ought to be considered out of strict numerical sequence.  To repeat, you are not required to address the counts in strict numerical sequence, so long as you decide all of the counts eventually.

18.

You have heard evidence that the defendant was in pretrial detention.  This is relevant only to the counts of escape and contempt of court (Counts Eight and Nine) and any reasonable inferences that you draw concerning consciousness of guilt on the then-pending charges or other motives.  It is up to you to decide what inferences to draw and how much weight to give any evidence.  That the defendant was in pretrial detention is otherwise immaterial and may not be used by you to infer guilt.

19.

I will now turn to the law governing the offenses charged.

20.

The defendant is charged in Counts One, Two, Three, and Four of the Second Superseding Indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  The indictment alleges that from approximately March 2014 to May 2014, the defendant engaged in a scheme to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and/or by omission and concealment of material facts.  The indictment alleges that the defendant, in the Northern District of California and elsewhere, knowingly transmitted four wire communications in furtherance of his alleged scheme to defraud.  I instruct you that San Francisco is in what is known as the Northern District of California.

21.

The indictment alleges that the defendant knowingly transmitted or caused to be transmitted the following four wire communications in interstate commerce, which make up the

four counts of wire fraud alleged in the indictment:

> (1)   March 23, 2014 — E-mail from BRUGNARA to Victim 1 stating BRUGNARA ". . . will buy all of the paintings and put them in my museum . . ."

> (2)   March 24, 2014 — E-mail from BRUGNARA to Victim 1 stating BRUGNARA wants ". . . all the art pieces . . . including the etchings and the bronzes . . ."

> (3)   March 25, 2014 — E-mail from BRUGNARA to Victim 1 stating "Thank you.  I look forward to putting them in my museum."

> (4)   April 15, 2014 — E-mail from BRUGNARA'S attorney stating "Mr. Brugnara was not given a Hermitage Book . . ."

On this last item, the indictment had a typo, stating that the email regarding the Hermitage book was sent on "April 15, 2015."  The Court has allowed this to be corrected to read "April 15, 2014."

22.

In order for the defendant to be found guilty of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

- *First*, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or by means of statements made misleading by reason of omissions of fact;

- *Second*, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

- *Third*, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

- *Fourth*, the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

For short, I will refer to these four elements as wire fraud.

**United States District Court**
For the Northern District of California

23.

The phrase "wire communication" means to send from one state to another by means of telephone or telegraph lines.  This includes a telephone conversation, e-mail, or facsimile (fax) by a person in one state that either passed through another state or went to another state.

24.

Wire fraud involves the use of wire, radio, or television in interstate or foreign commerce.  A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

25.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

26.

The defendant is charged in Count Five of the Second Superseding Indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code.  The indictment alleges that on or about April 5, 2014 through on or about April 7, 2014, in the Northern District of California and elsewhere, the defendant, for the purpose of executing his material scheme to defraud, did knowingly cause crates containing art to be sent and delivered by interstate carrier, constituting mail fraud.

27.

In order for the defendant to be found guilty of the mail fraud charge, the government must prove each of the following elements beyond a reasonable doubt:

- *First*, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or by means of statements made misleading by reason of omissions of fact;

- • *Second*, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;
- • *Third*, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and
- • *Fourth*, the defendant used, or caused to be used, the mail or any private or commercial interstate carrier to carry out or attempt to carry out an essential part of the scheme.  An airline that ships freight across state lines is an interstate carrier.

For short, I will refer to these four elements as mail fraud.

28.

A mailing is caused when one knows that the mail will be used in the ordinary course of business or when one can reasonably foresee such use.

29.

Mail fraud and wire fraud are similar, except that one involves the mail and the other involves wire communications.  I will now give you instructions of law that apply to both wire fraud and mail fraud.

30.

It does not matter whether the material mailed or wired was itself false or deceptive so long as the mail or the wires were used as a part of or used to further a fraudulent scheme, nor does it matter whether the alleged scheme or plan was successful or that any money or property was obtained.  It does not matter whether the alleged scheme covered an entire course of dealing or only part of it so long as all four elements are proven.  Nor does it matter whether the alleged scheme was directed at a single victim versus multiple victims.

