IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUKE D. BRUGNARA,

    Defendant.

No. CR 14-00306 WHA

**MEMORANDUM OPINION RE DEFENDANT'S APPLICATIONS FOR FURTHER RULE 17 SUBPOENAS**

This memorandum opinion repeats and explains what was said on the record in denying defendant's eleventh-hour subpoena applications.

Defendant Luke Brugnara requested, two weeks into trial (and almost at the end of all evidence), that subpoenas to testify be issued to five new potential witnesses, all in New York. The first four subpoenas would have been served on Edith Eustis, Sian Foley, Julian Dawes, and "Mr. Niichel." These four are alleged art specialists at Sotheby's in New York, at least one of whom reviewed an email inquiry from defendant's then counsel, Erik Babcock, nine months after the events in question took place, and caused a template response to be sent back. The fifth proposed subpoena was for Tanya Wells, who works at Bonhams auction house in New York.

These subpoena applications were denied. It was (and remains) highly unlikely that these potential witnesses could have offered any relevant or admissible testimony. If defendant sought the Sotheby's witnesses in order to introduce the Sotheby's email response to Attorney Babcock's email, that testimony would have done no good, for the email response was inadmissable hearsay. If defendant sought these witnesses as experts to testify regarding the

authenticity or value of the art at issue, including Bonhams witness Tanya Wells, this expert designation was too late under Rule 16. If defendant wanted one of these witnesses to testify as an expert, he should have complied with Rule 16 long ago.

Equally important as to all, the value of the art has only tangential relevance to the entire case. It is not a defense to mail or wire fraud, as stated several times during trial, that the alleged victims were reciprocally trying to defraud the accused (assuming they were). If the victims in our case were trying to defraud the accused, the value of the art would have been relevant only to the extent it reflected on their credibility as witnesses at trial and even then the value would have been of very limited utility. Victim art dealer Rose Long clearly and specifically emailed the accused up front that the Degas bronze was a Valsuani. This fact was never hidden from the accused, but instead was touted. As a self-described art expert, the accused either knew or could easily have learned that a Valsuani was not an original work by Degas but at best a newly-minted bronze from one of his molds. In this regard, the worst thing that Rose Long could be accused of was charging much more for a Valsuani than some collectors or brokers might have been willing to pay, but that boils down to a mere difference of opinion regarding value, not the item itself.

Therefore, under FRE 403, the supposed evidence defendant sought would have proven little and would not have outweighed the expense and trial delay that would have resulted from the subpoenas being sent to witnesses in New York and waiting for them to travel and litigate motions for protective orders. The trial evidence came to an end the day after the Court ruled from the bench denying the subpoenas. Therefore, defendant's applications for Rule 17(a) subpoenas to be issued to Edith Eustis, Sian Foley, Julian Dawes, "Mr. Niichel," and Tanya Wells were **DENIED**.

Dated: May 13, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2