IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LUKE BRUGNARA,<br><br>　　　　Defendant.　　　　　　／ | No. CR 14-0306 WHA<br><br>**ORDER DENYING MOTION<br>FOR FURTHER COMPETENCY<br>EVALUATION** |

## INTRODUCTION

In this art fraud prosecution, the offender represented himself during a twelve-day trial and the jury convicted him on two counts of wire fraud, one count of mail fraud, one count of making false statements, one count of escape, and one count of contempt of court. The offender won an acquittal on three other counts. Most of the way through the sentencing hearing, defense counsel, who have represented the offender since the verdict, moved for a further competency evaluation. For the reasons stated below, defense counsel's motion is **DENIED**.

## STATEMENT

The facts of this case have been extensively described in the order denying the offender's motions for a new trial and for a judgment of acquittal (Dkt. No. 763). After a twelve-day trial, in which offender Luke Brugnara represented himself, a jury convicted him on six counts and acquitted him on three counts. After the verdict, CJA Attorneys George Boisseau and Dena Young came into the case to represent Brugnara for the duration of the proceedings. Several post-trial motions ensued over the five months between Brugnara's conviction and the filing of this motion, resulting in at least four separate, lengthy hearings prior to sentencing.

On October 8, at the end of a six-hour hearing on Brugnara's post-trial motions and the objections to the pre-sentence report, Brugnara insisted on speaking his mind (against the wishes of counsel) after sitting quietly for most of the proceeding. The hearing ended shortly thereafter. After the judge had returned to chambers, defense counsel requested that the hearing resume, whereupon defense counsel stated that they had doubts about the competency of the offender to assist counsel for the purposes of sentencing. A ruling then allowed counsel to file a formal motion for a further competency evaluation. This order follows briefing and oral argument.

## ANALYSIS

Whether to grant a motion to determine the mental competence of a defendant is governed by 18 U.S.C. 4241(a), which provides:

> The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

To be competent, all that is required is that a defendant have a "rational as well as factual understanding of the proceedings against him" and "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *United States v. Duncan*, 643 F.3d 1242, 1248 (9th Cir. 2011). The record raises a question if there is "substantial evidence" of a defendant's incompetence. *United States v. Dreyer*, 705 F.3d 951, 962 (9th Cir. 2013) (en banc).

Here, the Court has become very familiar with Brugnara and his personality over the course of more than three dozen hearings in the present case, a three-week jury trial in which the offender represented himself, and a multitude of hearings in the prior tax fraud case (Case No. 08-0222). Based on that direct experience, this order finds that there is no reasonable cause to believe that Brugnara is incompetent.

The very recent order denying the motions for a new trial and for a judgment of acquittal addressed Brugnara's mental competence at length (Dkt. No. 763 at 6–7, 28–30). In short, the order found that Brugnara's abrasive conduct (which he foreshadowed in a pre-trial jail call to his mother) "constituted a calculated, thought-out, consistently executed ploy, not a series of random acts caused by any incapacitating mental disease" (*id*. at 29). Moreover, at the *Faretta*

hearing, which spanned two days and lasted over four hours, the Court put Brugnara under oath and questioned him to determine his competence. A detailed order then found him competent (Dkt. No. 390).

Defense counsel's motion concedes that Brugnara understands the nature of the proceedings against him. The declaration of Dr. John Shields, submitted with defense counsel's motion, also acknowledges that "Mr. Brugnara is both bright, and that he understands the nature of the present proceedings" (Shields Decl. at 10). Instead, defense counsel and Dr. Shields submit that they "have doubts" as to whether Brugnara can rationally assist and cooperate with his attorney for the remainder of the present proceedings. They base this doubt on Brugnara's abrasive behavior in court, his frequent uninvited speeches against the wishes of counsel, his repeated lies, and his persistent claim that he is innocent.

As our court of appeals has stated: "Although the level of competency mandated by due process does not vary based on the specific stage of the criminal proceeding, the defendant's ability to participate or assist his counsel must be evaluated in light of the type of participation required." *Dreyer*, 705 F.3d at 962.

