IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LUKE D. BRUGNARA,

    Defendant.

No. CR 14-00306 WHA

**ORDER DISMISSING SECTION 2255 PETITION**

*Pro se* defendant Luke Brugnara moved to vacate, set aside, or correct his sentence on the basis of ineffective assistance of pre- and post-trial counsel (Dkt. No. 829). An order directed the government to show cause why defendant's motion should not be granted (Dkt. No. 831). In response, the government moved to dismiss defendant's motion on the grounds that defendant continues to pursue direct appeals, and accordingly, his habeas petition is premature (Dkt. No. 833). Indeed, defendant has continued to appeal his conviction, and currently has a petition for a writ of certiorari pending before the United States Supreme Court (Dkt. No. 838).

"A district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court." *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987); *see also United States v. LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005) ("[U]ntil direct appellate review is exhausted the district court may not entertain a motion for habeas relief."). "The reason for this rule is that 'disposition of the appeal may render the [habeas corpus writ] unnecessary.'" *Feldman*, 815 F.3d at 1320 (quoting *United States v. Black*, 269 F.2d 38, 41 (9th Cir. 1959)).

Because defendant is still in the process of pursuing his direct appeal, his habeas petition is premature. Contrary to defendant's assertions, no "extraordinary circumstances" warrant "immediate adjudication" of his Section 2255 motion (*see* Dkt. No. 834 at 2). Accordingly, his Section 2255 petition is **DENIED** without prejudice to renewal should the need arise once he has exhausted his direct appeals.

**IT IS SO ORDERED.**

Dated: October 23, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE