IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

LUKE D. BRUGNARA,

Defendant.

No. CR 14-00306 WHA

**ORDER DENYING SECTION 2255 PETITION**

## INTRODUCTION

Defendant, proceeding *pro se*, moves to vacate, set aside, or correct his sentence under Section 2255 of Title 28 of the United States Code. The government opposes. For the reasons herein, the defendant's motion is **DENIED**.

## STATEMENT

A June 2014 indictment charged defendant Luke Brugnara with mail fraud. Initially, Federal Public Defender Brandon LeBlanc represented defendant in this case. But as a result of defendant's statements at a hearing on his violation of the terms of his supervised release, Attorney LeBlanc withdrew as counsel because he had become a potential witness (to those very statements). Attorney Eric Babcock replaced Attorney LeBlanc and made his appearance in July 2014. Also in July 2014, the grand jury returned a superseding indictment charging defendant with multiple counts of mail fraud and false declarations before a court (Dkt. Nos. 9, 23, 42, 50).

After several continuances to allow Attorney Babock time to effectively prepare, trial was set for February 26, 2015. On February 5, however, defendant escaped from the federal building where he had been furloughed to meet with Attorney Babcock to prepare for trial. Now also a potential witness in this case, Attorney Babcock had to withdraw. Attorney Jeffrey Bornstein temporarily replaced Attorney Babcock but due to antagonistic conflicts with defendant he withdrew only a week later (Dkt. Nos. 298, 333, 341, 353).

In March 2015, a grand jury returned a second superceding indictment, this time adding additional charges of wire fraud, escape, and contempt. After the Court offered to appoint defendant new counsel and continue the trial date, defendant requested a *Faretta* hearing, ultimately electing to proceed to trial *pro se* and to maintain an April 2015 trial date. Following a two-day *Faretta* hearing, an order found that defendant unequivocally and voluntarily waived his right to a lawyer and unequivocally and voluntarily exercised his constitutional right to represent himself. The order concluded that defendant understood the consequences of his decision and was mentally competent to make the decision. Even so, the undersigned judge appointed two CJA attorneys, Attorney James Stevens and Attorney Richard Tamor, to serve as advisory counsel (Dkt. Nos. 348, 366, 377, 387, 390).

Trial began on April 27, 2015. After a twelve-day trial, a jury convicted defendant of two counts of wire fraud, one count of mail fraud, one count of false declarations before a court, one count of escape, and one count of contempt (but acquitted on two counts of wire fraud and one count of false declarations before a court). The Court later sentenced defendant to 84 months imprisonment (Dkt. Nos. 631, 791).

After trial, at defendant's request, an order appointed Attorneys George Boisseau and Dena Young to represent defendant for the remainder of the case and for all purposes. When defendant later requested to again proceed *pro se*, an order held that defendant had forfeited his right to represent himself as a result of his misconduct (Dkt. Nos. 636, 639, 684).

After a further order denied defendant's motions for a judgment of acquittal and for a new trial, defendant (through counsel) timely filed a notice of appeal. Our court of appeals affirmed the judgment. Defendant, again proceeding *pro so*, now moves to vacate his

conviction and judgment (Dkt. Nos. 694, 695, 792). This order follows full briefing as well as several addendums and supplements filed by defendant.

**ANALYSIS**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed the sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under Section 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious influence on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Here, defendant's petition raises claims of ineffective assistance of counsel and actual innocence.

**1. INEFFECTIVE ASSISTANCE OF COUNSEL.**

To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient under the standards of reasonable lawyering, *i.e.*, it "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

As to the first prong, there is a "strong presumption that counsel's performance [fell] within the wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Performance will fall outside the range of acceptable professional assistance if it falls below "an objective standard of reasonableness," as determined by the prevailing professional norms. *Strickland*, 466 U.S. at 687–88. To prove prejudice under the second prong, a "reasonable probability" is considered to be a probability sufficient to undermine confidence in the outcome. *Id.* at 694. Where possible, the Supreme Court has recommended analysis of ineffective assistance of counsel claims based on the second prong, stating "[t]he object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an

3

ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

### A. Attorney Babcock.

Defendant raises several complaints regarding Attorney Babcock's representation during pretrial proceedings. His claim that Attorney Babcock "greenlighted" defendant's escape from the federal building is "palpably incredible." *See United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011). The security video showed Attorney Babcock did no such thing. Defendant has lied so many times in these proceedings that wild accusations like this litter the record. Regardless, defendant's claim is irrelevant to whether or not he received effective assistance of counsel during the trial and instead concerns factual circumstances of the offense which defendant declined to address at trial.

Defendant's remaining claims as to Attorney Babcock's representation — that he failed to adequately prepare for trial or subpoena trial witnesses, did not meet with defendant often enough and declined his calls, and filed "unusual" pretrial motions — all fail because defendant cannot demonstrate a reasonable probability that the outcome would have been different but for counsel's allegedly deficient performance. Moreover, after Attorney Babcock had to withdraw as a potential witness to defendant's escape from the federal building, defendant chose to proceed to trial *pro se*, declining the appointment of experienced counsel and demanding an almost immediate trial. Having elected to represent himself at trial and proceed with the next-available trial date, he cannot now claim prejudice from errors in Attorney Babcock's pre-trial representation. To do so would allow defendant to impermissibly seek reversal of his conviction based on his own errors. *See Faretta v. California*, 422 U.S. 806, 834 (1975).

### B. Attorneys Boisseau and Young.

Defendant also raises ineffective assistance of counsel claims as to his post-trial and appellate representation. *First*, defendant claims that Attorney Boisseau's representation during post-trial proceedings and sentencing was ineffective because he failed to "obtain post-trial proof that the 'art' in Brugnara's case was indeed worthless forgeries" or otherwise make arguments as to the value of the artwork, instead focusing on claims that defendant was

4

mentally ill. Defendant's argument that Attorney Boisseau failed to address the value of the artwork is demonstrably false. Attorney Boisseau repeatedly argued in post-trial filings and at sentencing that the art lacked value. As just one example, in defendant's supplemental briefing in support of his motion for a new trial, Attorney Boisseau requested "a new trial based on 'new' evidence previously undiscovered by the defense which shows that most the artwork in question in this case is virtually worthless, probably 'fake,' and certainly worth far less than the $11 million price tag put on it by the 'victims'" (Dkt. No. 731 at 1). With respect to sentencing, on multiple occasions Attorney Boisseau addressed the authenticity and value of the artwork at issue (Dkt. Nos. 733, 739, 748, 751).

*Second*, although unclear, defendant appears to argue that his appellate counsel was ineffective for failing to argue that his Sentencing Guideline range was incorrectly calculated based on a "CONDITIONAL valuation of an appraisal." Not so. The Court held an evidentiary hearing regarding the value of the art and fully considered a wealth of information on the subject. To the extent Attorneys Boisseau and Young did not advance the argument now asserted by defendant, it was not prejudicial.

*Third*, defendant claims that Attorney Boisseau was ineffective because he failed to argue, based on *United States v. Wynder*, 659 Fed. App'x 761 (5th Cir. 2016), that the summary contempt citations imposed on defendant should be reversed because defendant did not have the "opportunity to explain/allocute why the incident occurred." This argument is meritless. Even if defendant's interpretation of *Wynder* (which is non-binding) accurately reflected the law in this circuit, defendant received innumerable warnings and admonitions regarding his conduct.

*Fourth*, defendant argues that his counsel should have argued that he "did NOT commit fraud." But Attorneys Boisseau and Young did raise this argument. Following trial, Attorney Boisseau moved for a judgment of acquittal on the wire fraud counts and specifically argued that the initial contact between the parties was made by Rose Long (Dkt. No. 694). On appeal, Attorney Young again argued that there was insufficient evidence to support defendant's fraud convictions. To the extent Attorneys Boisseau and Young did not raise any of the specific arguments regarding innocence that defendant lists on his petition, it was not prejudicial.

5

Defendant's remaining claims — that Attorneys Boisseau and Young failed to argue that (a) the contempt citations resulted from "total confusion" following personnel at the county jail putting defendant's legal materials into bags when they moved him to a different facility, (b) a juror lied by failing to disclose a prior arrest and therefore was impartial, (c) the artwork at issue was worth less than $5,000, (d) defendant's motions for a "mistrial/continuance" in May 2015 were denied, (e) our court of appeals incorrectly found that defendant "did not seek valuation of the art until after trial," (f) the Court erroneously denied defendant's request for certain Rule 17(c) subpoenas, and (g) the undersigned judge should have been recused from defendant's case — also fail. These claims are either flatly contradicted by the record or there is no reasonable probability that the outcome would have been different but for counsel's allegedly deficient performance.

### 2. ACTUAL INNOCENCE.

Defendant claims that he is innocent and did not commit fraud. Although a claim of actual innocence is cognizable under Section 2255, a defendant must "affirmatively prove that he is probably innocent" *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997). The evidence of defendant's guilt remains overwhelming. As was affirmed by our court of appeals, sufficient evidence supported defendant's convictions for wire fraud and mail fraud. *United States v. Brugnara*, 856 F.3d 1198, 1208 (9th Cir. 2017). Nothing in defendant's current motion "affirmatively prove[s]" otherwise.

### 3. REMAINING CLAIMS.

Defendant has filed several addendums and supplements to his Section 2255 petition. In these filings, defendant alleges that the Bureau of Prisons ("BOP") has wrongfully revoked his good-time and RDAP credits after a disciplinary infraction and transferred him to a facility in Texas in retaliation for this petition. Defendant also claims that he has been mistreated by BOP staff.

An earlier order already denied defendant's request to transfer him from his current BOP facility. As that order explained, the BOP has the discretion to place an inmate into "any available penal or correctional facility that meets minimum standards of health and habitability

established by the Bureau." 18 U.S.C. § 3621(b). The district court therefore does not have jurisdiction to select where defendant's sentence will be served. Similarly, defendant's claim that he was wrongfully expelled from RDAP, as well as his request for reinstatement into RDAP and for a twelve-month reduction in his sentence, are matters properly left to the BOP's discretion. *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

With respect to defendant's claims regarding his good time credits, "[h]abeas corpus jurisdiction is available under 28 U.S.C. section 2241 for a prisoner's claims that he has been denied good time credits without due process of law." *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (citation omitted). Here, however, defendant has not alleged facts or submitted evidence pointing to a real possibility of constitutional error. The mere fact that defendant claims to be innocent of the disciplinary infraction is not a sufficient basis on which to claim entitlement to habeas relief. Moreover, a civil rights action, not the instant habeas petition, is "the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal citations omitted).

## CONCLUSION

For the reasons stated above, defendant's Section 2255 motion is **DENIED**. Defendant's requests for an evidentiary hearing and for the issuance of Rule 17 subpoenas are also **DENIED**. Rule 11(a) of the Rules Governing Section 2255 Proceedings require a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Defendant has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

**IT IS SO ORDERED.**

Dated: December 20, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7