**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-15018 |
| Plaintiff-Appellee, | D.C. Nos.   3:17-cv-03796-WHA |
| v. | 3:14-cr-00306-WHA-1 |
| LUKE D. BRUGNARA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted February 4, 2020**

Before:   FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Federal prisoner Luke D. Brugnara appeals pro se from the district court's order denying his 28 U.S.C. § 2255 motion and 28 U.S.C. § 2241 habeas petition. By our order of June 27, 2019, this appeal is limited to the narrow issue of "the district court's denial of the claims challenging actions of the Bureau of Prisons in

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

connection with disciplinary proceedings and calculation of good time credit" under section 2241. We have jurisdiction under 28 U.S.C. § 1291, and we may affirm on any basis supported by the record. *See Bonin v. Calderon*, 59 F.3d 815, 823 (9th Cir. 1995). Reviewing de novo, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 60 (2019), we affirm.

The record reflects that Brugnara was not housed in the Northern District of California when he filed his petition. Because petitions brought under section 2241 must be heard in the defendant's custodial court, the district court lacked jurisdiction to consider Brugnara's claims arising under § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). We, therefore, affirm the denial of relief.

Brugnara also contends on appeal that the Bureau of Prisons has violated the First Step Act in a number of respects in relation to his sentence. These claims are not properly before this court because Brugnara failed to raise them in the district court until after issuance of the only order on appeal here. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

All pending motions are denied.

**AFFIRMED.**