RANDY SUE POLLOCK
Attorney at Law (CSBN 64493)
286 Santa Clara Avenue
Oakland, CA 94610
Telephone: (510) 763-9967
Facsimile: (510) 380-6551
rsp@rspollocklaw.com

Attorney for Defendant
LUKE D. BRUGNARA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. CR14-00306-WHA |
|---|---|
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO RETURN PROPERTY** |
| vs. | |
| LUKE D. BRUGNARA, | |
| Defendant. | Date:  November 2, 2021<br>Time:  2 p.m.<br>Ctrm: HON. WILLIAM ALSUP |

TO: UNITED STATES OF AMERICA, PLAINTIFF; STEPHANIE HINDS, UNITED STATES ATTORNEY; AND LEIF DAUTCH, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that defendant Luke Brugnara hereby moves this Court for an order requiring the U.S. Probation Office to return to Mr. Brugnara's the cellular telephone that was seized from him on October 18, 2021.

The motion is based on this notice and motion, the following memorandum of points and authorities and accompanying exhibits, Rule 41(g) of the Federal Rules of Criminal Procedure, all other applicable constitutional, statutory, and case authority, and such evidence and argument as

may be presented at the hearing of this motion.

**INTRODUCTION**

On October 18, 2021, Mr. Brugnara was arrested at the United States Probation Office after voluntarily appearing there with his counsel for a meeting with Probation Officer Octavio Magana. When the USM was placing Mr. Brugnara in handcuffs counsel advised him to allow the USM to put his cell phone and identification in his property. After speaking with Mr. Brugnara in lockup counsel asked the USM for Mr. Brugnara's cell phone. Counsel was told that probation had it. Counsel returned to the U.S. Probation Office and asked Mr. Magana to return it. He declined and he was then advised by counsel that he did not have authority to seize it or to search it.

Mr. Brugnara's special supervised release condition No. 8 reads as follows:
> "The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, **based upon reasonable suspicion of contraband or evidence of a violation of a condition of Release…**" (Dkt. No. 787, filed 10/21/2015).

On October 19, 2021, United States Probation Officer Jennifer Hutchings submitted to this Court a REQUEST TO SEARCH CELL PHONE. In that request probation acknowledged that Mr. Brugnara's search condition does **not** include electronics. Rather than articulating any facts that would constitute "reasonable suspicion of contraband or evidence of a violation of a condition of release," Officer Hutchings sought permission to search Mr. Brugnara's cell phone based solely "on the nature of the violations". (Dkt. No. 949). That request without any support was signed by this Court on October 19th.

Mr. Brugnara has not yet appeared in Court on this new Form 12 violation. The Court order authorizing the search of his phone was done *ex parte* without any legal justification. Accordingly, counsel objects to the Probation Officer seizing the cellphone and to the search of the cellphone. Accordingly, Mr. Brugnara respectfully requests that the Court order the return of his property forthwith. Mr. Brugnara's appearance in magistrate court was vacated on October 19th so this is his first opportunity to object to the seizure of the phone and to seek its return.

# ARGUMENT

The seized cell phone should be returned to Mr. Brugnara forthwith. Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The probation officers had no authority to seize this device and the continued possession of the device is unreasonable. Moreover, the probation officer has no authority to search this device.

The search condition imposed by this Court did not provide for the search of electronic devices. It did not allow the probation officer to seize the cellphone, hold onto it or search it without a warrant. Indeed, when it is appropriate and warranted by a defendant's particular conduct, there is an expanded search condition regularly imposed in this District that does provide for a search of electronic devices. That condition provides as follows:

> You shall submit your person, residence, office, vehicle, **electronic devices, and their data (including cell phones, computers, and electronic storage media),** or any property under your control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; you shall warn any residents that the premises may be subject to searches.

*See e.g., United States v. Faafiu*, CR 17-321 WHA, Doc. 55, Judgment (imposing heightened search condition including search of electronic devices where defendant was found to have possessed numerous photographs and videos on his phone of firearms and children possessing or near firearms).

Mr. Brugnara was not subject to that search condition. Nor was any modification of his conditions of supervised release ever sought to add that condition if the probation officer fairly and reasonably believed that it was necessary and appropriate under the law and circumstances. Probation cannot just say, without any articulation of facts, that the nature of the violations justifies a search. Their request to search Mr. Brugnara's cell phone is a fishing expedition that is not authorized under the Fourth Amendment. As there was no authority to seize, search, or maintain Mr. Brugnara's phone, it must be returned to him forthwith.

**CONCLUSION**

For the foregoing reasons, Mr. Brugnara respectfully requests that this Court order that the Probation Officer return his cellphone forthwith.

Dated: October 19, 2021

Respectfully submitted,

/s/ Randy Sue Pollock
RANDY SUE POLLOCK
Counsel for Defendant LUKE BRUGNARA