31.

If the government proves a wire or mail fraud count against the defendant, the fact that some or all of the property was returned to the alleged victims does not undo or erase the crime. In determining whether or not the mail or wire fraud has been proven, of course, you may take

into account all reasonable inferences from all of the evidence, including the facts and circumstances surrounding the recovery of some or all of the property at issue in this case.

32.

To prove wire or mail fraud, the government need not prove that a contract was signed or formed.  If the government proves all elements of wire or mail fraud, it need not go further and prove that a contractual relationship existed.  Nor is it necessary for the government to prove a breach of any contract.  On the other hand, in determining the intent of the defendant (and all other elements of the offense), you may take into account, as part of the overall evidence in the case, any purchase terms and conditions you find from the evidence influenced the defendant's intentions.

33.

To prove wire or mail fraud, the government is not required to prove that the alleged victims relied upon the alleged misleading statements or promises.

34.

If the government proves that the defendant committed wire or mail fraud beyond a reasonable doubt, it would not matter whether any alleged victim of the scheme was trying to defraud the defendant, trying to defraud someone else, or was negligent in some manner.  The crimes of wire or mail fraud are complete upon the occurrence of all four elements of the crime. If, however, you find that an alleged victim acted dishonestly or carelessly in any way, then you may consider such conduct in evaluating the credibility of his or her testimony, giving it such weight as you think it deserves, taking into account all of the facts and circumstances shown by the evidence.

35.

One issue for you to decide is intent.  In this regard, it is not fraud to make a misstatement based upon an innocent and good faith mistake.  Under the law, however, fraudulent intent is shown if a representation were made knowing it is untrue, or, even if it were not known to be false, it was made with reckless disregard as to its truth or falsity.  It is for you, the jury, to determine whether or not the government has proven that the defendant intended to

1   defraud.

2                                     36.

3          The defendant is charged in Counts Six and Seven of the Second Superseding

4   Indictment with having made a false declaration in violation of Section 1623 of Title 18 of the

5   United States Code.  The indictment alleges that on or about June 17, 2014, in the Northern

6   District of California, the defendant, while under oath in a proceeding before a court of the

7   United States, did knowingly make two false material declarations, specifically stating, on

8   direct examination, as italicized below:

9               Q.  Okay. So after you wrote Ms. Long this e-mail, the discussion

10              sort of transitioned into when she was going to ship the art pieces

11              to Seacliff; is that correct?

12              A.  No.

13              Q.  Okay.

14              A.  I took the e-mails that I got from her, and I sent them to the

15              head of Sotheby's in New York, who's also the head of Bond Street

16              and London, and I asked, you know, what's — you know, what's

17              the value or — I don't have the specific e-mail in front of me, but

18              the essence of it was:  "How much would you sell these for, and

19              what are they worth?"  Just a simple valuation inquiry.  *And I*

20              *heard back that the de Koonings are not authentic, and they would*

21              *not sell them as de Koonings, and the Degas — they would not sell*

22              *the Degas because it's not authentic. . . . So when I had that*

23              *information, I phoned Rose Long, and I told Rose Long that, you*

24              *know, these de Koonings are not authentic.*

25                                     37.

26          The government contends that the part about hearing back from Sotheby's (in response

27   to his email) about the artwork was false and that the part about the defendant phoning Rose

28   Long once he had that information, and telling her that the artwork was not authentic, was also

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   false.

2                                              38.

3          In order for the defendant to be found guilty of those charges, the government must

4   prove each of the following elements beyond a reasonable doubt:

5          •   *First*, the defendant testified under oath before a court;

6          •   *Second*, the testimony was false;

7          •   *Third*, the defendant knew that the testimony was false; and

8          •   *Fourth*, the false testimony was material to the matters before the court; that is,

9              it had a natural tendency to influence, or was capable of influencing, the court.

10                                             39.

11         The defendant is charged in Count Eight of the Second Superseding Indictment with

12  escape from custody in violation of Section 751(a) of Title 18 of the United States Code.

13  Section 751(a) makes it a crime to escape or attempt to escape from any custody under or by

14  virtue of any process issued by any court or judge or magistrate judge when the custody is by

15  virtue of an arrest on a charge of a felony.  The indictment alleges that on or about February 5,

16  2015, in the Northern District of California, the defendant did knowingly escape from custody

17  to which he was confined under and by virtue of process issued under the laws of the United

18  States by a court, judge, or magistrate judge, by virtue of an arrest on a charge of a felony,

19  specifically, mail fraud, wire fraud, and false declarations charged herein.

20                                             40.

21         In order for the defendant to be found guilty of that charge, the government must prove

22  each of the following elements beyond a reasonable doubt:

23         •   *First*, the defendant was in the custody of a custodian designated by process of a

24              district court;

25         •   *Second*, the defendant was in custody under the laws of the United States, by

26              process of a district court, on an arrest for a felony; and

27         •   *Third*, the defendant knowingly and voluntarily left custody without permission.

28  The word "custody" means detention, confinement, or restriction of movement or action

by virtue of federal judicial authority. The concept of "custody" is not limited to confinement in a prison cell. I instruct you that the charges on which the defendant was arrested were felonies.

41.

You have heard evidence concerning reasons the defendant departed from custody on February 5 of this year. The government contends that the departure constituted flight and raises an inference of consciousness of guilt on the pending charges then set for trial on February 26. The defendant denies this and contends he left to obtain medical treatment. You may consider both arguments in evaluating whether his departure from custody raises an inference of consciousness of guilt on the wire fraud, mail fraud, and false declaration charges. It is up to you to decide how much weight to give the evidence and what inferences to draw.

With respect to the escape charge itself, however, you may not consider the reason for departure. Put differently, if the government proves the above elements for escape, it does not matter what the reasons for the escape were in reaching your verdict.

42.

The defendant is charged in Count Nine of the Second Superseding Indictment with contempt of court in violation of Section 401(3) of Title 18 of the United States Code. The indictment alleges that beginning on or about February 5, 2015, and continuing through on or about February 11, 2015, in the Northern District of California, the defendant did willfully disobey and resist a clear and definite lawful order, rule, decree, and command of a court of the United States of which the defendant was aware, specifically, an order, rule, decree, and command issued by the United States District Court for the Northern District of California.

43.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

- *First*, the defendant willfully disobeyed a clear and definite court order, and
- *Second*, the defendant was aware of that court order.

**United States District Court**
For the Northern District of California

44.

To establish that the defendant acted "willfully" in the context of a charge that the defendant has violated Section 401(3) of Title 18 of the United States Code, the government must establish that the defendant acted volitionally and knew or should reasonably have been aware that his conduct was wrongful.  If the defendant believed in good faith that he was complying with the order of the court then he was not acting willfully.  On the other hand, even if a lawyer told the defendant he could disobey the order, reliance on such advice would not excuse any otherwise willful violation of the order.

45.

The punishment provided by law for the alleged crimes is for the Court to decide. You may not consider punishment in deciding whether the government has proven its case against the defendant beyond a reasonable doubt.  That is an entirely separate matter not relevant here and on which you should not speculate or base your decision in any way.

46.

You have heard unsworn statements to the effect that the defendant "probably has cancer."  Even if this were true, it would be irrelevant to your decision on Counts Eight and Nine and you must disregard it in deciding those counts.

47.

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

48.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict as to each count, if any, must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

49.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.  It is important that you

United States District Court

For the Northern District of California

attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

50.

I will give you a verdict form to guide your deliberations.  However, you do not need to address the questions in the precise order listed.

51.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.  When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberation.

52.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

    1.     All of the exhibits received into evidence except for the artwork — if you wish to inspect the artwork, we will arrange for that in open court;

    2.     A work copy of these jury instructions for each of you;

    3.     A work copy of the verdict form for each of you; and

    4.     An official verdict form.

Remember that none of these items is evidence except the exhibits.

53.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

54.

A court security officer will be outside the jury room door during your deliberations.  If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more members of the

16

jury.  No member of the jury should ever attempt to communicate with me except by a signed writing via the court security officer, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

55.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M.  Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine.  The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M.  If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

56.

It is very important that you let the Clerk know via the court security officer in advance what hours you will be deliberating so that the lawyers and parties may be present in the courthouse at any time the jury is deliberating.

57.

You may only deliberate when all twelve of you are together.  This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case.  As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberations.

58.

Now, a word to our alternate jurors.  You will not be deliberating with the rest of the jury at the outset.  You are free to leave once the jury begins its deliberations.  You may be called in to replace one of the jurors.  Therefore, your responsibilities as an alternate remain in effect. This means you are not to discuss this case with anyone until you join the regular jury in

17

deliberations or until a verdict is returned and I expressly release you from service.  If it becomes

necessary to have you replace a juror, you will be asked to return to the court.  You will then be

sworn into the main jury and you and the rest of the jury will begin deliberations anew.  If you

are not needed, you will be notified as soon as the Court itself makes that determination.

We will pause for a moment now for our alternates to be escorted out — with our thanks.

59.

After all twelve of you have reached a unanimous agreement on a verdict, your

foreperson will fill in, date and sign the verdict form and advise the Court through the court

security officer that you have reached a verdict.  The foreperson should hold onto the filled-in

verdict form and bring it into the courtroom when the jury returns the verdict.  Thank you for

your careful attention.  The case is now in your hands.  You may now retire to the jury room and

begin your deliberations.

**IT IS SO ORDERED.**

Dated:  May 11, 2015.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                           No. CR 14-00306 WHA

        Plaintiff,

  v.                                              **VERDICT FORM**

LUKE D. BRUGNARA,

        Defendant.

_____/

    YOU MAY APPROACH THE FOLLOWING QUESTIONS IN ANY ORDER YOU WISH, BUT YOUR ANSWERS MUST BE **UNANIMOUS**.

    1.    Has the government proven beyond a reasonable doubt that defendant Luke Brugnara is guilty of wire fraud, in violation of 18 U.S.C. 1343, as charged in Count One of the indictment?

        Yes, Guilty _____    No, Not Guilty _____

    2.    Has the government proven beyond a reasonable doubt that defendant Luke Brugnara is guilty of wire fraud, in violation of 18 U.S.C. 1343, as charged in Count Two of the indictment?

        Yes, Guilty _____    No, Not Guilty _____

**United States District Court**
For the Northern District of California

3.      Has the government proven beyond a reasonable doubt that defendant Luke

Brugnara is guilty of wire fraud, in violation of 18 U.S.C. 1343, as charged in

Count Three of the indictment?


Yes, Guilty _____          No, Not Guilty _____


4.      Has the government proven beyond a reasonable doubt that defendant Luke

Brugnara is guilty of wire fraud, in violation of 18 U.S.C. 1343, as charged in

Count Four of the indictment?


Yes, Guilty _____          No, Not Guilty _____


5.      Has the government proven beyond a reasonable doubt that defendant Luke

Brugnara is guilty of mail fraud, in violation of 18 U.S.C. 1341, as charged in

Count Five of the indictment?


Yes, Guilty _____          No, Not Guilty _____


6.      Has the government proven beyond a reasonable doubt that defendant Luke

Brugnara is guilty of making a false declaration before the court, in violation of

18 U.S.C. 1623, as charged in Count Six of the indictment?


Yes, Guilty _____          No, Not Guilty _____

20

United States District Court

For the Northern District of California

7.      Has the government proven beyond a reasonable doubt that defendant Luke
Brugnara is guilty of making a false declaration before the court, in violation of
18 U.S.C. 1623, as charged in Count Seven of the indictment?


Yes, Guilty _____          No, Not Guilty _____


8.      Has the government proven beyond a reasonable doubt that defendant Luke
Brugnara is guilty of escape, in violation of 18 U.S.C. 751(a), as charged in
Count Eight of the indictment?


Yes, Guilty _____          No, Not Guilty _____


9.      Has the government proven beyond a reasonable doubt that defendant Luke
Brugnara is guilty of contempt of court, in violation of 18 U.S.C. 401(3), as
charged in Count Nine of the indictment?


Yes, Guilty _____          No, Not Guilty _____



*               *               *               *


When this form is completed, the jury foreperson should date and sign it and advise
the Court that you have reached a verdict.


Dated:                                           _____
                                                 FOREPERSON