We have reached the stage wherein the degree of participation required has diminished. Trial is over. The motions for acquittal and a new trial have been decided. All objections to the pre-sentence report have largely been resolved. The parties have submitted their sentencing memoranda and the pre-sentence report is complete. What remains is a record-based decision, the sentencing argument itself. Any assistance Brugnara need provide to his counsel is much diminished. Moreover, Brugnara has a right to allocute. The Court is unpersuaded that the proceedings should be frozen to take a detour into the issue of Brugnara's competency.

Attorney Boisseau first became involved in this case during the *Faretta* hearing, described above and described in detail in the order denying the motion for a new trial (Dkt. No. 763). Attorney Boisseau stood beside Brugnara as the judge questioned him to ensure he voluntarily and knowingly waived his right to counsel. Brugnara spurned counsel at that time in favor of self-representation, but after conviction he accepted counsel. Attorney Boisseau began representing Brugnara one day after the jury handed down its verdict. He thus represented

Brugnara for almost five months before suggesting any doubt as to competency. During that time, Attorney Boisseau met with Brugnara on many occasions, filed a motion for a new trial on his behalf, filed a motion for a judgment of a acquittal on his behalf, responded to the third party motion for return of the art, submitted briefing regarding the loss amount for sentencing, procured an expert to examine and appraise the art at issue, and filed a supplemental motion for a new trial based on newly discovered evidence.

Moreover, Attorney Boisseau has stood beside and represented Brugnara at four lengthy hearings since his conviction, which took place on June 30 (hearing on Modernism's motion to return art), July 28 (continued hearing on Modernism's motion to return art), September 2 (evidentiary hearing regarding value of art), and October 8 (hearing on motions for new trial and for judgment of acquittal). At no point during those proceedings, up until Brugnara's remarks at the October 8 hearing, did Attorney Boisseau make any suggestion that Brugnara might be incompetent, such that he could not assist counsel in the preparation of his defense. Likewise, Dr. Shields evaluated Brugnara for thirteen hours before submitting his report in support of the defense's sentencing memorandum. Nevertheless, he expressed no doubts about Brugnara's competence in that report.

Brugnara further displayed his ability to rationally assist in his defense at the continuation of sentencing on October 14. Part of that hearing concerned whether Brugnara had made a death threat to a jail nurse several months earlier. In response, Brugnara told his counsel that another inmate had overheard his interaction with the nurse, and that the inmate's testimony would back up Brugnara's version of the story — that no death threat had been made. Defense counsel then sent their investigator to interview that inmate, who supported Brugnara's version of the story in the interview, and will testify at the next hearing on October 20. In this regard, Brugnara rationally, and most likely helpfully, assisted counsel in his defense. In addition, prior to the October 14 hearing, Brugnara submitted his own handwritten motion regarding sentencing, which has been made part of the record. This submission consisted of a plausibly written and cogent set of criticisms, demonstrating Brugnara's rational thought process.

4

Based on the lengthy record, and defense counsel's involvement in this case, the present motion appears to have been provoked by Brugnara's remarks near the end of the October 8 hearing. This recent speech, however, did not amount to a new or earth-shattering event. The Court has witnessed these many times before. In fact, defense counsel have also witnessed several interruptions by Brugnara during the five months they have represented the offender. All of these contained at least some information Brugnara believed the Court should know even if they were embedded in half-truths. The interruptions had a degree of rational plausibility. They did not reveal incoherence and incompetence so much as a rational strategy of bulling his way through difficult situations.

After the exhaustive *Faretta* hearing, an order found Brugnara to be competent. Six months later, on another occasion, an order on the motion for a new trial discussed Brugnara's mental competence at length and found his competence to be intact. Specifically in regards to Brugnara's ability to assist in his defense, that order discussed that while he represented himself, Brugnara "filed several motions *in limine*, requested subpoenas be served, opposed the government's motions *in limine*, and competently argued several issues at the pre-trial conference" (Dkt No. 763 at 7).

Once again, the Court finds, based on the hundreds of hours spent with Brugnara since he first appeared before the undersigned judge in 2008, that Brugnara was and remains competent to rationally assist counsel in his defense. Defense counsel have not provided anything new that would constitute reasonable cause to conclude otherwise. We will proceed to complete the sentencing.

**CONCLUSION**

For the reasons stated herein, defense counsel's motion for a further competency hearing is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 19, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE